IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

NAM THAI, As Next Friend of LOAN
THAI, Minor Child of Germanie Thai,
Deceased
      Plaintiffs

LUZ GLORIA MAHECHA DE BERRETO,
As Next Friend of CAMILLA MARIA
VALENTINO MEDELLIN, Minor Child of
David Luis Felipe Medellin, Deceased, and
As Personal Representative of the ESTATE
OF DAVID LUIS FELIPE MEDELLIN
      Plaintiffs

NORRISON FABER ZAPATA, Individually
and As Next Friend of STEFANIA ZAPATA
and SANTIAGO ZAPATA, Minor Children
of Claudia Rodriguez-Marin, Deceased and
As Personal Representative of the ESTATE
OF CLAUDIA RODRIGUEZ-MARIN
      Plaintiffs

KIEU OANH LAM and THONG LAM,
Individually and as Personal Representative
of the Estate of SON T. LAM, Deceased, and
BOUNMA THAMMAVONG, Individually
and as Next Friend of DANNY NGUYEN
and ALEX THAMMAVONG, Minor
Children of VAHN THAMMAVONG,
Deceased and As Personal Representative of
the ESTATE OF VAN THAMMAVONG
and NOY KHOUNSAVNH, Individually and
as Next Friend of MALDINI
KHOUNSAVANH, Minor Children of
GERMANIE THAI, Deceased
      Intervenors

V.

ESTATE OF MAURICIO PONCE
GUTIERREZ, CON-WAY
TRANSPORTATION SERVICES, INC.
d/b/a CON-WAY SOUTHERN EXPRESS,
and KYOTTO DERON KEENAN
      Defendants

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

United States District Court
Southern District of Texas
FILED

APR 2 4 2002

Michael N. Milby
Clerk of Court

CIVIL ACTION

NO. **B-02-083**

*Removed from the 107th Judicial District Court*
*Cameron County, Texas*
*State Cause No. 2001-10-4445-A*

## LIST OF ALL PLAINTIFFS/INTERVENORS

*(Attachment to Form JS-44)*

**PLAINTIFFS**

NAM THAI, As Next Friend of LOAN THAI,
Minor Child of Germanie Thai, Deceased

LUZ GLORIA MAHECHA DE BERRETO,
As Next Friend of CAMILLA MARIA VALENTINO MEDELLIN,
Minor Child of David Luis Felipe Medellin, Deceased, and As
Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN

NORRISON FABER ZAPATA, Individually and As Next Friend of STEFANIA ZAPATA and
SANTIAGO ZAPATA, Minor Children of Claudia Rodriguez-Marin, Deceased and As Personal
Representative of the ESTATE OF CLAUDIA RODRIGUEZ-MARIN

**INTERVENORS**

KIEU OANH LAM and THONG LAM, Individually and as Personal Representative of the Estate of
SON T. LAM, Deceased, and BOUNMA THAMMAVONG, Individually and as Next Friend of
DANNY NGUYEN and ALEX THAMMAVONG, Minor Children of VAHN THAMMAVONG,
Deceased and As Personal Representative of the ESTATE OF VAN THAMMAVONG and NOY
KHOUNSAVNH, Individually and as Next Friend of MALDINI KHOUNSAVANH, Minor
Children of GERMANIE THAI, Deceased

**ATTORNEYS FOR *PLAINTIFF* NAM THAI:**
Joseph A. (Tony) Rodriguez
State Bar No. 17146600
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

D. Craig Olivier
State Bar No. 15268300
OLIVIER & MUNDY, L.L.P.
1414 W. Clay
Houston, Texas I77019
Telephone: (713) 751-1818
Facsimile: (713) 751-1817

**ATTORNEYS FOR *PLAINTIFFS* LUZ GLORIA MAHECHA de BERRETO,**
**NORRISON FABER ZAPATA:**
Joseph A. (Tony) Rodriguez
State Bar No. 17146600
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

Dick James
SC Bar No. 008535
THE DICK JAMES LAW FIRM
611 North Main Street
Greenville, SC 29601
Telephone: (800) 988-9898
Facsimile: (864) 298-0057

B. Allen Clardy, Jr.
SC Bar No. 8853
William A. Jordan
SC Bar No. 3226
JORDAN & CLARDY, L.L.C.
667 North Academy Street
Greenville, SC 29601
Telephone (864) 235-0147
Facsimile (864) 467-9349

## ATTORNEYS FOR *INTERVENORS* KIEU OANH LAM AND THONG LAM; BOUNMA THAMMAVONG; NOY KOUNSAVANH:

Richard P. Verlasky
Cal. Bar No. 048811
Texas Bar No. 110711
BIRGER, GREG & BACINO
3033 Fifth Avenue, Suite 301
San Diego, CA 92103
Telephone: (800) 801-4878

## ATTORNEYS FOR *DEFENDANT* PONCE:

Larry W. Lawrence, Jr.
State Bar No. 00794195
LAWRENCE LAW FIRM
One Park Place, Suite 680
McAllen, TX 78503
Telephone: (56) 994-0057
Facsimile: (956) 994-0741

## List of All Counsel of Record

*(Attachment to Form JS-44)*

| Attorneys For Defendants | Attorneys For Plaintiffs |
|---|---|
| Edward F. Valdespino<br>Cyrus F. Rea<br>Strasburger & Price, L.L.P.<br>300 Convent Street, Suite 900<br>San Antonio, Texas<br>Telephone: (210) 250-6000<br><br>Mark S. Scudder<br>Strasburger & Price, L.L.P.<br>901 Main Street, Suite 4300<br>Dallas, Texas 75202<br>Telephone: (214) 651-4300<br>**Attorneys for Defendant<br>Con-Way Transportation Services,<br>Inc. d/b/a Con-Way Southern Express,<br>and<br>Kyotto Deron Keenan, Subject to His<br>Special Appearance and Without<br>Waiving His<br>Objection to Personal Jurisdiction**<br><br>Larry W. Lawrence, Jr.<br>Lawrence Law Firm<br>One Park Place, Suite 680<br>McAllen, Texas 78503<br>Telephone: (956) 994-0057<br>**Attorneys for Estate of Mauricio Ponce<br>Gutierrez** | Dick James<br>611 N. Main Street<br>Greenville, South Carolina 29601<br>Telephone: 1-800-988-9898<br><br>B. Allen Clardy, Jr.<br>William A. Jordan<br>667 N. Academy Street<br>Greenville, South Carolina 29601<br>Telephone: (864) 235-0147<br><br>D. Craig Olivier<br>Dennis R. Mundy<br>Oliver & Mundy, L.L.P.<br>1414 W. Clay<br>Houston, Texas 77019<br>Telephone: (713) 751-1818<br><br>Joseph A. Rodriguez<br>Rodriguez, Colvin & Chaney, L.L.P.<br>P.O. Box 2155<br>Brownsville, Texas 78522<br>Telephone: (956) 542-7441<br><br>Birger Greg Bacino<br>Richard P. Verlasky<br>3033 Fifth Avenue, Suite 301<br>San Diego, California 92103<br>Telephone: 1-800-801-4878<br>**Attorneys for Plaintiffs/Intervenors** |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS ("CON-WAY") files this Notice of Removal pursuant to 28 U.S.C. § 1331, 1332, 1441, and 1446, and states in support thereof:

1. ***Removed Action.*** The removed action is Cause No. 2001-10-4445-A in the 107th Judicial District Court, Cameron County, Texas, otherwise styled as shown above. The Plaintiffs seek personal injury and wrongful death damages allegedly arising from a motor vehicle accident occurring in the State of South Carolina. As discussed below, the removed action has no legitimate connection with the State of Texas. Moreover, the federal court properly has jurisdiction over this matter, due to the diversity of the parties.

2. ***Parties/Background.*** This action stems from a motor vehicle accident that occurred in South Carolina.

    2.1 ***Plaintiffs and Interveners.*** Plaintiffs and Interveners fall into three categories: 1) persons allegedly injured in the motor vehicle accident that is the subject of this litigation; 2) representatives of persons allegedly killed in such motor vehicle accident; and 3) survival claimants. All of the Plaintiffs and Interveners and their decedents are alleged to reside in Colombia or the State of Georgia. Specifically, to the best of the undersigned's knowledge and according to his information and belief, the citizenship and residency of Plaintiffs and Interveners are as follows:

2

| Name of Plaintiff/Intervener | Citizenship/Residency |
|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased | LOAN THAI is a citizen and resident of the State of Georgia. So, too, for purposes of diversity, is NAM THAI. *See* 28 USC § 1332(c)(2). |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VALENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased | CAMILLA MARIA VALENTINO MEDELLIN is a citizen and resident of Columbia. So, too, for purposes of diversity, is LUZ GLORIA MAHECHA DE BERRETO. *See* 28 USC § 1332(c)(2). |
| LUZ GLORIA MAHECHA DE BERRETO, As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN | The ESTATE OF DAVID LUIS FELIPE MEDELLIN is a citizen of Columbia. So, too, for purposes of diversity, is LUZ GLORIA MAHECHA DE BERRETO. *See* 28 USC § 1332(c)(2). |
| NORRISON FABER ZAPATA, Individually | NORRISON FABER ZAPATA is a citizen of Columbia |
| NORRISON FABER ZAPATA, As Next Friend of STEFANIA ZAPATA and SANTIAGO ZAPATA, Minor Children of Claudia Rodriguez-Marin, Deceased | STEFANIA ZAPATA and SANTIAGO ZAPATA are citizens of Columbia. So, too, for purposes of diversity, is NORRISON FABER ZAPATA. *See* 28 USC § 1332(c)(2). |
| NORRISON FABER ZAPATA, As Personal Representative of the ESTATE OF CLAUDIA RODRIGUEZ-MARIN | The ESTATE OF CLAUDIA RODRIGUEZ-MARIN is a citizen of Columbia. So, too, for purposes of diversity, is NORRISON FABER ZAPATA. *See* 28 USC § 1332(c)(2). |
| KIEU OANH LAM, Individually | KIEU OANH LAM is a citizen of the State of Georgia. |
| THONG LAM, Individually | THONG LAM is a citizen of the State of Georgia. |
| KIEU OANH LAM and THONG LAM, as Personal Representatives of the Estate of SON T. LAM, Deceased | The ESTATE OF SON T. LAM is a citizen of the State of Georgia. So, too, for purposes of diversity, is KIEU OANH LAM and THONG LAM. See 28 USC § 1332(c)(2). |
| BOUNMA THAMMAVONG, Individually | BOUNMA THAMMAVONG is a citizen of the State of Georgia. |

3

| | |
|---|---|
| BOUNMA THAMMAVONG, as Next Friend of DANNY NGUYEN and ALEX THAMMAVONG, Minor Children of VANH THAMMAVONG, Deceased | DANNY NGUYEN and ALEX THAMMAVONG are citizens of the State of Georgia. So, too, for purposes of diversity, is BOUNMA THAMMAVONG. *See* 28 USC § 1332(c)(2). |
| BOUNMA THAMMAVONG, As Personal Representative of the ESTATE OF VAN THAMMAVONG | The ESTATE OF VAN THAMMAVONG is a citizen of the State of Georgia. So, too, for purposes of diversity, is BOUNMA THAMMAVONG. *See* 28 USC § 1332(c)(2). |
| NOY KHOUNSAVNH, Individually | NOY KHOUNSAVNH is a citizen of the State of Georgia. |
| NOY KHOUNSAVNH, as Next Friend of MALDINI KHOUNSAVANH, Minor Children of GERMANIE THAI, Deceased | MALDINI KHOUNSAVANH is a citizen of the State of Georgia. So, too, for purposes of diversity, is NOY KHOUNSAVNH. *See* 28 USC § 1332(c)(2). |

**2.2    *Defendants.*** Three (3) Defendants have been named: (1) CON-WAY; (2) KYOTTO DERON KEENAN; and (3) the ESTATE OF MAURICIO PONCE GUTIERREZ. It is the contention of CON-WAY that Defendants KEENAN and the ESTATE have been fraudulently joined. In regard to the ESTATE, CON-WAY more specifically argues below that no personal representative has been duly appointed to represent the ESTATE, and its presence in this lawsuit is improper and, more generally, the ESTATE at this point in time is simply not a legal entity.

Subject to and without waiving these arguments, the purported citizenship of the Defendants is as follows:

(a)    CON-WAY is a Delaware corporation with its principal place of business in the State of Michigan. Pursuant to 28 USC § 1332(c)(1), CON-WAY, for purposes of diversity analysis, is deemed to be a citizen of the State of Michigan.

(b)    Defendant KYOTTO DERON KEENAN is alleged to be a citizen of the State of Georgia.

4

(c)    The citizenship of an estate is that of the decedent. 28 USC § 1332(c)(2). In this case, the decedent MAURICIO PONCE GUTIERREZ is a citizen of the State of Florida.

**3.**    ***Jurisdiction.*** This Court has jurisdiction over this matter pursuant to 28 USC § 1332: Diversity of Citizenship. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. Removal is proper under 28 USC § 1441(b) in that none of the parties-in-interest properly joined and served as a Defendant is a citizen of the State in which this action is brought; namely, the State of Texas.

**3.1**    ***Fraudulent Joinder.*** Plaintiffs allege Defendant KYOTTO DERON KEENAN is a citizen of the State of Georgia. Nevertheless, complete diversity still exists due to the fact that Defendant KEENAN has been fraudulently joined. The Plaintiffs and Intervenors have joined Defendant KEENAN, even though they have no possibility of recovery against him; consequently, the Court may disregard Defendant KEENAN's citizenship when considering whether diversity exists. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992). Fraudulent joinder exists when:

(a)    there is an outright fraud in the plaintiff's recitation of jurisdictional facts;

(b)    there is no possibility the plaintiff will be able to establish a cause of action against the non-diverse defendant in State court; or

(c)    the diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability; and

(d)    the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998); *Madison v. Vintage Pet., Inc.*, 114 F3d 514, 516 (5th Cir. 1997).

Element (b) applies in this case. Defendant KEENAN has made a Special Appearance in the State Court. *See* DEFENDANT KEENAN'S SPECIAL APPEARANCE. As stated in the SPECIAL

5

APPEARANCE, Defendant KEENAN has absolutely no connection whatsoever to the State of Texas and, as a matter of law, no court in Texas has personal jurisdiction over him. *Id.* Without this personal jurisdiction, there is no possibility the Plaintiffs or Intervenors will be able to establish a cause of action against him in the State Court. In *Villar v. Crowley Maritime Corp.,* the Fifth Circuit recognized that a defendant over whom the State courts lack personal jurisdiction ought be considered fraudulently joined for purposes of the diversity analysis. *Id.,* 990 F.2d 1489, 1494-96 (5th Cir. 1993).[1] Accordingly, for the purposes of diversity, the citizenship of Defendant KEENAN is irrelevant.

        **3.2** *No Defendant is a Citizen of Texas.* Disregarding Defendant KEENAN, the citizenship of the remaining Defendants is of the States of Michigan and Florida. None of the Plaintiffs or Interveners are citizens of these two States and, obviously, neither CON-WAY nor the ESTATE OF MAURICIO PONCE GUTIERREZ are deemed to be citizens of the State of Texas, thus satisfying 28 USC § 1441(b) ("An action shall be removable if none of the parties-in-interest properly joined and served as defendants is a citizen of the State in which such action is brought.")

        **4.** *Joinder of All Necessary Defendants.* The Removal Statute requires only <u>served</u> Defendants to join in the Removal. 28 USC § 1441(b). Subject to his Special Appearance and without waiving his objections to personal jurisdiction, Defendant KEENAN consents to this removal. It should also be pointed out that as a fraudulently-joined Defendant, his consent is not necessary in any case.

---

    [1]To the extent that *Villar* held a District Court could hear a Motion to Dismiss based on lack of jurisdiction prior to a Motion to Remand, the opinion was "abrogated" by *Marathon Oil Co. v. A.D. Ruhrgas,* 145 F.3rd 211 (5th Cir. 1998). However, a year later, the Supreme Court of the United States reversed *Marathon Oil Co.* and, implicitly, reinstituted the holding and reasoning of *Villar. See Ruhrgas A.D. v. Marathon Oil Co.,* 526 U.S. 574 (1999).

It is also CON-WAY's contention that the consent of its co-Defendant, THE ESTATE OF MAURICIO PONCE GUTIERREZ, is not necessary as it has been fraudulently joined, as more specifically set forth below:

### 4.1    The ESTATE OF MAURICIO PONCE GUTIERREZ has been Fraudulently Joined.

The elements of fraudulent joinder have been set forth above. CON-WAY directs the Court's attention, once again, to element (b). Because an estate of a decedent is not a legal entity, a suit by or against an estate must be brought in the name of his legal representative. *Henson v. Estate of Crowe*, 734 S.W.2d 648, 649 (Tex. 1997); *see Estate of C.N. v. S.G.*, 937 S.W.2d 8, 10 (Tex. App.–Houston [14th Dist.] 1996, no writ) (appeal against the estate dismissed on principle). No grant of Letters Testamentary or Letters of Administration on the ESTATE OF MAURICIO PONCE GUTIERREZ have been filed anywhere in Cameron County naming Juan Maria Aguilar Perez as the Representative of the Estate.

Moreover, the purported Representative's own Answer admits that she "currently a [sic] resides and works in the State of Florida." *See* DEFENDANT'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER. Texas Probate Code § 78 specifically disqualifies non-residents of the State of Texas from serving as Executors or Administrators unless they have first appointed a resident agent to accept service of process in all actions or proceedings with respect to the Estate, and cause such appointment to be filed with the Court. TEX. PROB. CODE §78(d). No such appointment has been filed. Indeed, this additional requirement for non-residents notwithstanding, any personal representative of an estate must first be duly qualified by taking and filing an oath, making the required bond, having same approved by the judge, and filing same with the clerk. *See* TEX. PROB. CODE §189. The clerks of both the county and district courts of Cameron County have been

7

consulted. Both clerks have informed the undersigned that no record of any documents having been filed in regard to the Estate of Mauricio Ponce Gutierrez or Juan Maria Aguilar Perez exist.

Without a personal representative, the Plaintiffs and Intervenors can bring no cause of action against the Estate due to the simple fact that as a matter of law the Estate is not a legal entity at this point in time. Its consent to removal, therefore, is not necessary. Nor, indeed, is it even possible to obtain the consent from the Estate in light of the fact that it has no duly appointed representative.

5.      *Timeliness of Removal.* This Notice of Removal has been filed in a timely fashion and in accordance with the applicable Rules.

6.      *Notice.* Written notice of the filing of this Notice of Removal will be filed with the State Court and provided to the other parties as required by law.

7.      *Attachments Pursuant to the Local Rules.* In accordance with federal statute and local rules, attached as appendices hereto are:

    a.    Index of matters being filed;
    b.    List of all counsel of record, including their addresses, telephone numbers, and parties represented;
    c.    A true and correct copy of the docket sheet of the state court action; and
    d.    A true and correct copy of all executed process, pleadings asserting causes of action, and orders signed by the state judge filed in the court from which removal is sought.

8

Respectfully submitted,



EDWARD F. VALDESPINO
State Bar No. 20424700
Southern District No. 14656
CYRUS F. REA
State Bar No. 00797291
Southern District No. 28567
STRASBURGER & PRICE, L.L.P.
300 Convent St., Suite 900
San Antonio, TX 78205
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

MARK S. SCUDDER
State Bar No. 17936300
STRASBURGER & PRICE, L.L.P.
901 Main St., Suite 4300
Dallas, TX 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

**COUNSEL FOR DEFENDANT
CON-WAY TRANSPORTATION SERVICES,
INC. d/b/a CON-WAY SOUTHERN EXPRESS,
AND KYOTTO DERON KEENAN, SUBJECT
TO HIS SPECIAL APPEARANCE AND
WITHOUT WAIVING HIS OBJECTION TO
PERSONAL JURISDICTION**

## CERTIFICATE OF SERVICE

On the 23rd day of April, 2002, a true and correct copy of the foregoing document has been forwarded via certified mail, return receipt requested, to:

Mr. Dick James
611 N. Main St.
Greenville, SC 29601

Mr. B. Allen Clardy, Jr.
Mr. William A. Jordan
667 N. Academy St.
Greenville, SC 29601

Mr. D. Craig Olivier
Mr. Dennis R. Mundy
Oliver & Mundy, L.L.P.
1414 W. Clay
Houston, TX 77019

Mr. Larry W. Lawrence, Jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, TX 78503

Mr. Larry W. Lawrence, jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, TX 78503

Mr. Birger Greg Bacino
Mr. Richard P. Verlasky
3033 Fifth Avenue, Suite 301
San Diego, CA 92103



Edward F. Valdespino
Cyrus F. Rea II

239410.1

10

# Index of Matters Filed

Exhibit A          List of all counsel of record

Exhibit B          A true and correct copy of the Docket Sheet of the State Court action.

Exhibit C          A true and correct copy of all executed Processes, Pleadings asserting causes of action, and Orders signed by the State Judge filed in the Court from which removal is sought.

# Exhibit A

CAUSE NO. _2001-10-4445-A_

| | | |
|---|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased | § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | CAMERON COUNTY, TEXAS |
| ESTATE OF MAURICIO PONCE GUTIERREZ, CON-WAY TRANSPORTATION SERVICES,INC., d/b/a CON-WAY SOUTHERN EXPRESS, and KYOTTO DERON KEENAN | § § § § § | 101 JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Nam Thai as Next Friend of Loan Thai, Minor Child of Germanie Thai, deceased; complaining of the Estate of Mauricio Ponce Gutierrez, Con-Way Transportation Services, Inc., Con-Way Transportation Services, Inc. d/b/a Con-Way Southern Express, and Kyotto Deron Keenan and for cause of action would respectfully show unto the Court the following:

I.

The Defendant, The Estate of Mauricio Ponce Gutierrez, can be served by serving its personal representative Mrs. Mauricio Ponce Gutierrez at the following address: c/o Larry Lawrence, at the Lawrence Law Firm One Park Place, Suite 680, McAllen, Texas 78503, by certified mail, return receipt requested.

Defendant, **Kyotto Keenan**, is an individual who resides in the State of Georgia. Service is not requested at this time. Defendant, Con-Way Transportation Services, Inc. is a Delaware Corporation. Service is not requested at this time. Con-Way

Transportation Services, Inc. d/b/a Con-Way Southern Express is an entity whose principal place of business is in the State of Texas. Service is not requested at this time.

## II.

Venue is proper in Cameron County, Texas because at the time of the incident in question Mauricio Ponce Gutierrez had a permanent residence in Cameron County. In addition, venue is proper in Cameron County pursuant to Texas Probate Code §6, in that this county has jurisdiction of the Estate of Mauricio Ponce Gutierrez.

Defendant would further show that should administration of the Estate of Mauricio Ponce Gutierrez not be required under Texas Probate Code §137, venue of the small estate is also proper in Cameron County.

## III.

It has become necessary to bring this suit as a result of the untimely death of Germanie Thai mother of Loan Thai. Plaintiff, Nam Thai, as next friend of Loan Thai is a beneficiary as defined under § 71.004 and/or § 71.021 of the Texas Practices and Civil Remedies Code.

## IV.

On or about September 30, 2000, the above Decedent was killed as a result of the negligence of the Defendants. At the time of the occurrence in question Defendant, Kyotto Keenan was in the course and scope of his employment with Defendant, Con-Way Transportation Services, Inc. d/b/a Con-Way Southern Express.

V.

The occurrence made the basis of this suit, and the resulting injuries and damages were proximately caused by the negligence, negligence per se and gross negligence conduct of the Defendants for a variety of acts and omissions, including but not limited to failing to keep a proper lookout.

This act and omission, singularly or in combination with others, constituted negligence, negligence per se and or gross negligence, which were a proximate cause of the occurrence which made the basis of this action.

VI.

As a direct and proximate result of the untimely death of the above named Decedent, Plaintiff seeks all damages allowed under law, for all elements of damages recognized under existing law. At this time, Plaintiff57;s damages are in excess of the minimum jurisdictional limits of this court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer, and that upon final trial they have judgment jointly and severally against these Defendants in a sum that greatly exceeds the minimum jurisdictional limits of this Court, for all pre-judgment interest and post-judgment interest as is allowed by law, for costs, and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

**RODRIGUEZ, COLVIN & CHANEY, L.L.P.**

By: _____
    Joseph A. (Tony) Rodriguez
    Texas State Bar No. 17146600
    Post Office Box 2155
    Brownsville, Texas 78522
    Telephone:    (956) 542-7441
    Facsimile:    (956) 541-2170

**Olivier & Mundy, L.L.P.**

_____
D. Craig Olivier
Texas State Bar No. 15268300
Dennis R. Mundy
Texas State Bar No. 14665565
Olivier & Mundy, L.L.P.
1414 W. Clay
Houston, Texas 77019
PHONE:    (713) 751-1818
FAX:      (713) 751-1817

ATTORNEYS FOR PLAINTIFFS

4

ESTATE OF MAURICIO PONCE GUTIERREZ
BY & THROUGH ITS PERSONAL REP
MRS. MAURICIO PONCE GUTIERREZ
C/O LARRY LAWRENCE
LAWRENCE FIRM
ONE PARK PLACE,STE.680 MCALLEN, TEXAS 78503

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFFS' ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____PETITION_____ was filed on OCTOBER 10, 2001 . A copy of same accompanies this citation.

The file number of said suit being No. 2001-10-004445-A.

The style of the case is:

NAM THAI, ET AL
VS.
ESTATE OF MAURICIO PONCE GUTIERREZ, ET AL

Said petition was filed in said court by ___HON. JOSEPH A.(TONY) RODRIGUEZ (Attorney for _____PLAINTIFF_____), whose address is P.O. BOX 2155 BROWNSVILLE TX. 78520

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 11th day of OCTOBER , A.D. 2001.

___AURORA DE LA GARZA___, DISTRICT CLERK
Cameron County, Texas
974 Harrison St.
Brownsville, Texas 78521

_Jessica Serrato_, Deputy

CERTIFICATE OF DELIVERY OF MAIL

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE | |
|---|---|

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

_____
NAME OF PREPARER        TITLE

_____
ADDRESS

_____
CITY         STATE      ZIP

I hereby certify that on the 11th of OCTOBER 2001, I mailed to

ESTATE OF MAURICIO PONCE GUTIERREZ

by registered mail or certified mail, with delivery restricted to addressee only, return receipt, requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO. 1700906812
RETURN RECEIPT REQUESTED
RESTRICTED TO ADDRESSEE ONLY

AURORA DE LA GARZA , District Clerk
Cameron County, Texas

By _____, Deputy

# Exhibit B

## CERTIFIED COPY

\* \* \* C L E R K ' S   E N T R I E S \* \* \*

PAGE: 01

2001-10-004445-A

10   10   01

ET AL

00001407
HON. JOSEPH A. (TONY) RODRIGUEZ
P.O. BOX 2155
BROWNSVILLE TX.          78520 0000

00486201
HON. LARRY W. LAWRENCE, JR.
ONE PARK PLACE, SUTIE 680
MCALLEN, TEXAS           78503 0000

CE GUTIERREZ, ET AL

(01)

WRONGFUL DEATH

10/10/01   ORIGINAL PETITION FILED
10/11/01   CITATION (CM): ESTATE OF MAURICIO PONCE GUTIERREZ
10/11/01        SERVED: 10/22/01        FILED: 10/24/01
11/08/01   ORIGINAL ANSWER: ESTATE OF MAURICIO PONCE GUTIERREZ
12/06/01   PLEADINGS CONSOLIDATED WITH THIS CAUSE FROM CAUSE# 2001-10-004456
12/11/01   PLEADINGS CONSOLIDATED WITH THIS CAUSE FROM CAUSE# 2001-10-004457
01/07/02   INTERVENTION: KIEU OANH LAM
01/07/02   INTERVENTION: THONG LAM
03/19/02   CITATION SEC. OF STATE (CM): CON-WAY TRANSPORTATION SERVICES, INC.
03/19/02        SERVED: 03/25/02        FILED: 03/28/02
04/08/02   ORIGINAL ANSWER: CON-WAY TRANSPORTATION SERVICES, INC.
04/08/02   MTN TO DISMISS ON GROUNDS OF FORUM NON CONVENIENS AND MTN TO TRANSFER VENUE /ESALAS
04/08/02   MTN TO REQUIRE ATTY TO SHOW AUTHORITY /ESALAS
04/15/02   CITATION (CM): KYOTTO DERON KEENAN
04/15/02        SERVED:
04/17/02   PLTFS' MTN TO APPOINT GUARDIAN AD LITEM /ESALAS

1-10-004456 CONSOLIDATED WITH THIS CAUSE, AS PER ORDER FOR ENTRY. MMURRAYJR/CW
1-10-004457 CONSOLIDATED WITH THIS CAUSE, AS PER ORDER FOR ENTRY BEURESTI/ES
ING HEARING ON DEFT PONCE'S MTNS TO TRANSFER VENUE 2/7/02 AT 8:30 A.M. BEURESTIJR/ESALAS
ER SETTING HEARING ON DEFT PONCE'S MTN TO TRANSFER ET FOR 1/18/02 AT 8:30 A.M. BEURESTIJR/ESALAS
n Joseph (Tony) Rodriguez dated 1/16/02; hearing set ce's Motion to Transfer Venue for 1/17/02; parties
d to re-set to FEBRUARY 7, 2002 at 8:30; see letter
earing passed and re-set..BEJR/eeo
present; Motion to Transfer Venue DENIED..BEJR/eeo
ING DEFT PONCE'S MTN TO TRANSFER VENUE SIGNED FOR BEURESTIJR/ESALAS



...TRUE COPY I CERTIFY
...RA DE LA GARZA, CLERK
...COURT CAMERON COUNTY, TEXAS
DATE 7-17-02
DISTRICT COURT   COUNTY TEXAS

# Exhibit C

Cause No. 2001-10-4445-A

| | | |
|---|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased<br>　　　　Plaintiffs | § § § § § | IN THE DISTRICT COURT |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VANENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN<br>　　　　Plaintiffs | § § § § § § § § | |
| NORRISON FABER ZAPATA, Individually and As Next Friend of STEFANIA ZAPATA and SANTIAGO ZAPATA, Minor Children of Claudia Rodriguez-Marin, Deceased and As Personal Representative of the ESTATE OF CLAUDIA RODRIGUEZ-MARIN<br>　　　　Plaintiffs | § § § § § § § § | 107TH JUDICIAL DISTRICT |
| KIEU OANH LAM and THONG LAM, Individually and as Personal Representative of the Estate of SON T. LAM, Deceased, and BOUNMA THAMMAVONG, Individually and as Next Friend of DANNY NGUYEN and ALEX THAMMAVONG, Minor Children of VAHN THAMMAVONG, Deceased and As Personal Representative of the ESTATE OF VAN THAMMAVONG and NOY KHOUNSAVNH, Individually and as Next Friend of MALDINI KHOUNSAVANH, Minor Children of GERMANIE THAI, Deceased<br>　　　　Intervenors | § § § § § § § § § § § § § § § | |
| V. | § § | |
| ESTATE OF MAURICIO PONCE GUTIERREZ, CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS, and KYOTTO DERON KEENAN<br>　　　　Defendants | § § § § § § | CAMERON COUNTY, TEXAS |

**DEFENDANT KYOTTO DERON KEENAN'S SPECIAL APPEARANCE**

Defendant, Kyotto Deron Keenan ("Defendant") asks the Court to sustain its Special Appearance and, after hearing, dismiss Plaintiffs and Intervenors causes of action against him.

## A.

## INTRODUCTION

Plaintiffs sued Defendant for certain conduct that occurred on or about September 30, 2000 in South Carolina relating to a vehicular accident.

Defendant is a non-resident of Texas and has no purposeful contacts with the State of Texas. Defendant is an individual and does not reside or do business in Texas.

Defendant incorporates by reference all exhibits and affidavits attached to this motion.

## B.

## ARGUMENT & AUTHORITIES

Texas courts do not have jurisdiction over a non-resident defendant unless the non-resident defendant has purposefully established "minimum contacts" with Texas and the exercise of jurisdiction comports with "fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475-76, 105 S.Ct. 2174, 2183-84 (1985); *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991).

## NO MINIMUM CONTACTS

Under minimum contacts analysis, Texas courts must determine whether the non-resident defendant has purposefully availed itself of conducting activities within Texas. *See CSR Ltd. v. Link*, 925 S.W.2d 591, 596 (Tex. 1996); *Guardian Royal*, 815 S.W.2d at 226. Minimum contacts are not established unless the Court finds it has either specific or general jurisdiction over the defendant. *Guardian Royal*, 815 S.W.2d at 227.

2

The Court cannot exercise specific jurisdiction over a non-resident defendant unless the non-resident defendant's activities were "purposefully directed" to Texas and the litigation resulted from alleged injuries that "arise out of" or "relate to" those activities. *National Indus. Sand Ass'n v. Gibson*, 897 S.W.2d 769, 774 (Tex. 1995); *Schlobohm v. Schapiro*, 784 S.W.2d 355, 358 (Tex. 1990); *see Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872 (1984); *Guardian Royal*, 815 S.W. 2d at 227. Texas courts do not have specific jurisdiction over Defendant because Defendant did not purposefully direct his activities to Texas and Plaintiffs cause of action did not arise from or relate to defendant's contacts with Texas. Rather, Plaintiffs cause of action arises from a vehicular accident in the State of South Carolina having utterly nothing to do with the State of Texas and involving no interests of the State of Texas.

The Court cannot exercise general jurisdiction over a non-resident defendant unless there are continuous and systematic contacts between the non-resident defendant and Texas. *Guardian Royal*, 815 S.W.2d at 230; *Siskind v. Villa Found. For Educ., Inc.,* 642 S.W.2d 434, 438 (Tex. 1982); *see Helicopteros*, 466 U.S. at 416, 104 S.Ct. At 1873. Texas courts do not have general jurisdiction over Defendant because Defendant has not had continuous or systematic contacts with Texas.

In short, Defendant Keenan has no contact, either minimal or otherwise, with the State of Texas.

## NOT FAIR PLAY

This Court's assumption of jurisdiction over the Defendant and his property will offend traditional notions of fair play and substantial justice and will be inconsistent with the constitutional requirements of due process. *See Guardian Royal*, 815 S.W.2d at 231; *see also International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945). The court should decline to

3

exercise jurisdiction over the Defendant because requiring Keenan to participate in this suit would constitute an undue burden on him in light of the fact that he currently resides in the State of Georgia and would be unable, without incurring great expense, to travel to Texas for depositions and hearings. Likewise, Keenan incorporates and adopts the arguments made by Defendant, Con-Way Transportation Services, Inc., in its Motion to Transfer Venue and Motion to Dismiss on Grounds of Forum Non-conveniens. For the reasons cited therein, Defendant Keenan requests the Court observe that the State of Texas has no interest in hearing this suit and that the judicial system's interest in obtaining the most efficient resolution of the controversies raised by Plaintiffs would not be advanced by allowing this matter to proceed in Texas generally, and requiring Defendant Keenan to participate specifically.

<div align="center">

### DUE PROCESS VIOLATION

</div>

The court's assumption of jurisdiction over Defendant and his property will violate Defendant's due process rights guaranteed under the constitutions of Texas and the United States.

<div align="center">

### C.

### CONCLUSION

</div>

Defendant does not have the minimum contacts with the State of Texas that would justify a Texas court's assumption of jurisdiction. If this court assumes jurisdiction, it will offend traditional notions of fair play and substantial justice.

<div align="center">

4

</div>

**D.**

**PRAYER**

For these reasons, Defendant asks the Court to set his Special Appearance for hearing and, after the hearing, sustain Defendant's Special Appearance and enter a final judgment dismissing Plaintiffs' and Intervenors' causes of action against him.

Respectfully submitted,

STRASBURGER & PRICE, L.L.P.
300 Convent St., Suite 500
San Antonio, TX 78205
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

EDWARD F. VALDESPINO
State Bar No. 20424700
CYRUS F. REA II
State Bar No. 00797291

MARK S. SCUDDER
State Bar No. 17936300
STRASBURGER & PRICE, L.L.P.
Bank of America Plaza
901 Main Street, Suite 4300
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

COUNSEL FOR DEFENDANT
KYOTTO DERON KEENAN

5

## CERTIFICATE OF SERVICE

On the _23rd_ day of April, 2002, a true and correct copy of the foregoing document has been forwarded via certified mail, return receipt requested, to:

Mr. Dick James
611 N. Main St.
Greenville, SC 29601

Mr. B. Allen Clardy, Jr.
Mr. William A. Jordan
667 N. Academy St.
Greenville, SC 29601

Mr. D. Craig Olivier
Mr. Dennis R. Mundy
Oliver & Mundy, L.L.P.
1414 W. Clay
Houston, TX 77019

Mr. Larry W. Lawrence, Jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, TX 78503

Mr. Joseph A. Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
P.O. Box 2155
Brownsville, TX 78522

Mr. Birger Greg Bacino
Mr. Richard P. Verlasky
3033 Fifth Ave., Suite 301
San Diego, CA 92103

Edward F. Valdespino
Cyrus F. Rea II

#239896

6

## AFFIDAVIT OF KYOTTO DERON KEENAN

State of Georgia     §
                         §
County of Douglas   §

BEFORE ME, the undersigned authority, on this day personally appeared Kyotto Deron Keenan, who is personally known to me, and first being duly sworn according to law, upon his oath deposed and stated:

1.    I am over the age of 18 and have never been convicted of a crime. I am of sound mind and am fully qualified to make this affidavit and competent to testify as stated herein. The facts stated herein are within my personal knowledge and true and correct.

2.    My name is Kyotto Deron Keenan. I have read this affidavit and the information contained herein is within my personal knowledge and is true and correct.

3.    I am currently a resident and citizen of the State of Georgia. I have never resided in nor have I ever been a citizen of the State of Texas. I have never owned any property in the State of Texas. Likewise, I have never engaged in any business in the State of Texas.

4.    On September 30, 2000, I was involved in a vehicle collision in the State of South Carolina. My presence in South Carolina had nothing to do with any business being engaged in or concerning the State of Texas. I was not traveling from Texas, nor was I traveling to the State of Texas when the collision occurred.

FURTHER, Affiant sayeth not.

KYOTTO DERON KEENAN

SUBSCRIBED AND SWORN TO BEFORE ME on this 15th day of April, 2002, to certify which witness my hand and official seal.

Notary Public - State of Georgia
239901
Notary Public-Fulton County, Georgia
My Commission Expires 04-04-04

for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.004.01

No. 2001-10-004445-A

T H E   S T A T E   O F   T E X A S

ICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
our attorney do not file a written answer with the clerk who issued this
. by 10:00 a.m. on the Monday next following the expiration of twenty
er you were served this citation and petition, a default judgment may be
ainst you.

TO DERON KEENAN
FAIRBURN RD
LASVILLE, GEORGIA  30135

DEFENDANT      ,  GREETING:

are commanded to appear by filing a written answer to the

PETITION IN INTERVENTION

fore 10:00 o'clock a.m. of the Monday next after the expiration of 20
er the date of service of this citation before the Honorable District
7th Judicial District of Cameron County, Texas at the Courthouse of said
n Brownsville, Texas.  Said       INTERVENTION       was filed on
07, 2002 .  A copy of same accompanies this citation.

number of said suit being No. 2001-10-004445-A.

e of the case is:

NAM THAI, ET AL
VS.
ESTATE OF MAURICIO PONCE GUTIERREZ, ET AL

ition was filed in said court by     HON. JOSEPH A.(TONY) RODRIGUEZ
y for            PLAINTIFF            ), whose address is
2155 BROWNSVILLE  TX.  78520

nature of the demand is fully shown by a true and correct copy of the
accompanying this citation and made a part hereof.

officer executing this writ shall promptly serve the same according to
ents of law, and the mandates thereof, and make due return as the law

ued and given under my hand and seal of said Court at Brownsville,
his the 15th day of    APRIL   , A.D. 2002.

```
┌─────────────────────────────────┐
│ CH RETURN RECEIPTS WITH         │
│ DDRESSEE'S SIGNATURE            │
│                                 │
│ 06 (a)(2):  The citation        │
│ be served by mailing to         │
│ fendant by Certified Mail,      │
│  Receipt Requested, a true      │
│ f the citation.                 │
│                                 │
│ 7.027, Rules of Civil           │
│ ce and Remedies Code, if        │
│ epared by Clerk of Court.       │
│                                 │
│ ─────────────────────────────   │
│ F PREPARER          TITLE       │
│                                 │
│ ─────────────────────────────   │
│ S                               │
│                                 │
│ ─────────────────────────────   │
│             STATE      ZIP      │
│ ─────────────────────────────   │
└─────────────────────────────────┘
```

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 15th of

__APRIL__ 2002, I mailed to

_____KYOTTO DERON KEENAN_____

by registered mail or certified mail, with
delivery restricted to addressee only,
return receipt requested, a true copy of
this citation with a copy of the petition
attached hereto.

CERTIFIED MAIL NO. ____61479213____
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

__AURORA DE LA GARZA___, District Clerk
Cameron County, Texas

By:_____, Deputy

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

ATTORNEYS AT LAW

A REGISTERED LIMITED LIABILITY PARTNERSHIP

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR.
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A SAENZ*
JOSEPH A (TONY) RODRIGUEZ
ALISON D. KENNAMER

OF COUNSEL
BENJAMIN S. HARDY (1912-1993)
ORRIN W. JOHNSON
NEIL E. NOROUEST
CHRIS A. BRISACK
RAYMOND A. COWLEY‡

1201 EAST VAN BUREN

P. O. BOX 2155

BROWNSVILLE, TEXAS 78522

TELEPHONE (956) 542-7441

TELECOPIER (956) 541-2170

www.rcclaw.com

LAURA J. URBIS
LECIA L. CHANEY
R PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L. DANISH

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

‡BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

April 9, 2002

Mrs. Aurora De La Garza,
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520

*Via Hand Delivery*

Re:    Cause No. 2001-10-4445-A
       *Nam Thai, As Next Friend of Loan Thai, Minor Child of Germanie Thai, Deceased;*
       *Luz Gloria Mahecha de Berreto, As Next Friend of Camilla Maria Valentino Medellin,*
       *Minor Child of David Luis Felipe Medellin, Deceased, et.al.; Norrison Faber Zapata,*
       *et.al.; Kieu Oanh Lam and Thong Lam, et. al. vs. Estate of Mauricio Ponce Gutierrez,*
       *Con-Way Transportation Services, Inc., d/b/a Con-Way Southern Express, and Kyotto*
       *Deron Keenan*

Dear Mrs. De La Garza:

        Please find enclosed our check in the amount of $57.00 for citation and service by Certified, Restricted for service on:

        Kyotto Deron Keenan
        2253 Fairburn Rd.
        Douglasville, Georgia  30135

        I am attaching copies of the 3 Petitions along with Motion and Order of Consolidation to be attached to the service.

        By copy of this letter, all counsel of record and interested parties are being provided a copy of this correspondence.  Thank you for your courtesies and assistance in this matter.

                        Very truly yours,

                        RODRIGUEZ, COLVIN & CHANEY, L.L.P.

                        Joseph A. (Tony) Rodriguez

JAR/jrm

Enclosures

*ROD...IGUEZ, COLVIN & CHANEY, ...L.P.*

Mrs. Aurora De La Garza,
Cameron County District Clerk
April 9, 2002
Page 2

---

cc:    (w/o encl.)    Mr. Larry W. Lawrence, Jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, Texas 78503

Mr. Birger Greg Bacino
Mr. Richard P. Verlasky
3033 Fifth Avenue., Suite 301
San Diego, Ca 92103

Mr. Dick James
611 North Main Street
Greenville, SC 29601

Mr. B. Allen Clardy, Jr.
Mr. William A. Jordan
667 N. Academy Street
Greenville, SC 29601

Mr. D. Craig Olivier
Mr. Dennis R. Mundy
Olivier & Mundy, L.L.P.
1414 W. Clay
Houston, Texas 77019

Mr. Edward F. Valdespino
Strasburger & Price, L.L.P.
300 Convent Street, Suite 900
San Antonio, Texas  78205-3715

**RODRIGUEZ, COLVIN & CHANEY, LLP**
GENERAL ACCOUNT
P.O. BOX 2155
BROWNSVILLE, TX 78522

CHASE BANK TEXAS, N.A.
BROWNSVILLE, TX
32-115/1110

43261

04/09/'02

PAY TO THE
ORDER OF    Cameron County District Clerk                                    $ **57.00

Fifty-Seven and 00/100************************************************************************************ DOLLARS

Cameron County District Clerk
974 E. Harrison
Brownsville, TX 78520

MEMO    Con-Way/Thai - Service on Kyotto Keenan                    Joseph A. _____

⑈043261⑈ ⑆111001150⑆ ⑈06700287938⑈

---

RODRIGUEZ, COLVIN & CHANEY, LLP / GENERAL ACCOUNT                    43261
    Cameron County District Clerk                            04/09/'02
04/09/02                            Bill #18529                            57.00

Cash-R.C.C., LLP        Con-Way/Thai - Service on Kyotto Keenan                    57.00

# Strasburger
### ATTORNEYS AT LAW

April 5, 2002

EDWARD F. VALDESPNO
210.250.6061
edward.valdespino@strasburger.com

**VIA OVERNIGHT DELIVERY**
**AND CERTIFIED MAIL #7188 4171 0390 0001 1892**

Ms. Aurora de la Garza
Cameron County District Clerk
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520

Re: Cause No. 2001-10-445799-10-4153-D, *Raul Bazan and Maria Bazan,
Individually v. Leonides Garza Bazan, Patrick McGuire, Kansas City
Southern Railway, Texas Mexican Railway and Brown & Root U.S.A., Inc.,
Individually*; In the 107th District Court of Cameron County, Texas

Dear Ms. de la Garza:

Enclosed is the original and one copy of the following:

1. Con-Way Transportation Services, Inc.'s Original Answer;
2. Motion to Require Attorney to Show Authority; and
3. Motion to Dismiss on Grounds of Forum Non Conveniens and Motion to
   Transfer Venue.

Please file the originals among the papers in this case and return the file-stamped
copies to me in the enclosed envelope.

I thank you for your attention to this matter. Should you have any questions, please do
not hesitate to contact me.

Sincerely,

Edward F. Valdespino

EFV/239674/td
Encl.

Strasburger & Price, LLP

300 Convent Street, Suite 900 · San Antonio, Texas 78205.3715 · 210.250.6000 tel · 210.250.6100 fax · www.strasburger.com
Austin · Dallas · Houston · San Antonio · Mexico City · Paris

Ms. Aurora de la Garza
April 5, 2002
Page 2


cc:

     Mr. Dick James
     611 N. Main St.
     Greenville, SC 29601

     Mr. B. Allen Clardy, Jr.
     Mr. William A. Jordan
     667 N. Academy St.
     Greenville, SC 29601

     Mr. D. Craig Olivier
     Mr. Dennis R. Mundy
     Oliver & Mundy, L.L.P.
     1414 W. Clay
     Houston,.TX 77019

     Mr. Larry W. Lawrence, Jr.
     Lawrence Law Firm
     One Park Piace, Suite 680
     McAllen, TX 78503

     Mr. Joseph A. Rodriguez
     Rodríguez, Colvin & Chaney, L.L.P.
     P.O. Box 2155
     Brownsville, TX 78522

     Mr. Birger Greg Bacino
     Mr. Richard P. Verlasky
     3033 Fifth Ave., Suite 301
     San Diego, CA 92103

Cause No. 2001-10-4445-A

| | | |
|---|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased<br>    Plaintiffs | § § § § § | IN THE DISTRICT COURT |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VANENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN<br>    Plaintiffs | § § § § § § § § | |

FILED ___9:3___ O'CLOCK __A____ M
AURORA DE LA GARZA, DIST. CLERK

APR 0 9 2002

DISTRICT COURT CAMERON COUNTY TEXAS
_Rosie Sotelo_ DEPUTY
Rosie Sotelo

107TH JUDICIAL DISTRICT

NORRISON FABER ZAPATA, Individually and As Next Friend of STEFANIA ZAPATA and SANTIAGO ZAPATA, Minor Children of Claudia Rodriguez-Marin, Deceased and As Personal Representative of the ESTATE OF CLAUDIA RODRIGUEZ-MARIN
    Plaintiffs .

KIEU OANH LAM and THONG LAM, Individually and as Personal Representative of the Estate of SON T. LAM, Deceased, and BOUNMA THAMMAVONG, Individually and as Next Friend of DANNY NGUYEN and ALEX THAMMAVONG, Minor Children of VAHN THAMMAVONG, Deceased and As Personal Representative of the ESTATE OF VAN THAMMAVONG and NOY KHOUNSAVNH, Individually and as Next Friend of MALDINI KHOUNSAVANH, Minor Children of GERMANIE THAI, Deceased
    Intervenors

V.

ESTATE OF MAURICIO PONCE GUTIERREZ, CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS, and KYOTTO DERON KEENAN
    Defendants

CAMERON COUNTY, TEXAS

# ORIGINAL ANSWER

## CON-WAY TRANSPORTATION SERVICES, INC.'S ORIGINAL ANSWER

COMES NOW, CON-WAY TRANSPORTATION SERVICES, INC. ("Con-Way"), Defendant in the above-entitled and numbered cause, and files this its Original Answer, subject to Con-Way's Motion to Transfer Venue, and in support thereof respectfully shows the Court the following:

### I.

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Con-Way generally denies each of the material allegations contained in Plaintiffs' and Intervenors' Petition and demands strict proof thereof by preponderance of the good and credible evidence and in accordance with the Constitution and the laws of the State of Texas.

### II.

### VERIFIED DENIAL OF VENUE ALLEGATIONS

Con-Way specifically denies the venue facts alleged by Plaintiffs and Intervenors. Specifically, Con-Way denies that Mauricio Ponce Gutierrez was a resident of Cameron County, Texas at the time of his death. Con-Way further denies that any estate of Mauricio Ponce Gutierrez is being administered in Cameron County.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of his suit, that Defendant be awarded its costs, and for such other and further relief, both general and special, whether at law or in equity, to which Defendant may be entitled, and as this Court may deem just.

2

Respectfully submitted,

STRASBURGER & PRICE, L.L.P.
300 Convent St., Suite 500
San Antonio, TX 78205
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

EDWARD F. VALDESPINO
State Bar No. 20424700
CYRUS F. REA II
State Bar No. 00797291

MARK S. SCUDDER
State Bar No. 17936300
STRASBURGER & PRICE, L.L.P.
Bank of America Plaza
901 Main Street, Suite 4300
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330


COUNSEL FOR DEFENDANT
CON-WAY TRANSPORTATION SERVICES, INC.
d/b/a CON-WAY SOUTHERN EXPRESS

3

## CERTIFICATE OF SERVICE

On the _____ day of April, 2002, a true and correct copy of the foregoing document has been forwarded via certified mail, return receipt requested, to:

Mr. Dick James
611 N. Main St.
Greenville, SC 29601

Mr. B. Allen Clardy, Jr.
Mr. William A. Jordan
667 N. Academy St.
Greenville, SC 29601

Mr. D. Craig Olivier
Mr. Dennis R. Mundy
Oliver & Mundy, L.L.P.
1414 W. Clay
Houston, TX 77019

Mr. Larry W. Lawrence, Jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, TX 78503

Mr. Joseph A. Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
P.O. Box 2155
Brownsville, TX 78522

Mr. Birger Greg Bacino
Mr. Richard P. Verlasky
3033 Fifth Ave., Suite 301
San Diego, CA 92103

Edward R. Valdespino
Cyrus F. Rea II

4

## VERIFICATION

STATE OF OREGON          §
                         §
COUNTY OF MULTNOMAH      §

    BEFORE ME, the undersigned authority, on this day personally appeared Karyn Vorwaller, Casualty Claims Supervisor for CON-WAY TRANSPORTATION SERVICES, INC., known to me to be the person whose name is subscribed to the foregoing instrument who, after being duly sworn and deposed, says that the above and foregoing statements are true and correct.

CON-WAY TRANSPORTATION SERVICES, INC.

*Karyn Vorwaller*

By Karyn Vorwaller

    SUBSCRIBED AND SWORN TO BEFORE ME by the said _____ on this 5th day of _April_____, 2002, to certify which witness my hand and official seal.

*Margaret J Rofinot*

Notary Public, State of Oregon

239554.1

OFFICIAL SEAL
MARGARET J ROFINOT
NOTARY PUBLIC - OREGON
COMMISSION NO. 315874
MY COMMISSION EXPIRES SEPT. 14, 2004

Cause No. 2001-10-4445-A

| | | |
|---|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased<br>    Plaintiffs | § § § § § | IN THE DISTRICT COURT |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VANENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN<br>    Plaintiffs | § § § § § § § § | FILED _____ O'CLOCK ___ M<br>AURORA DE LA GARZA. DIST. CLERK<br><br>APR 09 2002<br><br>DISTRICT COURT CAMERON COUNTY TEXAS<br>Rosie Sotelo |
| NORRISON FABER ZAPATA, Individually and As Next Friend of STEFANIA ZAPATA and SANTIAGO ZAPATA, Minor Children of Claudia Rodriguez-Marin, Deceased and As Personal Representative of the ESTATE OF CLAUDIA RODRIGUEZ-MARIN<br>    Plaintiffs | § § § § § § § | |
| KIEU OANH LAM and THONG LAM, Individually and as Personal Representative of the Estate of SON T. LAM, Deceased, and BOUNMA THAMMAVONG, Individually and as Next Friend of DANNY NGUYEN and ALEX THAMMAVONG, Minor Children of VAHN THAMMAVONG, Deceased and As Personal Representative of the ESTATE OF VAN THAMMAVONG and NOY KHOUNSAVNH, Individually and as Next Friend of MALDINI KHOUNSAVANH, Minor Children of GERMANIE THAI, Deceased<br>    Intervenors | § § § § § § § § § § § § § § § § § | 107TH JUDICIAL DISTRICT |
| V. | § § § | |
| ESTATE OF MAURICIO PONCE GUTIERREZ, CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS, and KYOTTO DERON KEENAN<br>    Defendants | § § § § § § | CAMERON COUNTY, TEXAS |

## MOTION TO DISMISS ON GROUNDS OF FORUM NON CONVENIENS
## And
## MOTION TO TRANSFER VENUE

COMES NOW CON-WAY TRANSPORTATION SERVICES, INC. ("Con-Way") and does

file this, its Motion to Dismiss and Motion to Transfer Venue, and does respectfully state as follows:

*Pursuant to Texas Rules of Civil Procedure, Rule 86(1), Con-Way's Motion to Transfer*

*Venue is filed concurrently with its Motion to Dismiss and its Answer and General Denial. For*

*purposes of "due order of pleadings," the latter two pleadings are filed subject to the Motion to*

*Transfer Venue.*

### I.

### BRIEF BACKGROUND

On or about September 30, 2000, two collisions involving several vehicles occurred near the

City of Anderson, South Carolina. These collisions resulted in several deaths. The Plaintiffs and

Intervenors consist of individuals allegedly injured as a result of the collision, Next Friends of certain

minors, and representatives of the estates of individuals allegedly killed as a result of the collision.

The Plaintiffs and Intervenors bring claims against Con-Way. In addition, the Plaintiff and

Invervenors have brought claims against the Defendant Kyotto Deron Keenan, an individual who

allegedly was operating a vehicle in the course and scope of his employment for Con-Way. Finally,

Plaintiffs and Intervenors have filed suit against the Estate of Mauricio Ponce Gutierrez; Mauricio

Ponce Gutierrez was allegedly a driver of one of the vehicles involved in one of the collisions.

None of the Plaintiffs or Intervenors reside in or are citizens of the State of Texas.

2

Defendant Keenan resides in and is a citizen of the State of Georgia.

Con-Way is a Delaware Corporation with its principal place of business in the State of Michigan. *See* Affidavit, attached as Exhibit B.

The decedent Maricio Ponce Gutierrez was a resident of Florida at the time of his death. *See* Affidavit, attached as Exhibit C. Likewise, the alleged representative of his Estate is a resident of Florida. *See* Exhibit A.

The only connection this case has with Texas is the Estate of Mauricio Ponce Gutierrez, which is allegedly being administered in Cameron County. In reality, an administration has been filed in no court in Cameron County. *See* Affidavit, attached as Exhibit C. Moreover, the Estate of Mauricio Ponce Gutierrez, on November 3, 2001, filed a Motion to Transfer Venue, stating that Cameron County was an inconvenient forum. *See* Exhibit A.

## II.

### VERIFIED DENIAL OF VENUE ALLEGATIONS

Con-Way specifically denies the venue facts alleged by Plaintiffs and Intervenors. Specifically, Con-Way denies that Mauricio Ponce Gutierrez was a resident of Cameron County, Texas at the time of his death. Con-Way further denies that any estate of Mauricio Ponce Gutierrez is being administered in Cameron County.

## III.

### MOTION TO DISMISS ON GROUNDS OF FORUM NON CONVENIENS

Pursuant to CPRC §71.051, *et seq.* and the common law, Con-Way moves to dismiss this action on the ground of forum non conveniens. Texas is an improper forum for two principle

3

reasons. First, according to the applicable statutes, venue is improper in all Texas counties. Second, even if some county did have venue, this case should not proceed in Texas.

## A.    Venue is Improper in All Texas Counties.

Con-Way directs the Court to the Plaintiffs' Original Petitions. Each of these Petitions, later consolidated into the present case, contain the exact same explanation regarding venue.    F i r s t, Plaintiffs claim venue is proper pursuant to Texas Probate Code, §6. Second, Plaintiffs claim Mauricio Ponce Gutierrez had a permanent residence in Cameron County at the time of the accident.

Neither allegation establishes venue in Cameron County. Moreover, the clear reading of the applicable venue statutes forces one to conclude that no county in Texas is a proper venue for this suit.

### 1. ·    Venue and the Probate Code

Turning first to the Plaintiffs' reference to the Probate Code, the Court will note that TEX.PROB.C. §6 pertains to the proper venue for the administration of an estate. It says nothing about venue for suits *against* an estate such as the one before the court. In reality, venue in these types of actions is governed not by the Probate Code, but by the Civil Practice and Remedies Code ("CPRC").

In regard to suits against an estate, CPRC §15.031 states that permissive venue lies in the county in which the estate is administered <u>only</u> in cases involving a "money demand against the estate." *See* CPRC §15.031. The phrase "money demand against the estate" contemplates suits brought by heirs or parties who had contracted with the decedent. *See e.g. Nunn v. Titche-Goettinger Co.*, 196 S.W. 890, 892 (Tex.Civ.App.--Dallas 1917, writ dism'd w.o.j) ("A demand against the estate ordinarily would be some debt or obligation of the testator incurred in his lifetime or some

4

enforceable debt or obligation of his representatives incurred subsequent to the testator's death.") The present case does not involve a "money demand against the estate." Rather, it involves a straightforward tort claim which, according to case law, does not constitute a "money demand." *See e.g. Adams v. McHam*, 289 S.W.2d 319, 320 (Tex.Civ.App.--Amarillo 1956, no writ)("in the present cause of action [...] neither of the two deceased persons contracted to perform an obligation in Dickens County. Also, at this point in the litigation of the tort claim of appellees, no money demand now exists as against the estate of the deceased parties but must be established by the suit. [. . .] The legal principle as to venue being established by the written contract of a deceased person sheds no light on the issue of venue as to a tort claim against the executors of a deceased person's estate.")

More to the point, CPRC §15.031 goes on to specify where venue lies in cases brought against an estate "growing out of a negligent act or omission" of the decedent. In such cases, venue lies "in the county in which the negligent act or omission" occurred. CPRC §15.031. The alleged negligent act did not occur in Cameron County. It occurred in South Carolina.

Finally, even if the claim against the Estate was a "money demand," venue would not be proper in Cameron County due to the fact that the Estate is not being administered in Cameron County. *See* Affidavit, attached as Exhibit C.

## 2. Venue By Virtue of Residency

As their second ground for venue, Plaintiffs allege Mauricio Ponce Gutierrez "had a permanent residence in Cameron County."

The venue provision relied upon by Plaintiffs is CPRC §15.002(a)(2) which states permissive venue is proper in the "county of defendant's residence at the time the cause of action accrued *if the defendant is a natural person.*" (emphasis added.)

5

The defendant in this case is *not* a "natural person." Rather, the defendant is an Estate. Accordingly, CPRC §15.002(a)(2) is inapplicable, especially in light of the fact that a separate provision in the venue statute -- discussed above -- specifically deals with Estates. *See* CPRC §15.031.

But even if CPRC §15.002(a)(2) applied, venue would *still* be improper in Cameron County due to the fact that at the time of the accident Mauricio Ponce Gutierrez was a resident of the State of Florida. *See* Affidavit, attached as Exhibit B. Specifically, at the time of the accident, Mauricio Ponce Gutierrez was living at 1508 Northwest Avenue B., Belle Glade, FL 38420 -- nearly a thousand miles away from Cameron County. *See* Affidavit, attached as Exhibit C.

**B.    Even If Venue Lies in a Texas County, Texas is Still an Improper Forum**

CPRC §71.051 sets forth two specific procedures for bringing forum non conveniens motions; one is designed for Plaintiffs who are United States residents, and the other for those who are not. *Id.*

In regard to the Plaintiffs who are U.S. Citizens, Con-Way must show the following by a preponderance of the evidence:

1.    An alternative forum exists in which the claim or action may be tried;

2.    The alternative forum provides an adequate remedy;

3.    Maintenance of the claim or action in the courts of Texas would work a substantial injustice to the moving parties;

4.    The alternative forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the Defendants properly joined to the Plaintiffs' claim;

5.    The balance of the private interest of the parties and the public interest of the parties and the public interest of the state predominate in favor of the claim or actions being brought in alternative forum; and

6

6.    The state where dismissal would not result in unreasonable duplication or proliferation of litigation.

CPRC §71.051(b)(1-6).

### 1. Element Numbers One and Two

Regarding elements one and two, South Carolina is an alternative forum and allows causes of action for wrongful death. *See* S. CAROL. CODE §15-51-10, *et seq.* (setting forth civil action for wrongful act causing death); *see also Mishoe v. Atlantic Coast Line RR Co.*, 197 S.Car. 402 (1938) (setting forth elements of wrongful death actions).

### 2. Element Number Three

In regard to element number three, there is little question that the maintenance of this cause of action in the courts of Texas would work a substantial injustice to the moving parties. The court is directed to the Estate of Mauricio Ponce Gutierrez's Motion to Transfer Venue attached hereto as Exhibit A wherein the Estate states its representative currently resides and works in the State of Florida and that the maintenance of this lawsuit in the State of Texas would constitute an "undue hardship" on the representative if she was required to travel to Brownsville, Texas to attend depositions and trial.

Likewise, the incident made the basis of this lawsuit – namely, multi-vehicle pile-up on the highways of South Carolina – was responded to by South Carolina Highway Patrolmen who, presumably, live in South Carolina. Their police report and testimony is essential to the adjudication of this matter as will be the deposition testimony of any and all witnesses to the collision who, likewise, presumably live in South Carolina.

Finally, those involved in the collision– many of whom are Plaintiffs and Intervenors – were

7

presumably treated, at least initially, in medical facilities in South Carolina. These witnesses'
testimony is likewise essential to this case.

In short, none of the Plaintiffs are from Texas. None of the witnesses are from Texas.
Neither Con-Way nor Keenan are from Texas. The Estate of Mauricio Ponce Gutierrez is
represented by an individual who has already begged the Court to transfer this case out of Cameron
County. To allow this suit to continue in a forum nearly 1,500 miles away from the site of the
collision would work a substantial injustice, not only to the moving parties but to the moving parties'
co-defendants.

### 3. Element Number Four

Regarding element number four, South Carolina allows all out-of-state parties involved in
a suit arising from a motor vehicle accident to be served via the South Carolina Department of Public
Safety. S. CAROL. CODE §15-9-350.

### 4. Element Number Five

Regarding element number five, as this collision occurred on the highways of South Carolina
and the aftermath of the collision was investigated by officers of the South Carolina State Police, it
would appear rather obvious that the State of South Carolina has a greater interest in the outcome
of this suit than does the State of Texas. More generally, the types of public interest Texas courts
frequently consider include:

1. Administrative difficulties caused by litigation not handled out of the origin;
2. Jury duty imposed upon people in the community that have no relation due to this litigation;
3. Inability of people whose affairs may be touched by litigation to learn of it other than by way of reported file is held in a remote part of the country;
4. Local interest in having localized controversies decided at home; and
5. The appropriateness of having a trial in a diversity case in a forum that is familiar

8

with the state law that must govern a case, rather than having a court in some other forum untangle problems and conflict of law that is foreign.

*See Baker v. Bell Helicopter Textron, Inc.* 985 S.W. 2d 272 (Tex. App. – Ft. Worth 1999, writ denied)(citing *Dallas Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 508-09 (1947)).

Reviewing these five factors, it becomes increasingly clear that South Carolina has a far greater interest in hosting this litigation than Texas. It makes no sense to have citizens of Brownsville considering and determining duties and standards that will affect the operators of motor vehicles in South Carolina. Likewise, this was a monumental collision involving numerous vehicles, yet those whose affairs who may be touched by this collision and this litigation will have no way of learning of it as Plaintiffs have secreted this case down to Brownsville, Texas. Finally, as *Baker* pointed out, there is no purpose served in opening the Pandoras' box of conflict-of-law issues.

### 5. Element Number Six

Finally, regarding element number six, there will be no unreasonable duplication or proliferation of litigation. This litigation is at a very early stage. No discovery has been served, no depositions have been set, and no motions are pending.

Few cases discuss the application of CPRC §71.051 in cases such as the one currently before the Court. The most similar case is *Baker*. In *Baker*, none of the Plaintiffs were from Texas. The helicopter accident that formed the basis of the lawsuit did not occur in Texas, and all of the witnesses resided outside of Texas. The fact that the designer of the helicopter had its principal place of business in Tarrant County provided the only Texas connection. *Id.* Even in light of this connection, the Court of Appeals upheld the trial court's refusal to exercise jurisdiction. *Baker,* 985 S.W.2d at 275-76. In the present case, there is even less of a connection to Texas than in *Baker.* The only corporate defendant, Con-Way, has no principal place of business in Texas. Likewise,

9

Defendant Keenan is not a resident of Texas. And, the administration of the Estate of Mauricio Ponce Gutierrez has not been filed in Cameron County. But, even if it had, the personal representative has already appeared before the Court stating that the maintenance of this case in Cameron County would constitute an undue hardship.

Con-Way also directs the Court's attention to CPRC §71.051(e) which states that the Court shall dismiss a claim if the Court finds by preponderance of the evidence that a party was joined solely for the purposes of obtaining or maintaining jurisdiction in the State and that the party's claim would be more properly heard in a forum outside the State. It is Con-Way's contention that the Estate of Mauricio Ponce Gutierrez was joined solely for the purpose of obtaining or maintaining jurisdiction in this State. As set forth above, Mauricio Ponce Gutierrez was a resident of Florida, as is the personal representative of the Estate. It is also Con-Way's contention that no administration of the Estate has been filed in Cameron County and the Estate has been named in the suit for no other reason than to manufacture venue in Cameron County. Accordingly, pursuant to CPRC §71.051(e) Con-Way urges the Court to dismiss the Plaintiffs' claim.

In regard to the Plaintiffs and Intervenors who may not be legal residents of the United States, CPRC §71.051(a) sets forth a far less stringent standards. Instead of proving by a preponderance of the evidence the six elements listed above, the Court need only find that "in the interest of justice a claim or action [...] would be more properly heard in a forum outside this State." It is obvious and not fairly deniable that the interests of justice will not be advanced by litigating this matter in Texas in light of the fact that the lawsuit arises from an incident that occurred in South Carolina, is being prosecuted by no Texas Plaintiffs or Intervenors, is being prosecuted against no Texas Defendants, and will necessitate the testimony of witnesses who all reside outside the State of Texas.

10

## III.

## MOTION TO TRANSFER VENUE

As argued above, this case does not belong in Texas. Nevertheless, if the Court had to choose a county in which venue was proper, the only possible choice would be Tarrant County.

CPRC §15.002(a) sets forth the basic options for venue. The only option that could apply is CPRC §15.002(a)(3) which states that venue lies in the county of the "defendant's principal office in this state, if the defendant is not a natural person."[1]

The principal place of business for Con-Way is Michegan. Nevertheless, considering only the counties of Texas, only Tarrant County can be said to contain Defendant's "principal office in the state." *See* Affidavit, attached as Exhibit B.

As set forth above, no county in Texas has proper venue. But, if the court was forced to choose, only Tarrant County would be appropriate.

## IV.

## CONCLUSION

Defendant Con-Way respectfully requests that this Court dismiss this cause of action on the grounds of Forum Non Conveniens. Plaintiffs and Intervenors have no business bringing this cause of action in Cameron County when a far superior form exists in South Carolina. For far too long, the course of the State, particularly for those in southern Texas, have been plagued by forum

---

[1]A corporate defendant's "principal office in this state" must not be confused with the corporate defendant's "principal place of business" for purposes of a diversity analysis. The latter is concerned with the nation as a whole, while the former concerns the principal office in the State. For instance, in the case of *In re Missouri Pac. R. R. Comp.*, 998 S.W.2d 212 (Tex.1999), there was no dispute that the corporate defendant's headquarters were in Omaha, Nebraska. *Id.*, 998 S.W.2d at 220. Nevertheless, for venue purposes, the court was concerned with "the role of decision makers in Jefferson County relative to the rest of the company in Texas." *Id.*

11

shopping and disingenuous efforts to establish venue. The Texas State Legislature has given the Court the power to exercise justice, protect its integrity, and nip these cases in the bud.

WHEREFORE, PREMISES CONSIDERED The Movant respectfully requests this Court grant its Motion to Dismiss or, in the alternative, Transfer Venue to Tarrant County.

Respectfully submitted,

STRASBURGER & PRICE, L.L.P.
300 Convent St., Suite 500
San Antonio, TX 78205
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

EDWARD F. VALDESPINO
State Bar No. 20424700
CYRUS F. REA II
State Bar No. 00797291

MARK S. SCUDDER
State Bar No. 17936300
STRASBURGER & PRICE, L.L.P.
Bank of America Plaza
901 Main Street, Suite 4300
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

COUNSEL FOR DEFENDANT
CON-WAY TRANSPORTATION SERVICES, INC.
d/b/a CON-WAY SOUTHERN EXPRESS

12

## **CERTIFICATE OF SERVICE**

On the _____ day of April, 2002, a true and correct copy of the foregoing document has been forwarded via certified mail, return receipt requested, to:

Mr. Dick James
611 N. Main St.
Greenville, SC 29601

Mr. B. Allen Clardy, Jr.
Mr. William A. Jordan
667 N. Academy St.
Greenville, SC 29601

Mr. D. Craig Olivier
Mr. Dennis R. Mundy
Oliver & Mundy, L.L.P.
1414 W. Clay
Houston, TX 77019

Mr. Larry W. Lawrence, Jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, TX 78503

Mr. Joseph A. Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
P.O. Box 2155
Brownsville, TX 78522

Mr. Birger Greg Bacino
Mr. Richard P. Verlasky
3033 Fifth Ave., Suite 301
San Diego, CA 92103

_____
Edward F. Valdespino
Cyrus F. Rea II

13

CAUSE NO. 2001-10-4457-A

| | | |
|---|---|---|
| NORRISON FABER ZAPATA, | § | IN THE DISTRICT COURT |
| Individually and as Next Friend to | § | |
| STEFANIE ZAPATE and SANTIAGO | § | |
| ZAPATA, Minor Children of Claudia | § | |
| Rodriguez-Marin, Deceased and as | § | |
| Personal Representative of the Estate of | § | |
| CLAUDIA RODRIGUEZ-MARIN | § | |
| Plaintiffs | § | 107th JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| ESTATE OF MAURICIO PONCE | § | |
| GUTIERREZ ET AL | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## DEFENDANT'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JUAN MARIA AGUILAR PEREZ IN HER CAPACITY AS THE REPRESENTATIVE OF THE ESTATE OF MAURICIO PONCE GUTIERREZ, and filed this Motion to Transfer Venue, and contemporaneous with same, files an Original Answer to Plaintiffs' Original Petition, and for cause would show the following:

### I. GENERAL DENIAL

Subject to the Motion to Transfer Venue contained herein, Defendant, in her capacity as the personal representative of the Estate of Mauricio Ponce Aguilar, denies each and every, all and singular, the allegations contained within Plaintiffs' Original Petition and demands strict proof of same.

### III. MOTION TO TRANSFER VENUE

Pursuant to C.P.R.C. Section 15.002(b), Defendant hereby request a transfer of venue on the basis that Cameron County is not a convenient forum. The representative of the Estate of Mauricio Ponce Aguilar Juan Maria Aguilar Perez currently a resides and works in the State of Florida. It would place an undue hardship for her to travel to Brownsville, Texas to attend depositions and trial.

WHEREFORE, PR[...], Defendants asks this court to set a hearing on the

C:\Activefiles\PonceMauri[...]-2.vpd                                                                 1

**EXHIBIT A**

Motion to Transfer Venue at the earliest time, and that upon such hearing, transfer this case to a county of greater convenience. Subject to the Motion to Transfer Venue, Defendant request that the Plaintiffs take nothing by their suit, and the court grant such other relief to which this Defendant may be justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 680
McAllen, Texas 78503
(956) 994-0057
(956) 994-0741 FAX

By:
LARRY W. LAWRENCE, JR.
State Bar No. 00794195

ATTORNEY FOR DEFENDANT PONCE

C:\Activefiles\PonceMauricio\Pleadings\Answer107-2.wpd

2

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that the foregoing document has been forwarded to the following on this ___3rd___ Day of _November_ 2001:

**ATTORNEY FOR PLAINTIFFS**

Tony Rodriguez                          *Via Fax (956) 971-9451*
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Brownsville, Texas 78504.

_____
LARRY W. LAWRENCE, JR.

# AFFIDAVIT OF KARYN VORWALLER

STATE OF OREGON        §

                                  §

COUNTY OF MULTNOMAH      §

BEFORE ME, the undersigned authority, on this day personally appeared Karyn Vorwaller, known to me to be the person whose name is subscribed to the foregoing document, and being by me first duly sworn, declared that the statements herein contained are within her personal knowledge and are true and correct.

1.    "My name is Karyn Vorwaller. I am over the age of 21 years and have never been convicted of a felony. I am of sound mind and am fully qualified to make this Affidavit and competent to testify as stated herein.

2.    "Con-Way Transportation Services, Inc. d/b/a Con-Way Southern Express is a Delaware corporation with its principal place of business in the State of Michigan. Con-Way Southern Express is part of Con-Way Transportation Services, Inc. and has an administrative office in Tarrant County, Texas.

"Further, Affiant sayeth not."

By:   Karyn Vorwaller

Title: Casualty Claims Supervisor for Con-Way

SUBSCRIBED AND SWORN TO before me on this 5ᵗʰ day of April, 2002.

Notary Public, State of Oregon

230063.1



## VERIFICATION

STATE OF OREGON         §
                              §

COUNTY OF MULTNOMAH    §

      BEFORE ME, the undersigned authority, on this day personally appeared Karyn Vorwaller, Casualty Claims Supervisor for CON-WAY TRANSPORTATION SERVICES, INC., known to me to be the person whose name is subscribed to the foregoing instrument who, after being duly sworn and deposed, says that the above and foregoing statements are true and correct.

CON-WAY TRANSPORTATION SERVICES, INC.

*Karyn Vorwaller*

By Karyn Vorwaller

      SUBSCRIBED AND SWORN TO BEFORE ME by the said _____ on this 5th day of _____April_____, 2002, to certify which witness my hand and official seal.

*Margaret J Rofinot*

Notary Public, State of Oregon

239554.1

OFFICIAL SEAL
MARGARET J ROFINOT
NOTARY PUBLIC - OREGON
COMMISSION NO. 315874
MY COMMISSION EXPIRES SEPT. 14, 2004

14

Cause No. 2001-10-4445-A

|  |  |  |
|---|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased<br>Plaintiffs | § § § § | IN THE DISTRICT COURT |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VANENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN<br>Plaintiffs | § § § § § § § § | |
| NORRISON FABER ZAPATA, Individually and As Next Friend of STEFANIA ZAPATA and SANTIAGO ZAPATA, Minor Children of Claudia Rodriguez-Marin, Deceased and As Personal Representative of the ESTATE OF CLAUDIA RÓDRIGUEZ-MARIN<br>Plaintiffs | § § § § § § § § | 107TH JUDICIAL DISTRICT |
| KIEU OANH LAM and THONG LAM, Individually and as Personal Representative of the Estate of SON T. LAM, Deceased, and BOUNMA THAMMAVONG, Individually and as Next Friend of DANNY NGUYEN and ALEX THAMMAVONG, Minor Children of VAHN THAMMAVONG, Deceased and As Personal Representative of the ESTATE OF VAN THAMMAVONG and NOY KHOUNSAVNH, Individually and as Next Friend of MALDINI KHOUNSAVANH, Minor Children of GERMANIE THAI, Deceased<br>Intervenors | § § § § § § § § § § § § § § § § | |
| V. | § § | |
| ESTATE OF MAURICIO PONCE GUTIERREZ, CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS, and KYOTTO DERON KEENAN<br>Defendants | § § § § § § | CAMERON COUNTY, TEXAS |

## AFFIDAVIT OF KIM PRICE



EXHIBIT
C

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

BEFORE ME, the undersigned authority, on this day personally appeared KIM PRICE, known to me to be the person whose name is subscribed to the foregoing document, and being by me first duly sworn, declared that the statements herein contained are within her personal knowledge and are true and correct.

1.    "My name is KIM PRICE. I am over the age of 21 years and have never been convicted of a felony. I am of sound mind and am fully qualified to make this Affidavit and competent to testify as stated herein.

2.    Attached to this Affidavit, as Exhibit 1, is a true and correct of a portion of the police report generated as a result of the incident made the basis of the above-captioned lawsuit. As stated in the police report, the residence of Mauricio Ponce Gutierrez at the time of the incident was 1508 N. W. Avenue B, Belle Glade, Florida 38430. Also as indicated on the attached Exhibit, Mauricio Ponce Gutierrez held a Florida driver's license number G362-555-67-342-0.

3.    I have personally researched the residences of Mauricio Ponce Gutierrez stretching back to 1988 utilizing a computerized database with access to such information. Records that I have personally observed indicate that Mauricio Ponce Gutierrez was a resident of Florida at the time of the incident made the basis of the above-captioned lawsuit. Furthermore, Mauricio Ponce Gutierrez was a resident of Florida for several years prior to the incident.

4.    I have personally contacted the Clerk of the County Courts for Cameron County to determine whether any administration or other probate proceedings had been filed in any of the courts in Cameron County. As of April 5, 2002, no administration for the Estate of Mauricio Ponce

2

Gutierrez has been filed in any court in Cameron County nor have there been any filings in any matters related to any Estate of Mauricio Ponce Gutierrez. In addition, I have discovered no record of any personal representative being appointed or registered for the Estate of Mauricio Ponce Gutierrez.

Further, Affiant sayeth not."



KIM PRICE

SUBSCRIBED AND SWORN TO before me on this 5th day of April, 2002.

Notary Public, State of ___TX___

54WH01!.WPD



3



EXHIBIT "1"

ORIGINAL

00110303  1009  2000

Date 9-30-00   Time 0530   County 04

City or Town ANDERSON

IN

GUTIERREZ - MAURICIO PONCE

Birth Date 9-22-67

Street or R.F.D. 1508 NORTHWEST AVE. B LOT 3

City, State & Zip BELLE GLADE, FL. 33430

FL E   C 362-555-67-342-0

88 VAN   FORD-1F8JS31HJJH677572

NC  00   KYR-5118

Home Telephone 535-0549   Owner's Full Name CRUZ-LUIS

Bus Telephone   Street or R.F.D. 406 D. CONCORD RD.

City, State & Zip HUNTERSVILLE NC. 28078

4   Vehicle Towed by MONYARDS

M-302419

M-302420

Describe What Happened (Refer to Units by Number)

UNIT #1 WAS TRAVELING NORTH ON I-85. UNIT #1 WAS ATTEMPTING TO PASS ANOTHER VEHICLE. UNIT #1 SWERVED LEFT INTO THE GRASS MEDIAN AND OVERTURNED SEVERAL TIMES. UNIT #1 THEN CROSSED THE SOUTHBOUND LANES OF I-85 AND STRUCK AN EMBANKMENT.

NOTICE - THE UNIFORM TRAFFIC COLLISION REPORT IS FOR STATISTICAL REPORTING PURPOSES ONLY AND REFLECTS TO OFFICER'S BEST KNOWLEDGE, OPINION, AND BELIEF COVERING THE COLLISION BUT NO WARRANT IS MADE AS TO THE FACTUAL ACCURACY THEREOF.

Damage to Property Other Than Vehicle   Estimated Amt. of Damage to Vehicle 5900

Witness Full Name HANSEN - RONALD L. JR.   Address 1163 CARTEE RD. ANDERSON SC.   Phone (864) 287-7843

| | | | Date of Birth | | | | | Name | Address |
|---|---|---|---|---|---|---|---|---|---|
| 1 | M | H | 1967-09-22 | 11 | 52 | 1 | 2 | 1 | 4 | GUTIERREZ-MAURICIO | 1508 NORTHWEST AVE B, BELLE GLADE, FL. 33430 |
| 1 | M | H | 1960-11-24 | 13 | 52 | 1 | 1 | 1 | 2 | AVALOS-GUSTAVO | EL REFUGIO, S.D. MEXICO |
| 1 | M | H | 196A-11-16 | 21 | 11 | 1 | 1 | 1 | 2 | CRUZ-FRANCISCO | EL REFUGIO RD. MEXICO |
| 1 | M | H | 1960-01-2823 | 11 | 2 | 1 | 1 | 4 | | VAZQUEZ-LUIS CRUZ | 281 LAKEWOOD DR. MARIETTA GA 30060 |

Investigator's Name DEAN - J.D.   Rank CPL   Badge 161   Agency Type Code HPO300   Date 9-30-00

Cause No. 2001-10-4445-A

| | | |
|---|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased<br>    Plaintiffs | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |

LUZ GLORIA MAHECHA DE BERRETO,
As Next Friend of CAMILLA MARIA
VANENTINO MEDELLIN, Minor Child of
David Luis Felipe Medellin, Deceased, and
As Personal Representative of the ESTATE
OF DAVID LUIS FELIPE MEDELLIN
    Plaintiffs

NORRISON FABER ZAPATA, Individually
and As Next Friend of STEFANIA ZAPATA
and SANTIAGO ZAPATA, Minor Children
of Claudia Rodriguez-Marin, Deceased and
As Personal Representative of the ESTATE
OF CLAUDIA RODRIGUEZ-MARIN
    Plaintiffs

KIEU OANH LAM and THONG LAM,
Individually and as Personal Representative
of the Estate of SON T. LAM, Deceased, and
BOUNMA THAMMAVONG, Individually
and as Next Friend of DANNY NGUYEN
and ALEX THAMMAVONG, Minor
Children of VAHN THAMMAVONG,
Deceased and As Personal Representative of
the ESTATE OF VAN THAMMAVONG
and NOY KHOUNSAVNH, Individually and
as Next Friend of MALDINI
KHOUNSAVANH, Minor Children of
GERMANIE THAI, Deceased
    Intervenors

V.

ESTATE OF MAURICIO PONCE
GUTIERREZ, CON-WAY
TRANSPORTATION SERVICES, INC.
d/b/a CON-WAY SOUTHERN EXPRESS,
and KYOTTO DERON KEENAN
    Defendants

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

107TH JUDICIAL DISTRICT

CAMERON COUNTY, TEXAS

FILED _____ 9:31 O'CLOCK ___ M
AURORA DE LA GARZA, DIST. CLERK

APR 09 2002

DISTRICT COURT CAMERON COUNTY TEXAS
BY _____ DEPUTY
Rosie Sotelo

## MOTION TO REQUIRE ATTORNEY TO SHOW AUTHORITY

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Defendant CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS ("CON-WAY") and does file this its Motion to Require Attorney to Show Authority and does respectfully state as follows:

Pursuant to Texas Rules of Civil Procedure, Rule 12, CON-WAY states and verifies that, according to its information and belief, the suit against the representative of the ESTATE OF MAURICE PONCE GUTIERREZ is being defended without authority. CON-WAY moves the Court to cause Larry W. Lawrence, Jr., the purported attorney for the representative of the ESTATE OF MAURICE PONCE GUTIERREZ, to be cited to appear before the Court and show his authority to act on behalf of the Estate and the Estate's representative.

Respectfully submitted,

STRASBURGER & PRICE, L.L.P.
300 Convent St., Suite 500
San Antonio, TX 78205
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

EDWARD F. VALDESPINO
State Bar No. 20424700
CYRUS F. REA II
State Bar No. 00797291

COUNSEL FOR DEFENDANT
CON-WAY TRANSPORTATION SERVICES, INC.
d/b/a CON-WAY SOUTHERN EXPRESS

2

## CERTIFICATE OF SERVICE

On the _____ day of April, 2002, a true and correct copy of the foregoing document has been forwarded via certified mail, return receipt requested, to:

Mr. Dick James
611 N. Main St.
Greenville, SC 29601

Mr. B. Allen Clardy, Jr.
Mr. William A. Jordan
667 N. Academy St.
Greenville, SC 29601

Mr. D. Craig Olivier
Mr. Dennis R. Mundy
Oliver & Mundy, L.L.P.
1414 W. Clay
Houston, TX 77019

Mr. Larry W. Lawrence, Jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, TX 78503

Mr. Joseph A. Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
P.O. Box 2155
Brownsville, TX 78522

Mr. Birger Greg Bacino
Mr. Richard P. Verlasky
3033 Fifth Ave., Suite 301
San Diego, CA 92103

_____
Edward F. Valdespino
Cyrus E. Rea II

239610.1

3

Cause No. 2001-10-4445-A

| | | |
|---|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased<br>        Plaintiffs | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VANENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN<br>        Plaintiffs | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |

NORRISON FABER ZAPATA, Individually
and As Next Friend of STEFANIA ZAPATA
and SANTIAGO ZAPATA, Minor Children
of Claudia Rodriguez-Marin, Deceased and
As Personal Representative of the ESTATE
OF CLAUDIA RODRIGUEZ-MARIN
        Plaintiffs

KIEU OANH LAM and THONG LAM,
Individually and as Personal Representative
of the Estate of SON T. LAM, Deceased, and
BOUNMA THAMMAVONG, Individually
and as Next Friend of DANNY NGUYEN
and ALEX THAMMAVONG, Minor
Children of VAHN THAMMAVONG,
Deceased and As Personal Representative of
the ESTATE OF VAN THAMMAVONG
and NOY KHOUNSAVNH, Individually and
as Next Friend of MALDINI
KHOUNSAVANH, Minor Children of
GERMANIE THAI, Deceased
        Intervenors

V.

ESTATE OF MAURICIO PONCE
GUTIERREZ, CON-WAY
TRANSPORTATION SERVICES, INC.
d/b/a CON-WAY SOUTHERN EXPRESS,
and KYOTTO DERON KEENAN
        Defendants



107TH JUDICIAL DISTRICT

CAMERON COUNTY, TEXAS

## MOTION TO REQUIRE ATTORNEY TO SHOW AUTHORITY

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW Defendant CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS ("CON-WAY") and does file this its Motion to Require Attorney to Show Authority and does respectfully state as follows:

Pursuant to Texas Rules of Civil Procedure, Rule 12, CON-WAY states and verifies that, according to its information and belief, the suit against the representative of the ESTATE OF MAURICE PONCE GUTIERREZ is being defended without authority. CON-WAY moves the Court to cause Larry W. Lawrence, Jr., the purported attorney for the representative of the ESTATE OF MAURICE PÓNCE GUTIERREZ, to be cited to appear before the Court and show his authority to act on behalf of the Estate and the Estate's representative.

Respectfully submitted,

STRASBURGER & PRICE, L.L.P.
300 Convent St., Suite 500
San Antonio, TX 78205
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

EDWARD F. VALDESPINO
State Bar No. 20424700
CYRUS F. REA II
State Bar No. 00797291

COUNSEL FOR DEFENDANT
CON-WAY TRANSPORTATION SERVICES, INC.
d/b/a CON-WAY SOUTHERN EXPRESS

2

## CERTIFICATE OF SERVICE

On the ⁵/ᵗ day of April, 2002, a true and correct copy of the foregoing document has been forwarded via certified mail, return receipt requested, to:

Mr. Dick James
611 N. Main St.
Greenville, SC 29601

Mr. B. Allen Clardy, Jr.
Mr. William A. Jordan
667 N. Academy St.
Greenville, SC 29601

Mr. D. Craig Olivier
Mr. Dennis R. Mundy
Oliver & Mundy, L.L.P.
1414 W. Clay
Houston, TX 77019

Mr. Larry W. Lawrence, Jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, TX 78503

Mr. Joseph A. Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
P.O. Box 2155
Brownsville, TX 78522

Mr. Birger Greg Bacino
Mr. Richard P. Verlasky
3033 Fifth Ave., Suite 301
San Diego, CA 92103

Edward F. Valdespino
Cyrus E. Rea II

239610.1

3

Cause No. 2001-10-4445-A

| | |
|---|---|
| NAM THAI, As Next Friend of LOAN<br>THAI, Minor Child of Germanie Thai,<br>Deceased<br>     Plaintiffs<br><br>LUZ GLORIA MAHECHA DE BERRETO,<br>As Next Friend of CAMILLA MARIA<br>VANENTINO MEDELLIN, Minor Child of<br>David Luis Felipe Medellin, Deceased, and<br>As Personal Representative of the ESTATE<br>OF DAVID LUIS FELIPE MEDELLIN<br>     Plaintiffs<br><br>NORRISON FABER ZAPATA, Individually<br>and As Next Friend of STEFANIA ZAPATA<br>and SANTIAGO ZAPATA, Minor Children<br>of Claudia Rodriguez-Marin, Deceased and<br>As Personal Representative of the ESTATE<br>OF CLAUDIA RODRIGUEZ-MARIN<br>     Plaintiffs<br><br>KIEU OANH LAM and THONG LAM,<br>Individually and as Personal Representative<br>of the Estate of SON T. LAM, Deceased, and<br>BOUNMA THAMMAVONG, Individually<br>and as Next Friend of DANNY NGUYEN<br>and ALEX THAMMAVONG, Minor<br>Children of VAHN THAMMAVONG,<br>Deceased and As Personal Representative of<br>the ESTATE OF VAN THAMMAVONG<br>and NOY KHOUNSAVNH, Individually and<br>as Next Friend of MALDINI<br>KHOUNSAVANH, Minor Children of<br>GERMANIE THAI, Deceased<br>     Intervenors<br><br>V.<br><br>ESTATE OF MAURICIO PONCE<br>GUTIERREZ, CON-WAY<br>TRANSPORTATION SERVICES, INC.<br>d/b/a CON-WAY SOUTHERN EXPRESS,<br>and KYOTTO DERON KEENAN<br>     Defendants | IN THE DISTRICT COURT<br><br><br><br>FILED _____ O'CLOCK _____ M<br>AURORA DE LA GARZA DIST. CLERK<br><br>APR 0 8 2002<br><br>DISTRICT COURT OF CAMERON COUNTY, TEXAS<br>_____ DEPUTY<br><br><br><br>107TH JUDICIAL DISTRICT<br><br><br><br><br><br><br>CAMERON COUNTY, TEXAS |

§ § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § §

**MOTION TO DISMISS ON GROUNDS OF FORUM NON CONVENIENS**
**And**
**MOTION TO TRANSFER VENUE**

COMES NOW CON-WAY TRANSPORTATION SERVICES, INC. ("Con-Way") and does file this, its Motion to Dismiss and Motion to Transfer Venue, and does respectfully state as follows:

*Pursuant to Texas Rules of Civil Procedure, Rule 86(1), Con-Way's Motion to Transfer Venue is filed concurrently with its Motion to Dismiss and its Answer and General Denial. For purposes of "due order of pleadings," the latter two pleadings are filed subject to the Motion to Transfer Venue.*

**I.**

**BRIEF BACKGROUND**

On or about September 30, 2000, two collisions involving several vehicles occurred near the City of Anderson, South Carolina. These collisions resulted in several deaths. The Plaintiffs and Intervenors consist of individuals allegedly injured as a result of the collision, Next Friends of certain minors, and representatives of the estates of individuals allegedly killed as a result of the collision.

The Plaintiffs and Intervenors bring claims against Con-Way. In addition, the Plaintiff and Invervenors have brought claims against the Defendant Kyotto Deron Keenan, an individual who allegedly was operating a vehicle in the course and scope of his employment for Con-Way. Finally, Plaintiffs and Intervenors have filed suit against the Estate of Mauricio Ponce Gutierrez; Mauricio Ponce Gutierrez was allegedly a driver of one of the vehicles involved in one of the collisions.

None of the Plaintiffs or Intervenors reside in or are citizens of the State of Texas.

2

Defendant Keenan resides in and is a citizen of the State of Georgia.

Con-Way is a Delaware Corporation with its principal place of business in the State of Michigan. *See* Affidavit, attached as Exhibit B.

The decedent Maricio Ponce Gutierrez was a resident of Florida at the time of his death. *See* Affidavit, attached as Exhibit C. Likewise, the alleged representative of his Estate is a resident of Florida. *See* Exhibit A.

The only connection this case has with Texas is the Estate of Mauricio Ponce Gutierrez, which is allegedly being administered in Cameron County. In reality, an administration has been filed in no court in Cameron County. *See* Affidavit, attached as Exhibit C. Moreover, the Estate of Mauricio Ponce Gutierrez, on November 3, 2001, filed a Motion to Transfer Venue, stating that Cameron County was an inconvenient forum. *See* Exhibit A.

## II.

## VERIFIED DENIAL OF VENUE ALLEGATIONS

Con-Way specifically denies the venue facts alleged by Plaintiffs and Intervenors. Specifically, Con-Way denies that Mauricio Ponce Gutierrez was a resident of Cameron County, Texas at the time of his death. Con-Way further denies that any estate of Mauricio Ponce Gutierrez is being administered in Cameron County.

## III.

## MOTION TO DISMISS ON GROUNDS OF FORUM NON CONVENIENS

Pursuant to CPRC §71.051, *et seq.* and the common law, Con-Way moves to dismiss this action on the ground of forum non conveniens. Texas is an improper forum for two principle

3

reasons. First, according to the applicable statutes, venue is improper in all Texas counties. Second, even if some county did have venue, this case should not proceed in Texas.

**A.    Venue is Improper in All Texas Counties.**

Con-Way directs the Court to the Plaintiffs' Original Petitions. Each of these Petitions, later consolidated into the present case, contain the exact same explanation regarding venue.   F i r s t, Plaintiffs claim venue is proper pursuant to Texas Probate Code, §6. Second, Plaintiffs claim Mauricio Ponce Gutierrez had a permanent residence in Cameron County at the time of the accident.

Neither allegation establishes venue in Cameron County. Moreover, the clear reading of the applicable venue statutes forces one to conclude that no county in Texas is a proper venue for this suit.

**1.     Venue and the Probate Code**

Turning first to the Plaintiffs' reference to the Probate Code, the Court will note that TEX.PROB.C. §6 pertains to the proper venue for the administration of an estate. It says nothing about venue for suits *against* an estate such as the one before the court. In reality, venue in these types of actions is governed not by the Probate Code, but by the Civil Practice and Remedies Code ("CPRC").

In regard to suits against an estate, CPRC §15.031 states that permissive venue lies in the county in which the estate is administered only in cases involving a "money demand against the estate." *See* CPRC §15.031. The phrase "money demand against the estate" contemplates suits brought by heirs or parties who had contracted with the decedent. *See e.g. Nunn v. Titche-Goettinger Co.*, 196 S.W. 890, 892 (Tex.Civ.App.--Dallas 1917, writ dism'd w.o.j) ("A demand against the estate ordinarily would be some debt or obligation of the testator incurred in his lifetime or some

4

enforceable debt or obligation of his representatives incurred subsequent to the testator's death.") The present case does not involve a "money demand against the estate." Rather, it involves a straightforward tort claim which, according to case law, does not constitute a "money demand." *See e.g. Adams v. McHam*, 289 S.W.2d 319, 320 (Tex.Civ.App.--Amarillo 1956, no writ)("in the present cause of action [...] neither of the two deceased persons contracted to perform an obligation in Dickens County. Also, at this point in the litigation of the tort claim of appellees, no money demand now exists as against the estate of the deceased parties but must be established by the suit. [ . . . ] The legal principle as to venue being established by the written contract of a deceased person sheds no light on the issue of venue as to a tort claim against the executors of a deceased person's estate.")

More to the point, CPRC §15.031 goes on to specify where venue lies in cases brought against an estate "growing out of a negligent act or omission" of the decedent. In such cases, venue lies "in the county in which the negligent act or omission" occurred. CPRC §15.031. The alleged negligent act did not occur in Cameron County. It occurred in South Carolina.

Finally, even if the claim against the Estate was a "money demand," venue would not be proper in Cameron County due to the fact that the Estate is not being administered in Cameron County. *See* Affidavit, attached as Exhibit C.

### 2.    Venue By Virtue of Residency

As their second ground for venue, Plaintiffs allege Mauricio Ponce Gutierrez "had a permanent residence in Cameron County."

The venue provision relied upon by Plaintiffs is CPRC §15.002(a)(2) which states permissive venue is proper in the "county of defendant's residence at the time the cause of action accrued *if the defendant is a natural person.*" (emphasis added.)

5

The defendant in this case is *not* a "natural person." Rather, the defendant is an Estate. Accordingly, CPRC §15.002(a)(2) is inapplicable, especially in light of the fact that a separate provision in the venue statute -- discussed above -- specifically deals with Estates. *See* CPRC §15.031.

But even if CPRC §15.002(a)(2) applied, venue would *still* be improper in Cameron County due to the fact that at the time of the accident Mauricio Ponce Gutierrez was a resident of the State of Florida. *See* Affidavit, attached as Exhibit B. Specifically, at the time of the accident, Mauricio Ponce Gutierrez was living at 1508 Northwest Avenue B., Belle Glade, FL 38420 -- nearly a thousand miles away from Cameron County. *See* Affidavit, attached as Exhibit C.

**B.     Even If Venue Lies in a Texas County, Texas is Still an Improper Forum**

CPRC §71.051 sets forth two specific procedures for bringing forum non conveniens motions; one is designed for Plaintiffs who are United States residents, and the other for those who are not. *Id.*

In regard to the Plaintiffs who are U.S. Citizens, Con-Way must show the following by a preponderance of the evidence:

1.     An alternative forum exists in which the claim or action may be tried;

2.     The alternative forum provides an adequate remedy;

3.     Maintenance of the claim or action in the courts of Texas would work a substantial injustice to the moving parties;

4.     The alternative forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the Defendants properly joined to the Plaintiffs' claim;

5.     The balance of the private interest of the parties and the public interest of the parties and the public interest of the state predominate in favor of the claim or actions being brought in alternative forum; and

6. The state where dismissal would not result in unreasonable duplication or proliferation of litigation.

CPRC §71.051(b)(1-6).

### 1. Element Numbers One and Two

Regarding elements one and two, South Carolina is an alternative forum and allows causes of action for wrongful death. *See* S. CAROL. CODE §15-51-10, *et seq.* (setting forth civil action for wrongful act causing death); *see also Mishoe v. Atlantic Coast Line RR Co.*, 197 S.Car. 402 (1938) (setting forth elements of wrongful death actions).

### 2. Element Number Three

In regard to element number three, there is little question that the maintenance of this cause of action in the courts of Texas would work a substantial injustice to the moving parties. The court is directed to the Estate of Mauricio Ponce Gutierrez's Motion to Transfer Venue attached hereto as Exhibit A wherein the Estate states its representative currently resides and works in the State of Florida and that the maintenance of this lawsuit in the State of Texas would constitute an "undue hardship" on the representative if she was required to travel to Brownsville, Texas to attend depositions and trial.

Likewise, the incident made the basis of this lawsuit – namely, multi-vehicle pile-up on the highways of South Carolina – was responded to by South Carolina Highway Patrolmen who, presumably, live in South Carolina. Their police report and testimony is essential to the adjudication of this matter as will be the deposition testimony of any and all witnesses to the collision who, likewise, presumably live in South Carolina.

Finally, those involved in the collision– many of whom are Plaintiffs and Intervenors – were

7

presumably treated, at least initially, in medical facilities in South Carolina. These witnesses' testimony is likewise essential to this case.

In short, none of the Plaintiffs are from Texas. None of the witnesses are from Texas. Neither Con-Way nor Keenan are from Texas. The Estate of Mauricio Ponce Gutierrez is represented by an individual who has already begged the Court to transfer this case out of Cameron County. To allow this suit to continue in a forum nearly 1,500 miles away from the site of the collision would work a substantial injustice, not only to the moving parties but to the moving parties' co-defendants.

### 3. Element Number Four

Regarding element number four, South Carolina allows all out-of-state parties involved in a suit arising from a motor vehicle accident to be served via the South Carolina Department of Public Safety. S. CAROL. CODE §15-9-350.

### 4. Element Number Five

Regarding element number five, as this collision occurred on the highways of South Carolina and the aftermath of the collision was investigated by officers of the South Carolina State Police, it would appear rather obvious that the State of South Carolina has a greater interest in the outcome of this suit than does the State of Texas. More generally, the types of public interest Texas courts frequently consider include:

1.  Administrative difficulties caused by litigation not handled out of the origin;
2.  Jury duty imposed upon people in the community that have no relation due to this litigation;
3.  Inability of people whose affairs may be touched by litigation to learn of it other than by way of reported file is held in a remote part of the country;
4.  Local interest in having localized controversies decided at home; and
5.  The appropriateness of having a trial in a diversity case in a forum that is familiar

8

with the state law that must govern a case, rather than having a court in some other forum untangle problems and conflict of law that is foreign.

See *Baker v. Bell Helicopter Textron, Inc.* 985 S.W. 2d 272 (Tex. App. – Ft. Worth 1999, writ denied)(citing *Dallas Gulf Oil Corporation v. Gilbert,* 330 U.S. 501, 508-09 (1947)).

Reviewing these five factors, it becomes increasingly clear that South Carolina has a far greater interest in hosting this litigation than Texas. It makes no sense to have citizens of Brownsville considering and determining duties and standards that will affect the operators of motor vehicles in South Carolina. Likewise, this was a monumental collision involving numerous vehicles, yet those whose affairs who may be touched by this collision and this litigation will have no way of learning of it as Plaintiffs have secreted this case down to Brownsville, Texas. Finally, as *Baker* pointed out, there is no purpose served in opening the Pandoras' box of conflict-of-law issues.

**5. Element Number Six**

Finally, regarding element number six, there will be no unreasonable duplication or proliferation of litigation. This litigation is at a very early stage. No discovery has been served, no depositions have been set, and no motions are pending.

Few cases discuss the application of CPRC §71.051 in cases such as the one currently before the Court. The most similar case is *Baker*. In *Baker*, none of the Plaintiffs were from Texas. The helicopter accident that formed the basis of the lawsuit did not occur in Texas, and all of the witnesses resided outside of Texas. The fact that the designer of the helicopter had its principal place of business in Tarrant County provided the only Texas connection. *Id.* Even in light of this connection, the Court of Appeals upheld the trial court's refusal to exercise jurisdiction. *Baker,* 985 S.W.2d at 275-76. In the present case, there is even less of a connection to Texas than in *Baker*. The only corporate defendant, Con-Way, has no principal place of business in Texas. Likewise,

9

Defendant Keenan is not a resident of Texas. And, the administration of the Estate of Mauricio Ponce Gutierrez has not been filed in Cameron County. But, even if it had, the personal representative has already appeared before the Court stating that the maintenance of this case in Cameron County would constitute an undue hardship.

Con-Way also directs the Court's attention to CPRC §71.051(e) which states that the Court shall dismiss a claim if the Court finds by preponderance of the evidence that a party was joined solely for the purposes of obtaining or maintaining jurisdiction in the State and that the party's claim would be more properly heard in a forum outside the State. It is Con-Way's contention that the Estate of Mauricio Ponce Gutierrez was joined solely for the purpose of obtaining or maintaining jurisdiction in this State. As set forth above, Mauricio Ponce Gutierrez was a resident of Florida, as is the personal representative of the Estate. It is also Con-Way's contention that no administration of the Estate has been filed in Cameron County and the Estate has been named in the suit for no other reason than to manufacture venue in Cameron County. Accordingly, pursuant to CPRC §71.051(e) Con-Way urges the Court to dismiss the Plaintiffs' claim.

In regard to the Plaintiffs and Intervenors who may not be legal residents of the United States, CPRC §71.051(a) sets forth a far less stringent standards. Instead of proving by a preponderance of the evidence the six elements listed above, the Court need only find that "in the interest of justice a claim or action [...] would be more properly heard in a forum outside this State." It is obvious and not fairly deniable that the interests of justice will not be advanced by litigating this matter in Texas in light of the fact that the lawsuit arises from an incident that occurred in South Carolina, is being prosecuted by no Texas Plaintiffs or Intervenors, is being prosecuted against no Texas Defendants, and will necessitate the testimony of witnesses who all reside outside the State of Texas.

10

## III.

## MOTION TO TRANSFER VENUE

As argued above, this case does not belong in Texas. Nevertheless, if the Court had to choose a county in which venue was proper, the only possible choice would be Tarrant County.

CPRC §15.002(a) sets forth the basic options for venue. The only option that could apply is CPRC §15.002(a)(3) which states that venue lies in the county of the "defendant's principal office in this state, if the defendant is not a natural person."[1]

The principal place of business for Con-Way is Michegan. Nevertheless, considering only the counties of Texas, only Tarrant County can be said to contain Defendant's "principal office in the state." *See* Affidavit, attached as Exhibit B.

As set forth above, no county in Texas has proper venue. But, if the court was forced to choose, only Tarrant County would be appropriate.

## IV.

## CONCLUSION

Defendant Con-Way respectfully requests that this Court dismiss this cause of action on the grounds of Forum Non Conveniens. Plaintiffs and Intervenors have no business bringing this cause of action in Cameron County when a far superior form exists in South Carolina. For far too long, the course of the State, particularly for those in southern Texas, have been plagued by forum

---

[1]A corporate defendant's "principal office in this state" must not be confused with the corporate defendant's "principal place of business" for purposes of a diversity analysis. The latter is concerned with the nation as a whole, while the former concerns the principal office in the State. For instance, in the case of *In re Missouri Pac. R. R. Comp.*, 998 S.W.2d 212 (Tex.1999), there was no dispute that the corporate defendant's headquarters were in Omaha, Nebraska. *Id.*, 998 S.W.2d at 220. Nevertheless, for venue purposes, the court was concerned with "the role of decision makers in Jefferson County relative to the rest of the company in Texas." *Id.*

shopping and disingenuous efforts to establish venue.  The Texas State Legislature has given the

Court the power to exercise justice, protect its integrity, and nip these cases in the bud.

WHEREFORE, PREMISES CONSIDERED The Movant respectfully requests this Court

grant its Motion to Dismiss or, in the alternative, Transfer Venue to Tarrant County.

Respectfully submitted,

STRASBURGER & PRICE, L.L.P.
300 Convent St., Suite 500
San Antonio, TX 78205
Telephone:  (210) 250-6000
Facsimile:  (210) 250-6100

EDWARD F. VALDESPINO
State Bar No. 20424700
CYRUS F. REA II
State Bar No. 00797291

MARK S. SCUDDER
State Bar No. 17936300
STRASBURGER & PRICE, L.L.P.
Bank of America Plaza
901 Main Street, Suite 4300
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile:  (214) 651-4330


COUNSEL FOR DEFENDANT
CON-WAY TRANSPORTATION SERVICES, INC.
d/b/a CON-WAY SOUTHERN EXPRESS

12

## CERTIFICATE OF SERVICE

On the 5th day of April, 2002, a true and correct copy of the foregoing document has been forwarded via certified mail, return receipt requested, to:

Mr. Dick James
611 N. Main St.
Greenville, SC 29601

Mr. B. Allen Clardy, Jr.
Mr. William A. Jordan
667 N. Academy St.
Greenville, SC 29601

Mr. D. Craig Olivier
Mr. Dennis R. Mundy
Oliver & Mundy, L.L.P.
1414 W. Clay
Houston, TX 77019

Mr. Larry W. Lawrence, Jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, TX 78503

Mr. Joseph A. Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
P.O. Box 2155
Brownsville, TX 78522

Mr. Birger Greg Bacino
Mr. Richard P. Verlasky
3033 Fifth Ave., Suite 301
San Diego, CA 92103


_____
Edward F. Valdespino
Cyrus F. Rea II

13

CAUSE NO. 2001-10-4457-A

| | | |
|---|---|---|
| NORRISON FABER ZAPATA,<br>Individually and as Next Friend to<br>STEFANIE ZAPATE and SANTIAGO<br>ZAPATA, Minor Children of Claudia<br>Rodriguez-Marin, Deceased and as<br>Personal Representative of the Estate of<br>CLAUDIA RODRIGUEZ-MARIN<br>Plaintiffs<br><br>VS.<br><br>ESTATE OF MAURICIO PONCE<br>GUTIERREZ ET AL<br>Defendants | § § § § § § § § § § § § § § § | IN THE DISTRICT COURT<br><br><br><br><br><br>107th JUDICIAL DISTRICT<br><br><br><br><br>CAMERON COUNTY, TEXAS |

## DEFENDANT'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JUAN MARIA AGUILAR PEREZ IN HER CAPACITY AS THE REPRESENTATIVE OF THE ESTATE OF MAURICIO PONCE GUTIERREZ, and filed this Motion to Transfer Venue, and contemporaneous with same, files an Original Answer to Plaintiffs' Original Petition, and for cause would show the following:

### I. GENERAL DENIAL

Subject to the Motion to Transfer Venue contained herein, Defendant, in her capacity as the personal representative of the Estate of Mauricio Ponce Aguilar, denies each and every, all and singular, the allegations contained within Plaintiffs' Original Petition and demands strict proof of same.

### III. MOTION TO TRANSFER VENUE

Pursuant to C.P.R.C. Section 15.002(b), Defendant hereby request a transfer of venue on the basis that Cameron County is not a convenient forum. The representative of the Estate of Mauricio Ponce Aguilar Juan Maria Aguilar Perez, currently a resides and works in the State of Florida. It would place an undue hardship for hence travel to Brownsville, Texas to attend depositions and trial.

WHEREFORE, PR... ..., Defendants asks this court to set a hearing on the

C:\Activefiles\PonceMauri... ...-z.wpd                                        1

Motion to Transfer Venue at the earliest time, and that upon such hearing, transfer this case to a county of

greater convenience. Subject to the Motion to Transfer Venue, Defendant request that the Plaintiffs take

nothing by their suit, and the court grant such other relief to which this Defendant may be justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 680
McAllen, Texas 78503
(956) 994-0057
(956) 994-0741 FAX

By: _____
LARRY W. LAWRENCE, JR.
State Bar No. 00794195

ATTORNEY FOR DEFENDANT PONCE

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document has been forwarded to the following on this ___3rd___ Day of _November_ 2001:

**ATTORNEY FOR PLAINTIFFS**

Tony Rodriguez                    *Via Fax (956) 971-9451*
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Brownsville, Texas 78504.

LARRY W. LAWRENCE, JR.

## AFFIDAVIT OF KARYN VORWALLER

STATE OF OREGON                     §
                                    §
COUNTY OF MULTNOMAH                 §

BEFORE ME, the undersigned authority, on this day personally appeared Karyn Vorwaller, known to me to be the person whose name is subscribed to the foregoing document, and being by me first duly sworn, declared that the statements herein contained are within her personal knowledge and are true and correct.

1.      "My name is Karyn Vorwaller. I am over the age of 21 years and have never been convicted of a felony. I am of sound mind and am fully qualified to make this Affidavit and competent to testify as stated herein.

2.      "Con-Way Transportation Services, Inc. d/b/a Con-Way Southern Express is a Delaware corporation with its principal place of business in the State of Michigan. Con-Way Southern Express is part of Con-Way Transportation Services, Inc. and has an administrative office in Tarrant County, Texas.

"Further, Affiant sayeth not."

_Karyn A. Vorwaller_
By:  Karyn Vorwaller
Title: Casualty Claims Supervisor for Con-Way

SUBSCRIBED AND SWORN TO before me on this 5⁴ day of April, 2002.

_Margaret J. Rofinot_
Notary Public, State of Oregon

239663.1



MARGARET J. ROFINOT
NOTARY PUBLIC   OREGON
COMMISSION NO. 317274

## VERIFICATION

STATE OF OREGON                    §
                                   §
COUNTY OF MULTNOMAH                §

    BEFORE ME, the undersigned authority, on this day personally appeared Karyn Vorwaller, Casualty Claims Supervisor for CON-WAY TRANSPORTATION SERVICES, INC., known to me to be the person whose name is subscribed to the foregoing instrument who, after being duly sworn and deposed, says that the above and foregoing statements are true and correct.

CON-WAY TRANSPORTATION SERVICES, INC.

*Karyn Vorwaller*

By Karyn Vorwaller

    SUBSCRIBED AND SWORN TO BEFORE ME by the said _____ on this 5th day of _April_____, 2002, to certify which witness my hand and official seal.

*Margaret J Rofinot*

Notary Public, State of Oregon

239554.1

OFFICIAL SEAL
MARGARET J ROFINOT
NOTARY PUBLIC · OREGON
COMMISSION NO. 315874
MY COMMISSION EXPIRES SEPT. 14, 2003

14

Cause No. 2001-10-4445-A

| | | |
|---|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased<br>　　　Plaintiffs | § § § § | IN THE DISTRICT COURT |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VANENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN<br>　　　Plaintiffs | § § § § § § § § § | |
| NORRISON FABER ZAPATA, Individually and As Next Friend of STEFANIA ZAPATA and SANTIAGO ZAPATA, Minor Children of Claudia Rodriguez-Marin, Deceased and As Personal Representative of the ESTATE OF CLAUDIA RODRIGUEZ-MARIN<br>　　　Plaintiffs | § § § § § § § § § | 107TH JUDICIAL DISTRICT |
| KIEU OANH LAM and THONG LAM, Individually and as Personal Representative of the Estate of SON T. LAM, Deceased, and BOUNMA THAMMAVONG, Individually and as Next Friend of DANNY NGUYEN and ALEX THAMMAVONG, Minor Children of VAHN THAMMAVONG, Deceased and As Personal Representative of the ESTATE OF VAN THAMMAVONG and NOY KHOUNSAVNH, Individually and as Next Friend of MALDINI KHOUNSAVANH, Minor Children of GERMANIE THAI, Deceased<br>　　　Intervenors | § § § § § § § § § § § § § § § § | |
| V. | § § | |
| ESTATE OF MAURICIO PONCE GUTIERREZ, CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS, and KYOTTO DERON KEENAN<br>　　　Defendants | § § § § § § | CAMERON COUNTY, TEXAS |

**AFFIDAVIT OF KIM PRICE**



STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

BEFORE ME, the undersigned authority, on this day personally appeared KIM PRICE, known to me to be the person whose name is subscribed to the foregoing document, and being by me first duly sworn, declared that the statements herein contained are within her personal knowledge and are true and correct.

1.      "My name is KIM PRICE. I am over the age of 21 years and have never been convicted of a felony. I am of sound mind and am fully qualified to make this Affidavit and competent to testify as stated herein.

2.      Attached to this Affidavit, as Exhibit 1, is a true and correct of a portion of the police report generated as a result of the incident made the basis of the above-captioned lawsuit. As stated in the police report, the residence of Mauricio Ponce Gutierrez at the time of the incident was 1508 N. W. Avenue B, Belle Glade, Florida 38430. Also as indicated on the attached Exhibit, Mauricio Ponce Gutierrez held a Florida driver's license number G362-555-67-342-0.

3.      I have personally researched the residences of Mauricio Ponce Gutierrez stretching back to 1988 utilizing a computerized database with access to such information. Records that I have personally observed indicate that Mauricio Ponce Gutierrez was a resident of Florida at the time of the incident made the basis of the above-captioned lawsuit. Furthermore, Mauricio Ponce Gutierrez was a resident of Florida for several years prior to the incident.

4.      I have personally contacted the Clerk of the County Courts for Cameron County to determine whether any administration or other probate proceedings had been filed in any of the courts in Cameron County. As of April 5, 2002, no administration for the Estate of Mauricio Ponce

2

Gutierrez has been filed in any court in Cameron County nor have there been any filings in any matters related to any Estate of Mauricio Ponce Gutierrez. In addition, I have discovered no record of any personal representative being appointed or registered for the Estate of Mauricio Ponce Gutierrez.

Further, Affiant sayeth not."



KIM PRICE

SUBSCRIBED AND SWORN TO before me on this _5th_ day of April, 2002.

Notary Public, State of _TX_

54WH01!.WPD



WYNNE M. BREDLOW
Notary Public
STATE OF TEXAS
My Comm. Expires 11-13-2005

3



**EXHIBIT "1"**

ORIGINAL
00110303 1009 2000

Date 9-30-00  Time 0530  County 04

ON 85
BASE INTERSECTION  FROM 71
SECOND INTERSECTION  TOWARD 76

52 FEET

Time Police Notified 0530  Time Police Arrived 0549  Time Ambulance Arrived 0552

City or Town ANDERSON  Or If Outside 4.55  D.P.S. USE ONLY 1190

Driver or Pedestrian Full Name: GUTIERREZ - MAURICIO PONCE
Birth Date 9-22-67
Street or R.F.D. 1508 Northwest Ave. B Lot #5
City, State & Zip BELLE GLADE, FL. 33430
Driver License Number (362)-555-67-342-0
State FL  Class 2  Driver License Number
Year 88  Body VAN  Make & Vehicle Identification Number FORD-1FBJS3IHIJHB77572
State NC  Year 00  License Plate Number KYR-5118  Owner's Drivers License Number

Driver or Pedestrian Full Name: CRUZ - LUIS
Home Telephone #704 535-0549
Bus. Telephone  Street or R.F.D. 406 D. Concord Rd.
Residence County HUNTERSVILLE NC. 28078
Speed Limit 70

Contrib to Acc 4  Estimated Speed 85  Speed Limit 70  COMMERCIAL VEHICLE 1-YES 2-NO

Act Occupants 4  Vehicle Towed by MONARDS
M-302419

M-302420

Direction of Travel  NORTH
Describe What Happened (Refer to Units by Number)

UNIT#1 WAS TRAVELING NORTH ON
I-85. UNIT#1 WAS ATTEMPTING TO
PASS ANOTHER VEHICLE. UNIT#1 SWERVED
LEFT INTO THE GRASS MEDIAN AND
OVERTURNED SEVERAL TIMES. UNIT#1
THEN CROSSED THE SOUTHBOUND LANES
OF I-85 AND STRUCK AN EMBANKMENT

Embankment

LAND MEDIAN

NOTICE - THE UNIFORM TRAFFIC COLLISION REPORT IS FOR STATISTICAL REPORTING PURPOSES ONLY AND REFLECTS TO OFFICER'S BEST KNOWLEDGE, OPINION, AND BELIEF COVERING THE COLLISION BUT NO WARRANT IS MADE AS TO THE FACTUAL ACCURACY THEREOF.

SPECIAL USE ONLY  INTERNAL AGENCY CODE

Damage to Property Other Than Vehicle
Estimated Amt of Damage to Unit 1 5900  Estimated Amt of Damage to Unit 2

Witness Full Name: HANSEN - RONALD L.  JR.  Address 1163 CARTEE RD. ANDERSON, SC.  Phone (864) 287-7843

| | | | | | | | | | NAME / ADDRESS |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | m | H | 1967-09-22 | 11 | 52 | 1 | 2 | 1 | 4 | GUTIERREZ - MAURICIO  ADDRESS 1508 NW AVE 13  BELLE GLADE, FL. 33430 |
| 1 | m | H | 1966-11-24 | 13 | 52 | | 1 | 1 | 2 | ANALOS - GUSTAVO  ADDRESS ALDAMA 11-A  EL REFUGIO SD MEXICO |
| 1 | m | H | 1968-11-16 | 21 | 11 | 1 | 1 | 1 | 2 | CRUZ - FRANCISCO  ADDRESS ALDAMA 11-A  EL REFUGIO SD MEXICO |
| 1 | m | H | 1966-01-28 | 23 | 11 | 2 | 1 | 1 | 4 | YAZQUEZ - LUIS CRUZ  ADDRESS 287 LAKEFRONT DR. MARIETTA |

Investigator's Name: DEAN - J.D.  2/CPL  161  HADGOD  9-30-00

OCCUPANTS

Cause No. 2001-10-4445-A

| | | |
|---|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased<br>    Plaintiffs | § § § § § | IN THE DISTRICT COURT |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VANENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN<br>    Plaintiffs | § § § § § § § § § | |

FILED _____ O'CLOCK ____ M
AURORA DE LA GARZA DIST CLERK

APR 0 8 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

NORRISON FABER ZAPATA, Individually
and As Next Friend of STEFANIA ZAPATA
and SANTIAGO ZAPATA, Minor Children
of Claudia Rodriguez-Marin, Deceased and
As Personal Representative of the ESTATE
OF CLAUDIA RODRIGUEZ-MARIN
    Plaintiffs

107TH JUDICIAL DISTRICT

KIEU OANH LAM and THONG LAM,
Individually and as Personal Representative
of the Estate of SON T. LAM, Deceased, and
BOUNMA THAMMAVONG, Individually
and as Next Friend of DANNY NGUYEN
and ALEX THAMMAVONG, Minor
Children of VAHN THAMMAVONG,
Deceased and As Personal Representative of
the ESTATE OF VAN THAMMAVONG
and NOY KHOUNSAVNH, Individually and
as Next Friend of MALDINI
KHOUNSAVANH, Minor Children of
GERMANIE THAI, Deceased
    Intervenors

V.

ESTATE OF MAURICIO PONCE
GUTIERREZ, CON-WAY
TRANSPORTATION SERVICES, INC.
d/b/a CON-WAY SOUTHERN EXPRESS,
and KYOTTO DERON KEENAN
    Defendants

CAMERON COUNTY, TEXAS

ORIGINAL ANSWER

## CON-WAY TRANSPORTATION SERVICES, INC.'S ORIGINAL ANSWER

COMES NOW, CON-WAY TRANSPORTATION SERVICES, INC. ("Con-Way"), Defendant in the above-entitled and numbered cause, and files this its Original Answer, subject to Con-Way's Motion to Transfer Venue, and in support thereof respectfully shows the Court the following:

### I.

### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Con-Way generally denies each of the material allegations contained in Plaintiffs' and Intervenors' Petition and demands strict proof thereof by preponderance of the good and credible evidence and in accordance with the Constitution and the laws of the State of Texas.

### II.

### VERIFIED DENIAL OF VENUE ALLEGATIONS

Con-Way specifically denies the venue facts alleged by Plaintiffs and Intervenors. Specifically, Con-Way denies that Mauricio Ponce Gutierrez was a resident of Cameron County, Texas at the time of his death. Con-Way further denies that any estate of Mauricio Ponce Gutierrez is being administered in Cameron County.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by reason of his suit, that Defendant be awarded its costs, and for such other and further relief, both general and special, whether at law or in equity, to which Defendant may be entitled, and as this Court may deem just.

2

Respectfully submitted,

STRASBURGER & PRICE, L.L.P.
300 Convent St., Suite 500
San Antonio, TX 78205
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

EDWARD F. VALDESPINO
State Bar No. 20424700
CYRUS F. REA II
State Bar No. 00797291

MARK S. SCUDDER
State Bar No. 17936300
STRASBURGER & PRICE, L.L.P.
Bank of America Plaza
901 Main Street, Suite 4300
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

COUNSEL FOR DEFENDANT
CON-WAY TRANSPORTATION SERVICES, INC.
d/b/a CON-WAY SOUTHERN EXPRESS

3

## <u>CERTIFICATE OF SERVICE</u>

On the _5th_ day of April, 2002, a true and correct copy of the foregoing document has been forwarded via certified mail, return receipt requested, to:

Mr. Dick James
611 N. Main St.
Greenville, SC 29601

Mr. B. Allen Clardy, Jr.
Mr. William A. Jordan
667 N. Academy St.
Greenville, SC 29601

Mr. D. Craig Olivier
Mr. Dennis R. Mundy
Oliver & Mundy, L.L.P.
1414 W. Clay
Houston, TX 77019

Mr. Larry W. Lawrence, Jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, TX 78503

Mr. Joseph A. Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
P.O. Box 2155
Brownsville, TX 78522

Mr. Birger Greg Bacino
Mr. Richard P. Verlasky
3033 Fifth Ave., Suite 301
San Diego, CA 92103


Edward R. Valdespino
Cyrus F. Rea II

## VERIFICATION

STATE OF OREGON                    §
                                   §
COUNTY OF MULTNOMAH                §

BEFORE ME, the undersigned authority, on this day personally appeared Karyn Vorwaller, Casualty Claims Supervisor for CON-WAY TRANSPORTATION SERVICES, INC., known to me to be the person whose name is subscribed to the foregoing instrument who, after being duly sworn and deposed, says that the above and foregoing statements are true and correct.

CON-WAY TRANSPORTATION SERVICES, INC.

*Karyn Vorwaller*

By Karyn Vorwaller

SUBSCRIBED AND SWORN TO BEFORE ME by the said _____ on this 5th day of _April_, 2002, to certify which witness my hand and official seal.

Notary Public, State of Oregon

239554.1



OFFICIAL SEAL
MARGARET J ROFINOT
NOTARY PUBLIC - OREGON
COMMISSION NO. 315874
MY COMMISSION EXPIRES SEPT. 14, 2003



**Strasburger**
ATTORNEYS AT LAW

April 5, 2002

EDWARD F. VALDESPINO
210.250.6061
edward.valdespino@strasburger.com

**VIA OVERNIGHT DELIVERY
AND CERTIFIED MAIL #7188 4171 0390 0001 1892**

Ms. Aurora de la Garza
Cameron County District Clerk
Cameron County Courthouse
974 East Harrison Street
Brownsville, Texas 78520

   Re: Cause No. 2001-10-445799-10-4153-D, *Raul Bazan and Maria Bazan, Individually v. Leonides Garza Bazan, Patrick McGuire, Kansas City Southern Railway, Texas Mexican Railway and Brown & Root U.S.A., Inc., Individually;* In the 107th District Court of Cameron County, Texas

Dear Ms. de la Garza:

Enclosed is the original and one copy of the following:

  1. Con-Way Transportation Services, Inc.'s Original Answer;
  2. Motion to Require Attorney to Show Authority; and
  3. Motion to Dismiss on Grounds of Forum Non Conveniens and Motion to Transfer Venue.

Please file the originals among the papers in this case and return the file-stamped copies to me in the enclosed envelope.

I thank you for your attention to this matter. Should you have any questions, please do not hesitate to contact me.

Sincerely,

Edward F. Valdespino

EFV/239674/td
Encl.

Strasburger & Price, LLP

300 Convent Street, Suite 900 · San Antonio, Texas 78205.3715 · 210.250.6000 tel · 210.250.6100 fax · www.strasburger.com
Austin · Dallas · Houston · San Antonio · Mexico City · Paris

Ms. Aurora de la Garza
April 5, 2002
Page 2


cc:

    Mr. Dick James
    611 N. Main St.
    Greenville, SC 29601

    Mr. B. Allen Clardy, Jr.
    Mr. William A. Jordan
    667 N. Academy St.
    Greenville, SC 29601

    Mr. D. Craig Olivier
    Mr. Dennis R. Mundy
    Oliver & Mundy, L.L.P.
    1414 W. Clay
    Houston, TX 77019

    Mr. Larry W. Lawrence, Jr.
    Lawrence Law Firm
    One Park Piace, Suite 680
    McAllen, TX 78503

    Mr. Joseph A. Rodriguez
    Rodriguez, Colvin & Chaney, L.L.P.
    P.O. Box 2155
    Brownsville, TX 78522

    Mr. Birger Greg Bacino
    Mr. Richard P. Verlasky
    3033 Fifth Ave., Suite 301
    San Diego, CA 92103

RODRIGUEZ, COLVIN & CHANEY, LLP
GENERAL ACCOUNT
P.O. BOX 2155
BROWNSVILLE, TX 78522

42967

CHASE BANK OF TEXAS, N.A.
BROWNSVILLE, TX
32-1/5/1110

03/13/'02

PAY TO THE
ORDER OF ___ Secretary of State _____    $ **50.00

Fifty and 00/100************************************************************* DOLLARS

Secretary of State
Statutory Filings
P.O. Box 13697
Austin, TX 78711-3697

MEMO ___ Conway/Thai - Service on Defendant ___

⑈"04296 7⑈"  ⑈:⑈⑈100⑈⑈50:  ⑈"06 700 28 793⑈"⑈

RODRIGUEZ, COLVIN & CHANEY, LLP / GENERAL ACCOUNT

Secretary of State                                     03/13/'02      42967
03/13/02      Bill #                                   50.00          50.00

Conway/Thai - Service on Defendant

Cash-R.C.C., LLP   Conway/Thai - Service on Defendant            50.00

RODRIGUEZ, COLVIN & CHANEY, L.L.P.
ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR.
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ*
JOSEPH A. (TONY) RODRIGUEZ
ALISON D. KENNAMER

OF COUNSEL
BENJAMIN S. HARDY (1912-1993)
ORRIN W. JOHNSON
NEIL E. NORQUEST
CHRIS A. BRISACK
RAYMOND A COWLEY‡

1201 EAST VAN BUREN
P. O. BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

LAURA J. URBIS
LECIA L. CHANEY
R. PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L. DANISH

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

‡BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

March 13, 2002

Mrs. Aurora De La Garza,
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520

*Via Hand Delivery*

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

MAR 1 ? 2002

DISTRICT CLERK CAMCO

DEPUTY

Re:    Cause No. 2001-10-4445-A
       *Nam Thai, As Next Friend of Loan Thai, Minor Child of Germanie Thai, Deceased;*
       *Luz Gloria Mahecha de Berreto, As Next Friend of Camilla Maria Valentino Medellin,*
       *Minor Child of David Luis Felipe Medellin, Deceased, et.al.; Norrison Faber Zapata,*
       *et.al.; Kieu Oanh Lam and Thong Lam, et. al. vs. Estate of Mauricio Ponce Gutierrez,*
       *Con-Way Transportation Services, Inc., d/b/a Con-Way Southern Express, and Kyotto*
       *Deron Keenan*

Dear Mrs. De La Garza:

     Please find enclosed two checks, one in the amount of $57.00 for citation and service by certified mail, and the other in the amount of $50.00 payable to the Secretary of State, for service on:

     Con-Way Transportation Services, Inc. through its Registered Agent
     Prentice Hall Corporation Systems
     800 Brazos
     Austin, Texas 78701

     I am attaching copies of the 3 Petitions along with Motion and Order of Consolidation to be attached to the service.

     By copy of this letter, all counsel of record and interested parties are being provided a copy of this correspondence. Thank you for your courtesies and assistance in this matter.

                                         Very truly yours,

                                         RODRIGUEZ, COLVIN & CHANEY, L.L.P.

                                         Joseph A. R.

                                         Joseph A. (Tony) Rodriguez

JAR/jrm/Enclosures

DP $57.00  CK429666
mc

*ROL   .GUEZ, COLVIN & CHANEY, ∟ ..P.*

Mrs. Aurora De La Garza,
Cameron County District Clerk
March 13, 2002
Page 2

---

cc:     (w/o encl.)     Mr. Larry W. Lawrence, Jr.
                        Lawrence Law Firm
                        One Park Place, Suite 680
                        McAllen, Texas 78503

                        Mr. Birger Greg Bacino
                        Mr. Richard P. Verlasky
                        3033 Fifth Avenue., Suite 301
                        San Diego, Ca 92103

                        Mr. Dick James
                        611 North Main Street
                        Greenville, SC 29601

                        Mr. B. Allen Clardy, Jr.
                        Mr. William A. Jordan
                        667 N. Academy Street
                        Greenville, SC 29601

                        Mr. D. Craig Olivier
                        Mr. Dennis R. Mundy
                        Olivier & Mundy, L.L.P.
                        1414 W. Clay
                        Houston, Texas 77019

ation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.003.01

**ORIGINAL**

No. 2001-10-004445-A

THE   STATE   OF   TEXAS

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
or your attorney do not file a written answer with the clerk who issued this
ation by 10:00 a.m. on the Monday next following the expiration of twenty
s after you were served this citation and petition, a default judgment may be
en against you.

CON-WAY TRANSPORTATION SERVICES, INC.
PRENTICE HALL CORPORATION SYS
800 BRAZOS
AUSTIN, TEXAS 78701
the _____DEFENDANT_____, BY SERVING IN DUPLICATE COPIES TO THE
SECRETARY OF STATE (STATUTORY DOCUMENTS)
P. O. BOX 12079 AUSTIN, TX  78711-2079 _____, GREETING:

You are commanded to appear by filing a written answer to the

INTIFFS' ORIGINAL PETITION _____

_____

or before 10:00 o'clock a.m. of the Monday next after the expiration of 20

s after the date of service of this citation before the Honorable District

rt 107th Judicial District of Cameron County, Texas at the Courthouse of said

nty in Brownsville, Texas.  Said _____PETITION_____ was filed on

TOBER 10, 2001 .  A copy of same accompanies this citation.

file number of said suit being No. 2001-10-004445-A.

style of the case is:

_____NAM THAI, ET AL_____
VS.
___ESTATE OF MAURICIO PONCE GUTIERREZ, ET AL___

d petition was filed in said court by ___HON. JOSEPH A.(TONY) RODRIGUEZ___

torney for _____PLAINTIFF_____), whose address is

. BOX 2155 BROWNSVILLE TX. 78520 _____.

The nature of the demand is fully shown by a true and correct copy of the

7099 3400 0014 6147 9244 companying this citation and made a part hereof.

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)  B. Date of Delivery

C. Signature

CAUSE No. 2001-10-4445-A

| | | |
|---|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased <br> Plaintiffs | § <br> § <br> § <br> § | IN THE DISTRICT COURT OF |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VALENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN <br> Plaintiffs | § <br> § <br> § <br> § <br> § <br> § <br> § | |



NORRISON FABER ZAPATA, Individually
And As Next Friend of STEFANIA ZAPATA
And SANTIAGO ZAPATA, Minor Children
Of Claudia Rodriguez-Marin, Deceased
And As Personal Representative of the ESTATE
OF CLAUDIA RODRIGUEZ-MARIN
    Plaintiffs

§
§
§
§
§
§
§

CAMERON COUNTY, T E X A S

KIEU OANH LAM and THONG LAM,
Individually and as Personal Representative of
the Estate of SON T. LAM, Deceased; and
BOUNMA THAMMAVONG, Individually and
as Next Friend of DANNY NGUYEN and ALEX
THAMMAVONG, Minor Children of
VANH THAMMAVONG, Deceased
And as Personal Representative of the
ESTATE OF VAN THAMMAVONG and
NOY KHOUNSAVNH, Individually and as
Next Friend of MALDINI KHOUNSAVANH,
Minor Children of GERMANIE THAI, Deceased
    Intervenors

VS.

ESTATE OF MAURICIO PONCE GUTIERREZ,
CON-WAY TRANSPORTATION SERVICES,
INC., d/b/a CON-WAY SOUTHERN EXPRESS,
And KYOTTO DERON KEENAN

§ § § § § § § § § § § § § § § § § § § § §

107th JUDICIAL DISTRICT

## ORIGINAL PETITION IN INTERVENTION

**TO THE HONORABLE JUDGE OF SAID COURT:**

    COME NOW, Kieu Oanh Lam and Thong Lam, individually and as personal

representative of the estate of Son T. Lam, deceased; and Bounma Thammavong,

individually and as next friend of Danny Nguyen and Alex Thammavong, minor children

of Vanh Thammavong, deceased, and as personal representative of the Estate of Vanh

Thammavong;  and Noy Khounsavanh, individually and as next friend of Maldini Khounsavanh, minor child of Germanie Thai, deceased, hereinafter referred to as "Intervening Plaintiffs," and files this Original Petition in Intervention, and for cause of action would respectfully show as follows:

### I.

Service is unnecessary as to The Estate of Mauricio Ponce Gutierrez because appearance has been made through attorney Larry Lawrence.

Defendant, **Kyotto Keenan**, is an individual who resides in the State of Georgia. Service is not requested at this time.  Defendant, Con-Way Transportation Services, Inc. is a Delaware .Corporation.   Service is not requested at this time. Con-Way Transportation Services, Inc. d/b/a Con-Way Southern Express is an entity doing business in the State of Texas.  Service is not requested at this time.

### II.

Venue is proper in Cameron County, Texas because at the time of the accident in question Mauricio Ponce Gutierrez had a permanent residence in Cameron County.  In addition this is the County in which the Estate of Mauricio Ponce Gutierrez has been filed.

### III.

It has become necessary to bring this suit as a result of the following; the untimely death of Germanie Thai, daughter of Bounma Thammavong and mother of Maldini Khounsavanh; the untimely death of Vanh Thammavong, daughter of Bounma Thammavong and mother of Danny Nguyen and Alex Thammavong; the untimely death of David Luis Felipe Medellin, father of Camilla Maria Valentino Medellin and  the untimely death of Son. T. Lam, son of Kieu Oanh Lam and Thong Lam.

Intervening Plaintiffs are all beneficiaries entitled to bring this action pursuant to Section 71.004 and/or 71.021 of the Texas Practices and Civil Remedies Code.

IV.

On or about September 30, 2000, the above Decedents were killed as a result of the negligence of the Defendants. At the time of the occurrence in question Defendant, Kyotto Keenan was in the course and scope of his employment with Defendant, Con-Way Transportation Services, Inc. d/b/a Con-Way Southern Express.

V.

The occurrence made the basis of this suit, and the resulting injuries and damages were proximately caused by the negligence, negligence per se and gross negligence conduct of the Defendants for a variety of acts and omissions, including but not limited to one or more of the following:

a)      in operating their vehicle in an unsafe manner;

Each of these acts and omissions, singularly or in combination with others, constituted negligence, negligence per se and or gross negligence, which were a proximate cause of the occurrence which made the basis of this action.

VI.

As a direct and proximate result of the untimely death of the above named Decedents, Intervening Plaintiffs' seek all damages allowed under Texas Law, including but not limited to: all damages under the Texas Wrongful Death and Survival Statutes, mental anguish in the past and future. Intervening Plaintiffs' plead for fair and just compensation for all elements of damages recognized under existing law. At this time, Intervening Plaintiffs' damages are in excess of the minimum jurisdictional limits of this court.

WHEREFORE, PREMISES CONSIDERED, Intervening Plaintiffs pray that Defendants be cited to appear and answer, and that upon final trial they have judgment jointly and severally against these Defendants in a sum that greatly exceeds the minimum jurisdictional limits of this Court, for all pre-judgment interest and post-judgment interest as is allowed by law, for costs, and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By:_____
    Joseph A. (Tony) Rodriguez
    Texas State Bar No. 17146600
    Post Office Box 2155
    Brownsville, Texas 78522
    Telephone:    (956) 542-7441
    Facsimile:    (956) 541-2170

APPEARANCE FOR INTERVENORS

Birger Greg Bacino
Texas State Bar No. 110711
Richard P. Verlasky
Cal. Bar No. 048811
3033 Fifth Avenue., Suite 301
San Diego, Ca 92103
PHONE: (800)801-4878

**Attorney for Bounma Thammavong, individually and a/n/f Danny Nguyen and Alex Thammavong, minor children of Vanh Tammavong, deceased, and as personal representative of the Estate of Vanh Tammavong; and Noy Kounsavanh, individually a/n/f Maldini Khounsavanh, minor child of Germanie Thai, deceased; and Kieu Oanh Lam and Thong Lam, individually and as personal representative of the estate of Son T. Lam**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon opposing counsel, to-wit:

> Larry W. Lawrence, Jr.
> Lawrence Law Firm
> One Park Place, Suite 680
> McAllen, Texas 78503
>
> Dick James
> 611 North Main Street
> Greenville, SC 29601
>
> B. Allen Clardy, Jr.
> William A. Jordan
> 667 N. Academy Street
> Greenville, SC 29601
>
> D. Craig Olivier
> Dennis R. Mundy
> Olivier & Mundy, L.L.P.
> 1414 W. Clay
> Houston, Texas 77019

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Texas Rules of Civil Procedure on this the 7th day of January, 2002.

Joseph A. (Tony) Rodriguez

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

ATTORNEYS AT LAW

A REGISTERED LIMITED LIABILITY PARTNERSHIP

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ*
JOSEPH A. (TONY) RODRIGUEZ
ALISON D. KENNAMER

OF COUNSEL
BENJAMIN S. HARDY (1912-1993)
ORRIN W. JOHNSON
NEIL E. NORQUEST
CHRIS A. BRISACK
RAYMOND A. COWLEY‡

1201 EAST VAN BUREN
P. O. BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

LAURA J. URBIS
LECIA L. CHANEY
R PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L. DANISH

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

‡BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

January 7, 2002

Mrs. Aurora De La Garza,                                    *Via Hand Delivery*
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520

Re:     Cause No. 2001-10-4445-A
        *Nam Thai, As Next Friend of Loan Thai, Minor Child of Germanie Thai, Deceased;*
        *Luz Gloria Mahecha de Berreto, As Next Friend of Camilla Maria Valentino Medellin,*
        *Minor Child of David Luis Felipe Medellin, Deceased, et.al.; Norrison Faber Zapata,*
        *et.al.; Kieu Oanh Lam and Thong Lam, et. al. vs. Estate of Mauricio Ponce Gutierrez,*
        *Con-Way Transportation Services, Inc., d/b/a Con-Way Southern Express, and Kyotto*
        *Deron Keenan*

Dear Mrs. De La Garza:

        Enclosed for filing is an *Original Petition in Intervention* in connection with the
above-referenced matter. Also enclosed is our firm check in the amount of $25.00
which sum represents your filing fee.

        By copy of this letter, all counsel of record and interested parties are being
provided a copy of said pleading.

        Thank you for your courtesies and assistance in this matter.

                                    Very truly yours,

                                    RODRIGUEZ, COLVIN & CHANEY, L.L.P.

                                    Joseph A. (Tony) Rodriguez

JAR/vbl

Enclosures

1/31/02
DP $25.⁰⁰ Ck 42061

*ROL  .GUEZ, COLVIN & CHANEY, L._.P.*

Mrs. Aurora De La Garza,
Cameron County District Clerk
January 7, 2002
Page 2

---

cc:    (w/encl.)        Mr. Larry W. Lawrence, Jr.
                        Lawrence Law Firm
                        One Park Place, Suite 680
                        McAllen, Texas 78503

                        Mr. Birger Greg Bacino
                        Mr. Richard P. Verlasky
                        3033 Fifth Avenue., Suite 301
                        San Diego, Ca 92103

                        Mr. Dick James
                        611 North Main Street
                        Greenville, SC 29601

                        Mr. B. Allen Clardy, Jr.
                        Mr. William A. Jordan
                        667 N. Academy Street
                        Greenville, SC 29601

                        Mr. D. Craig Olivier
                        Mr. Dennis R. Mundy
                        Olivier & Mundy, L.L.P.
                        1414 W. Clay
                        Houston, Texas 77019

CAUSE No. 2001-10-4445-A

| | |
|---|---|
| NAM THAI, As Next Friend of LOAN THAI, §<br>Minor Child of Germanie Thai, Deceased §<br> §<br>LUZ GLORIA MAHECHA DE BERRETO, As §<br>Next Friend of CAMILLA MARIA VALENTINO §<br>MEDELLIN, Minor Child of David Luis Felipe §<br>Medellin, Deceased, and As Personal Representative §<br>Representative of the ESTATE OF DAVID LUIS §<br>FELIPE MEDELLIN §<br> §<br> §<br>NORRISON FABER ZAPATA, Individually §<br>And As Next Friend of STEFANIA ZAPATA §<br>And SANTIAGO ZAPATA, Minor Children §<br>Of Claudia Rodriguez-Marin, Deceased §<br>And As Personal Representative of the ESTATE §<br>OF CLAUDIA RODRIGUEZ-MARIN §<br> §<br> §<br>VS. §<br> §<br>ESTATE OF MAURICIO PONCE GUTIERREZ, §<br>CON-WAY TRANSPORTATION SERVICES, §<br>INC., d/b/a CON-WAY SOUTHERN EXPRESS, §<br>And KYOTTO DERON KEENAN § | IN THE DISTRICT COURT OF<br><br><br><br><br><br><br><br><br>CAMERON COUNTY, T E X A S<br><br><br><br><br><br><br><br>107th JUDICIAL DISTRICT |

## ORDER DENYING DEFENDANT PONCE'S MOTION TO TRANSFER VENUE

CAME ON TO BE HEARD, Defendant Estate of Mauricio Ponce Gutierrez' Motion to Transfer Venue, and the Court, having read the Motion, as well as argument of counsel, finds that the Motion has no merit as stated below and should be DENIED.

IT IS ORDERED that any expenses attributed to Mrs. Mauricio Ponce Gutierrez for travel relating to her participation in this case be paid for by Plaintiffs' counsel.

IT IS, THEREFORE, DECREED, ORDERED AND ADJUDGED that Defendant Estate of Mauricio Ponce Gutierrez' Motion to Transfer Venue is DENIED.

SIGNED FOR ENTRY this ___7 th___ day of February, 2002.

JUDGE PRESIDING

2/8/02 COPIES TO;
cc:
Joseph A. (Tony) Rodriguez, Post Office Box 2155, Brownsville, Texas 78522
Dick James, 611 North Main Street, Greenville, SC 29601
B. Allen Clardy, Jr. & William A. Jordan, 667 N. Academy Street, Greenville, SC 29601
Dennis R. Mundy, 1414 W. Clay, Houston, Texas 77019
Larry W. Lawrence, Jr., Lawrence Law Firm, One Park Place, Suite 680, McAllen, Texas 78503

JAN.16.2002  10:35AM    RODRIGUEZ COLVIN CHANEY LLP ATTY                    NO.679   P.1/1

# RODRIGUEZ, COLVIN & CHANEY, L.L.P.
### ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR.
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ†
JOSEPH A. (TONY) RODRIGUEZ
ALISON D. KENNAMER

OF COUNSEL
BENJAMIN B. HARDY (1918-1993)
ORRIN W JOHNSON
NEIL E. NORQUEST
CHRIS A. BRISACK
RAYMOND A. COWLEY†

1201 EAST VAN BUREN
P. O. BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

LAURA J. URBIS
LECIA L. CHANEY
R. PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L. DANISH

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

†BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

January 16, 2002

Hon. Judge Benjamin Euresti, Jr.
107th Judicial District Court
Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520

*Via Fax (956) 544-0841*

FILED __10:35__ O'CLOCK __A__ M
AURORA DE LA GARZA DIST. CLERK

JAN 16 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

Attn: Elva

Re:  Cause No. 2001-10-4445-A
*Nam Thai, As Next Friend of Loan Thai, Minor Child of Germanie Thai, Deceased;*
*Luz Gloria Mahecha de Berreto, As Next Friend of Camilla Maria Valentino Medellin,*
*Minor Child of David Luis Felipe Medellin, Deceased, et.al.; Norrison Faber Zapata,*
*et.al. vs. Estate of Mauricio Ponce Gutierrez, Con-Way Transportation Services, Inc.,*
*d/b/a Con-Way Southern Express, and Kyotto Deron Keenan*

Dear Elva:

Per my secretary's conversation with you this morning, I will not be available for the hearing on Defendant Ponce's Motion to Transfer Venue currently set for January 18, 2002. This is to confirm the date has been reset for February 7, 2002 at 8:30 a.m. This date is acceptable with all attorneys.

Thank you for your kind courtesies and assistance in this matter.

Very truly yours,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Joseph A. (Tony) Rodriguez

JAR/jrm

Cc: Hon. Larry W. Lawrence, Jr.

2/16/02
Reset to 2/7/02

Ok EU

CAUSE No. 2001-10-4445-A

| | | |
|---|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased | § § § | IN THE DISTRICT COURT OF |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VALENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN | § § § § § § § § | |
| NORRISON FABER ZAPATA, Individually And As Next Friend of STEFANIA ZAPATA And SANTIAGO ZAPATA, Minor Children Of Claudia Rodriguez-Marin, Deceased And As Personal Representative of the ESTATE OF CLAUDIA RODRIGUEZ-MARIN | § § § § § § § | CAMERON COUNTY, T E X A S |
| VS. | § § | |
| ESTATE OF MAURICIO PONCE GUTIERREZ, CON-WAY TRANSPORTATION SERVICES, INC., d/b/a CON-WAY SOUTHERN EXPRESS, And KYOTTO DERON KEENAN | § § § § | 107th JUDICIAL DISTRICT |

## <u>AGREED ORDER SETTING HEARING ON</u>
## <u>DEFENDANT PONCE'S MOTION TO TRANSFER VENUE</u>

Cross-Plaintiff's Motion is hereby set for hearing on the 18th day of January, 2002, at __8:30__ a.m. in the 107th Judicial District Court of Cameron County, Texas.

SIGNED this __9th__ day of __January__, 2002.

_____
JUDGE PRESIDING

AGREED AS TO FORM AND SUBSTANCE:

1/10/02 COPIES TO:
RODRIGUEZ , COLVIN & CHANEY
HON LARRY W LAWRENCE JR

By: _____
Joseph A. (Tony) Rodriguez
RODRIGUEZ, COLVIN & CHANEY, LLP
Post Office Box 2155
Brownsville, Texas 78522

FILED
11:30 O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
JAN - 3 2002
DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____ DEPUTY

---

*Agreed Order Setting Hearing On Defendant Ponce's Motion to Transfer Venue*
File No. 18,526

Dick James
South Carolina Bar No. 008535
611 North Main Street
Greenville, SC 29601

B. Allen Clardy, Jr.
South Carolina Bar No. 8853
William A. Jordan
South Carolina Bar No.3226
667 N. Academy Street
Greenville, SC 29601

Dennis R. Mundy
Olivier & Mundy, L.L.P.
1414 W. Clay
Houston, Texas 77019

ATTORNEYS FOR PLAINTIFFS


By: _____
    Larry W. Lawrence, Jr.
    Lawrence Law Firm
    One Park Place, Suite 680
    McAllen, Texas 78503

ATTORNEYS FOR DEFENDANT
THE ESTATE OF MAURICIO PONCE GUTIERREZ

RODRIGUEZ, COLVIN & CHANEY, L.L.P
ATTORNEYS AT LAW
A REGISTERED LIMITED LIABILITY PARTNERSHIP

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR.
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ*
JOSEPH A. (TONY) RODRIGUEZ
ALISON D. KENNAMER

OF COUNSEL
BENJAMIN S. HARDY (1912-1993)
ORRIN W. JOHNSON
NEIL E. NOROUEST
CHRIS A. BRISACK
RAYMOND A. COWLEY‡

1201 EAST VAN BUREN
P. O. BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

LAURA J. URBIS
LECIA L. CHANEY
R. PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L. DANISH

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

‡BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

January 3, 2002

Mrs. Aurora De La Garza,
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520

*Via Hand Deliver*

FILED 3:15 O'CLOCK P
AURORA DE LA GARZA DIST. CLERK

JAN 0 3 2002

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

Re:    Cause No. 2001-10-4445-A
*Nam Thai, As Next Friend of Loan Thai, Minor Child of Germanie Thai, Deceased;*
*Luz Gloria Mahecha de Berreto, As Next Friend of Camilla Maria Valentino Medellin,*
*Minor Child of David Luis Felipe Medellin, Deceased, et.al.; Norrison Faber Zapata,*
*et.al. vs. Estate of Mauricio Ponce Gutierrez, Con-Way Transportation Services, Inc.,*
*d/b/a Con-Way Southern Express, and Kyotto Deron Keenan*

Dear Mrs. De La Garza:

Enclosed for filing is an *Agreed Order Setting Hearing on Defendant Ponce's Motion to Transfer Venue* in connection with the above-referenced matter. I request that you please schedule said hearing for January 18, 2002 and present to the Judge for his signature and approval.

Thank you for your courtesies and assistance in this matter.

Very truly yours,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Joseph A. (Tony) Rodriguez

JAR/vbl
Enclosures
cc:    (w/encl.)
Mr. Larry W. Lawrence, Jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, Texas 78503

Mr. Dennis R. Mundy
Olivier & Mundy, L.L.P.
1414 W. Clay
Houston, Texas 77019

Mr. B. Allen Clardy, Jr.
William A. Jordan
South Carolina Bar No.3226
667 N. Academy Street
Greenville, SC 29601

Mr. Dick James
611 North Main Street
Greenville, SC 29601

CAUSE NO.  2001-10-4445-A

| | | |
|---|---|---|
| NAM THAI, As Next Friend of | § | IN THE DISTRICT COURT |
| LOAN THAI, Minor Child of | § | |
| Germanie Thai. Deceased et al | § | |
|     Plaintiffs | § | 107th   JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| ESTATE OF MAURICIO PONCE | § | |
| GUTIERREZ ET AL | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

### ORDER SETTING HEARING ON DEFENDANT PONCE'S
### MOTIONS TO TRANSFER VENUE

Cross-Plaintiff's Motion is hereby set for hearing on the _____ Day of _February_ 200_2_ at _8:30_ A.M in the 107th District Court of Cameron County, Texas.

January 7th, 2002

_____
JUDGE PRESIDING

COPIES TO: 8 JAN 2002
HON. JOSEPH A (TONY) RODRIGUEZ
HON. LARRY W. LAWRENCE JR.

C:\Activefiles\PonceMauricio\Pleadings\Ordersetting.wpd

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

ATTORNEYS AT LAW

A REGISTERED LIMITED LIABILITY PARTNERSHIP

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR
MITCHELL C. CHANEY
MARJORY C BATSELL
JAIME A SAENZ*
JOSEPH A. (TONY) RODRIGUEZ
ALISON D KENNAMER

OF COUNSEL
BENJAMIN S HARDY (1912-1993)
ORRIN W JOHNSON
NEIL E. NORQUEST
CHRIS A BRISACK
RAYMOND A. COWLEY†

1201 EAST VAN BUREN
P O BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

LAURA J. URBIS
LECIA L. CHANEY
R. PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L DANISH

*BOARD CERTIFIED IN PERSONAL
 INJURY TRIAL LAW
 TEXAS BOARD OF LEGAL SPECIALIZATION

†BOARD CERTIFIED IN LABOR AND
 EMPLOYMENT LAW
 TEXAS BOARD OF LEGAL SPECIALIZATION

November 28, 2001

*Via Hand Delivery*
Mrs. Aurora De La Garza,
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520

Re:     Cause No. 2001-10-4457-D A
        *Norrison Faber Zapata, Individually and as Next Friend of
        Stefania Zapata and Santiago Zapata, Minor Children of
        Claudia Rodriguez-Marin, Deceased and as Personal
        Representative of the Estate of Claudia Rodriguez-Marin vs.
        Estate of Mauricio Ponce Gutierrez, Con-Way Transportation
        Services, Inc., d/b/a Con-Way Southern Express, and Kyotto
        Deron Keenan*

Dear Mrs. De La Garza:

Enclosed please find an *Unopposed Motion for Consolidation of Actions Without Waiving Motion To Transfer Venue* and *Order* in connection with the above entitled and numbered cause.

By copy of this letter I am serving a copy of said pleadings on all counsel of record and interested parties.

Thank you for your assistance in this matter.

Very truly yours,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Joseph A. (Tony) Rodriguez

JAR/vbl

Enclosure

CAUSE NO. 2001-10-4457-B A

| | | |
|---|---|---|
| NORRISON FABER ZAPATA, Individually | § | IN THE DISTRICT COURT OF |
| And As Next Friend of STEFANIA ZAPATA | § | |
| And SANTIAGO ZAPATA, Minor Children | § | |
| Of Claudia Rodriguez-Marin, Deceased | § | |
| And As Personal Representative of the ESTATE | § | |
| OF CLAUDIA RODRIGUEZ-MARIN | § | |
| | § | |
| VS. | § | CAMERON COUNTY, T E X A S |
| | § | |
| ESTATE OF MAURICIO PONCE GUTIERREZ, | § | |
| CON-WAY TRANSPORTATION SERVICES, | § | |
| INC., d/b/a CON-WAY SOUTHERN EXPRESS, | § | |
| And KYOTTO DERON KEENAN | § | 103rd JUDICIAL DISTRICT |

## ORDER OF CONSOLIDATION

Came on to be considered the Plaintiffs' Unopposed Motion for Consolidation of Actions Without Waiving Motion to Transfer Venue filed in the three above referenced lawsuits. The Motion being unopposed, it is the opinion of the court that the above-captioned lawsuit should be consolidated with Cause No. 2001-10-4445-A, for all purposes.

IT IS THEREFORE ORDERED that Cause No. 2001-10-4457-B, pending in Cameron County, Texas, be consolidated and merged for all purposes into one action, being Cause No. 2001-10-4445-A.

IT IS FURTHER ORDERED that such Motion is being made without waiver of Defendant's Motion to Transfer Venue

SIGNED this 11th day of December, 2001.

_____
JUDGE PRESIDING

COPIES TO: 10/13/01

HON. JOSEPH A. (TONY) RODRIGUEZ
HON LARRY W LARENCE JR

ATTORNEYS, PLEASE NOTE: CAUSE NO IS NOW 2001-10-4445-A
PLEASE USE CORRECT NO ON ALL FUTURE PLEADINGS AND ORDERS
IN ORDER TO ASSURE PROMPT AND ACCURATE. FILING AND
DOCKETING

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK
DEC 11 2001
CAMERON COUNTY, TEXAS
_____ DEPUTY



CAUSE NO. 2001-10-4457-B

| | | |
|---|---|---|
| NORRISON FABER ZAPATA, Individually | § | IN THE DISTRICT COURT OF |
| And As Next Friend of STEFANIA ZAPATA | § | |
| And SANTIAGO ZAPATA, Minor Children | § | |
| Of Claudia Rodriguez-Marin, Deceased | § | |
| And As Personal Representative of the ESTATE | § | |
| OF CLAUDIA RODRIGUEZ-MARIN | § | |
| | § | |
| VS. | § | CAMERON COUNTY, T E X A S |
| | § | |
| ESTATE OF MAURICIO PONCE GUTIERREZ, | § | |
| CON-WAY TRANSPORTATION SERVICES, | § | |
| INC., d/b/a CON-WAY SOUTHERN EXPRESS, | § | |
| And KYOTTO DERON KEENAN | § | 103rd JUDICIAL DISTRICT |

## UNOPPOSED MOTION FOR CONSOLIDATION OF ACTIONS WITHOUT WAIVING MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs in the above entitled and numbered causes of action, and files this their Unopposed Motion for Consolidation of Actions Without Waiving Defendant's Motion to Transfer Venue, and would show the Court as follows:

### I.

Parties hereby move to consolidate the above-referenced case in order that the pending litigation proceed in an orderly fashion. Such Motion is being made without waiver of Defendant's Motion to Transfer Venue.

### II.

On October 10, 2001, Plaintiffs Nam Thai, As Next Friend of Loan Thai, Minor Child of Germanie Thai, Deceased filed this cause of action against the Estate Of Mauricio Ponce Gutierrez, Con-Way Transportation Services, Inc., d/b/a Con-Way Southern Express, and Kyotto Deron Keenan. Said Plaintiffs are alleging various acts of negligence. This cause of action bears Cause No. 2001-10-4445-A and is filed in the 107th Judicial District Court in Cameron County, Texas.

### III.

This case was filed on October 11, 2001.

---

## IV.

This case involves the same parties, same incident and same common issues of law and fact as Cause No. 2001-10-4445-A.

## V.

A court may consolidate lawsuits if the suits involve common questions of law or fact, and consolidation does not result in delay, jury confusion, or prejudice to the parties. *Owens-Corning Fiberglass Corp. v. Martin*, 942 S.W.2d 712, 716 (Tex.App. – Dallas 1997), no writ); *see* Tex. R. Civ. P. 174(a); *Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 737 (Tex. App. -- Houston [1st Dist.] 1992, writ denied). Additionally, according to the Local Rules of Cameron County related cases should be consolidated with the first filed lawsuit.

## VI.

The Court should consolidate this suit with Cause No. 2001-10-4445-A because it is the first filed lawsuit.

## VII.

Because both these cases have been recently filed there will not be any delay, confusion, or prejudice, and consolidation will avoid unnecessary costs, the Court should consolidate this suit with the other suits.

## VII.

Plaintiffs' counsel has conferred with opposing counsel and this motion is unopposed.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court order the above referenced case be consolidated (without waiving Defendant's Motion to Transfer Venue) with Cause No. 2001-10-4445-A, and that Plaintiffs have such other and further relief, general and specific, at law or in equity, to which it may show itself justly entitled to receive.

RODRIGUEZ, COLVIN & CHANEY, LLP

By:_____

Joseph A. (Tony) Rodriguez
Texas State Bar No. 17146600
Post Office Box 2155
Brownsville, Texas 78522
Telephone:   (956)542-7441
Facsimile:   (956) 541-2170

Dick James
South Carolina Bar No. 008535
611 North Main Street
Greenville, SC 29601
PHONE: (800) 988-9898
FAX:   (864) 298-0057

B. Allen Clardy, Jr.
South Carolina Bar No. 8853
William A. Jordan
South Carolina Bar No.3226
667 N. Academy Street
Greenville, SC 29601
PHONE: (864) 235-0147
FAX (864) 467-9349

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

I certify that a conference was held between all counsel of record and this motion is unopposed.

_____

Joseph A. (Tony) Rodriguez

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion was served upon opposing counsel, to-wit:

Larry W. Lawrence, Jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, Texas 78503

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Texas Rules of Civil Procedure on this the 28th day of November, 2001.

_____

Joseph A. (Tony) Rodriguez

*RODRIGUEZ, COLVIN & CHANEY, L.L.P.*

Mrs. Aurora De La Garza, Cameron County District Clerk
November 28, 2001
Page 2

---

cc:    (w/encls.)    Larry Lawrence, Jr.
                     LAWRENCE LAW FIRM
                     One Park Place, Suite 680
                     McAllen, Texas  78503

                     Dick James
                     611 North Main Street
                     Greenville, SC 29601

                     B. Allen Clardy, Jr.
                     William A. Jordan
                     667 N. Academy Street
                     Greenville, SC 29601

                     Dennis R. Mundy
                     Olivier & Mundy, L.L.P.
                     1414 W. Clay
                     Houston, Texas 77019

# LAWRENCE LAW FIRM
*A Professional Corporation*

———————————

One Park Place, Suite 680
McAllen, Texas 78503
(956) 994-0057
(956) 994-0741 fax

November 3, 2001

Ms. Aurora De La Garza                    Certified Mail 7099 3220 0000 8763 2152
Cameron County District Clerk
974 East Harrison
Brownsville, Texas 78520

RE:   *Norrison Faber Zapate et al v. Estate of Mauricio Ponce Gutierrez et al,*
      *Cause No. 2001-10-4457-A in the 107ᵗʰ Judicial District Court of Cameron*
      *County, Texas.*   4445

Dear Ms. De La Garza:

Enclosed for filing please find the following document:

1.     Defendant's Motion to Transfer Venue & Original Answer

Warmest Regards,

LARRY W. LAWRENCE, JR.

CAUSE NO. 2001-10-4457-A



| | |
|---|---|
| NORRISON FABER ZAPATA, | § |
| Individually and as Next Friend to | § |
| STEFANIE ZAPATE and SANTIAGO | § |
| ZAPATA, Minor Children of Claudia | § |
| Rodriguez-Marin, Deceased and as | § |
| Personal Representative of the Estate of | § |
| CLAUDIA RODRIGUEZ-MARIN | § |
| Plaintiffs | § |
| | § |
| VS. | § |
| | § |
| ESTATE OF MAURICIO PONCE | § |
| GUTIERREZ ET AL | § |
| Defendants | § |

IN THE DISTRICT COURT

107th  JUDICIAL DISTRICT

CAMERON COUNTY, TEXAS

### DEFENDANT'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JUAN MARIA AGUILAR PEREZ IN HER CAPACITY AS THE REPRESENTATIVE OF THE ESTATE OF MAURICIO PONCE GUTIERREZ,** and filed this Motion to Transfer Venue, and contemporaneous with same, files an Original Answer to Plaintiffs' Original Petition, and for cause would show the following:

### I. GENERAL DENIAL

Subject to the Motion to Transfer Venue contained herein, Defendant, in her capacity as the personal representative of the Estate of Mauricio Ponce Aguilar, denies each and every, all and singular, the allegations contained within Plaintiffs' Original Petition and demands strict proof of same.

### III. MOTION TO TRANSFER VENUE

Pursuant to C.P.R.C. Section 15.002(b), Defendant hereby request a transfer of venue on the basis that Cameron County is not a convenient forum.   The representative of the Estate of Mauricio Ponce Aguilar, Juan Maria Aguilar Perez, currently a resides and works in the State of Florida. It would place an undue hardship for her to travel to Brownsville, Texas to attend depositions and trial.

**WHEREFORE, PREMISES CONSIDERED,** Defendants asks this court to set a hearing on the

C:\Active files\PonceMauricio\Pleadings\Answer107-2.wpd                    1

Motion to Transfer Venue at the earliest time, and that upon such hearing, transfer this case to a county of greater convenience. Subject to the Motion to Transfer Venue, Defendant request that the Plaintiffs take nothing by their suit, and the court grant such other relief to which this Defendant may be justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 680
McAllen, Texas 78503
(956) 994-0057
(956) 994-0741 FAX

By:_____
LARRY W. LAWRENCE, JR.
State Bar No. 00794195

ATTORNEY FOR DEFENDANT PONCE

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document has been forwarded to the following on this ___3rd___ Day of _November_ 2001:

ATTORNEY FOR PLAINTIFFS

Tony Rodriguez                          *Via Fax (956) 971-9451*
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Brownsville, Texas 78504.


_____
LARRY W. LAWRENCE, JR.

CAUSE No. 2001-10-4457-A

NORRISON FABER ZAPATA, Individually §
And As Next Friend of STEFANIA ZAPATA §
And SANTIAGO ZAPATA, Minor Children §
Of Claudia Rodriguez-Marin, Deceased §
And As Personal Representative of the ESTATE §
OF CLAUDIA RODRIGUEZ-MARIN §
 §
VS. §
 §
ESTATE OF MAURICIO PONCE GUTIERREZ, §
CON-WAY TRANSPORTATION SERVICES, §
INC., d/b/a CON-WAY SOUTHERN EXPRESS, §
And KYOTTO DERON KEENAN §

IN THE DISTRICT COURT OF

CAMERON COUNTY, TEXAS

107th JUDICIAL DISTRICT

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, Norrison Faber Zapata, individually and as next friend of Stefania Zapata and Santiago Zapata, minor children of Claudia Rodriguez-Marin, deceased, and as personal representative of the Estate of Claudia Rodriguez-Marin, complaining of the Estate of Mauricio Ponce Gutierrez, Con-Way Transportation Services, Inc., Con-Way Transportation Services, Inc. d/b/a Con-Way Southern Express, and Kyotto Deron Keenan and for cause of action would respectfully show unto the Court the following:

**I.**

The Defendant, The Estate of Mauricio Ponce Gutierrez, can be served by serving its personal representative Mrs. Mauricio Ponce Gutierrez at the following address: c/o Larry Lawrence, at the Lawrence Law Firm One Park Place, Suite 680, McAllen, Texas 78503, by certified mail, return receipt requested.

Defendant, Kyotto Keenan, is an individual who resides in the State of Georgia. Service is not requested at this time. Defendant, Con-Way Transportation Services, Inc. is a Delaware Corporation. Service is not requested at this time. Con-Way Transportation

Services, Inc. d/b/a Con-Way Southern Express is an entity doing business in the State of Texas. Service is not requested at this time.

## II.

Venue is proper in Cameron County, Texas because at the time of the incident in question Mauricio Ponce Gutierrez had a permanent residence in Cameron County. In addition, venue is proper in Cameron County pursuant to Texas Probate Code §6, in that this county has jurisdiction of the Estate of Mauricio Ponce Gutierrez.

Defendant would further show that should administration of the Estate of Mauricio Ponce Gutierrez not be required under Texas Probate Code §137, venue of the small estate is also proper in Cameron County.

## III.

It has become necessary to bring this suit as a result of the untimely death of Claudia Rodriguez-Marin, wife to Plaintiff, Norrison Faber Zapata, and mother of Stefania and Santiago Zapata.

Plaintiffs are all beneficiaries entitled to bring this action pursuant to Section 71.004 and/or 71.021 of the Texas Practices and Civil Remedies Code.

## IV.

On or about September 30, 2000, the above Decedent was killed as a result of the negligence of the Defendants. At the time of the occurrence in question Defendant, Kyotto Keenan was in the course and scope of his employment with Defendant, Con-Way Transportation Services, Inc. d/b/a Con-Way Southern Express.

## V.

The occurrence made the basis of this suit, and the resulting injuries and damages were proximately caused by the negligence, negligence per se and gross negligent conduct

of the Defendants for a variety of acts and omissions, including but not limited to one or more of the following:

        a)      in operating their vehicle in an unsafe manner;

Each of these acts and omissions, singularly or in combination with others, constituted negligence, negligence per se and/or gross negligence, which were a proximate cause of the occurrence which made the basis of this action.

## VI.

As a direct and proximate result of the untimely death of the above-named Decedent, Plaintiffs seek all damages allowed under Texas Law, including but not limited to: all damages under the Texas Wrongful Death and Survival Statutes and mental anguish in the past and future. Plaintiffs' plead for fair and just compensation for all elements of damages recognized under existing law.   At this time, Plaintiffs' damages are in excess of the minimum jurisdictional limits of this court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer, and that upon final trial they have judgment jointly and severally against these Defendants in a sum that greatly exceeds the minimum jurisdictional limits of this Court, for all pre-judgment interest and post-judgment interest as is allowed by law, for costs, and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

**RODRIGUEZ, COLVIN & CHANEY, LLP**

By: _____
     Joseph A. (Tony) Rodriguez
     Texas State Bar No. 17146600
     Post Office Box 2155
     Brownsville, Texas 78522
     Telephone:  (956)542-7441
     Facsimile:  (956) 541-2170

Dick James
South Carolina Bar No. 008535
611 North Main Street
Greenville, SC 29601
PHONE: (800) 988-9898
FAX:  (864) 298-0057

B. Allen Clardy, Jr.
South Carolina Bar No. 8853
William A. Jordan
South Carolina Bar No.3226
667 N. Academy Street
Greenville, SC 29601
PHONE: (864) 235-0147
FAX (864) 467-9349

ATTORNEYS FOR PLAINTIFFS

4

## ORIGINAL

l Service  - BY CERTIFIED MAIL       Lit. Seq. # 5.002.01

No. 2001-10-004457-A   4445-A

T H E   S T A T E   O F   T E X A S

NDANT:  You have been sued.  You may employ an attorney.  If
y do not file a written answer with the clerk who issued this
.m. on the Monday next following the expiration of twenty
served this citation and petition, a default judgment may be

AURICIO GUTIERREZ
ITS PERSONAL REPRESENTATIVE
ONCE GUTIERREZ
NCE, LAWRENCE LAW FIRM
SUITE 680
78503
_____, GREETING:

ded to appear by filing a written answer to the

L PETITION

o'clock a.m. of the Monday next after the expiration of 20
of service of this citation before the Honorable District
l District of Cameron County, Texas at the Courthouse of said
le, Texas.  Said _____ PETITION _____ was filed on
A copy of same accompanies this citation.

said suit being No. 2001-10-004457-A.   4445-A

ise is:

NORRISON FABER ZAPATA
VS.
ESTATE OF MAURICIO PONCE GUTIERREZ, ET AL

iled in said court by ___ HON. JOSEPH A.(TONY) RODRIGUEZ ___
PLAINTIFF _____), whose address is
JSVILLE  TX.  78520

the demand is fully shown by a true and correct copy of the
ing this citation and made a part hereof.

ecuting this writ shall promptly serve the same according to
v, and the mandates thereof, and make due return as the law

ven under my hand and seal of said Court at Brownsville,
ch day of  OCTOBER , A.D. 2001.



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

2001-10-4457-A

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

Postmark Here

Recipient's Name (Please Print Clearly) (To be completed by mailer)
LARRY LAWRENCE
Street, Apt. No.; or PO Box No.
ONE PARK PLACE SUITE 680
City, State, ZIP+4
MCALLEN TX 78503

PS Form 3800, February 2000        See Reverse for Instructions

ITY                STATE        ZIP        By:

STATES POSTAL SERVICE
ISSUED 10/11/0
4457 4445

MCALLEN, TX 785
PM
OCT

Sender: Please print your name, address, ap

AURORA DE LA GARZA
CAMERON COUNTY DISTRICT
974 E. HARRISON
BROWNSVILLE, TX 78521

CAUSE No. 2001-10-4456-D    ~~4445-A~~

| | | |
|---|---|---|
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VALENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN | § § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | CAMERON COUNTY, T E X A S |
| ESTATE OF MAURICIO PONCE GUTIERREZ, CON-WAY TRANSPORTATION SERVICES, INC., d/b/a CON-WAY SOUTHERN EXPRESS, And KYOTTO DERON KEENAN | § § § § § | 103rd JUDICIAL DISTRICT |

## ORDER OF CONSOLIDATION

Came on to be considered the Plaintiffs' Unopposed Motion for Consolidation of Actions Without Waiving Motion to Transfer Venue filed in the three above referenced lawsuits. The Motion being unopposed, it is the opinion of the court that the above-captioned lawsuit should be consolidated with Cause No. 2001-10-4445-A, for all purposes.

IT IS THEREFORE ORDERED that Cause No. 2001-10-4456-D pending in Cameron County, Texas, be consolidated and merged for all purposes into one action, being Cause No. 2001-10-4445-A.

IT IS FURTHER ORDERED that such Motion is being made without waiver of Defendant's Motion to Transfer Venue.

SIGNED this _6R_ day of _December_, 2001.

FILED _10:30_ O'CLOCK _a_ M
AURORA DE LA GARZA DIST. CLERK

DEC - 6 2001

DISTRICT COURT OF CAMERON COUNTY, TEXAS

_____
JUDGE PRESIDING

12/07/01 COPIES TO:
HON. JOSEPH A RODRIGUEZ
HON. LARRY W. LAWRENCE, JR.

ATTORNEYS, PLEASE NOTE:    CAUSE NUMBER IS NOW 2001-10-4445-A ANC CASE IS
IN THE 107TH DISTRICT COURT.  PLEASE USE THIS
NUMBER AND COURT DESIGNATION ON ALL FUTURE
PLEADINGS AND ORDERS IN ORDER TO ASSURE PROMPT
AND ACCURATE FILING AND DOCKETING.

FILED _____ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

NOV 28 2001

DISTRICT COURT OF CAMERON COUNTY TEXAS
_____ DEPUTY

CAUSE No. 2001-10-4456-D  ~~4445-A~~

| | |
|---|---|
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VALENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN | § § § § § § § IN THE DISTRICT COURT OF |
| VS. | § § CAMERON COUNTY, T E X A S § |
| ESTATE OF MAURICIO PONCE GUTIERREZ, CON-WAY TRANSPORTATION SERVICES, INC., d/b/a CON-WAY SOUTHERN EXPRESS, And KYOTTO DERON KEENAN | § § § § 103rd JUDICIAL DISTRICT |

## UNOPPOSED MOTION FOR CONSOLIDATION OF ACTIONS WITHOUT WAIVING MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiffs in the above entitled and numbered causes of action, and files this their Unopposed Motion for Consolidation of Actions Without Waiving Defendant's Motion to Transfer Venue, and would show the Court as follows:

### I.

Parties hereby move to consolidate the above-referenced case in order that the pending litigation proceed in an orderly fashion. Such Motion is being made without waiver of Defendant's Motion to Transfer Venue.

### II.

On October 10, 2001, Plaintiffs Nam Thai, As Next Friend of Loan Thai, Minor Child of Germanie Thai, Deceased filed this cause of action against the Estate Of Mauricio Ponce Gutierrez, Con-Way Transportation Services, Inc., d/b/a Con-Way Southern Express, and Kyotto Deron Keenan. Said Plaintiffs are alleging various acts of negligence. This cause of action bears Cause No. 2001-10-4445-A and is filed in the 107th Judicial District Court in Cameron County, Texas.

### III.

This case was filed on October 11, 2001.

## IV.

This case involves the same parties, same incident and same common issues of law and fact as Cause No. 2001-10-4445-A.

## V.

A court may consolidate lawsuits if the suits involve common questions of law or fact, and consolidation does not result in delay, jury confusion, or prejudice to the parties. *Owens-Corning Fiberglass Corp. v. Martin*, 942 S.W.2d 712, 716 (Tex.App. – Dallas 1997), no writ); *see* Tex. R. Civ. P. 174(a); *Lone Star Ford, Inc. v. McCormick*, 838 S.W.2d 734, 737 (Tex. App. -- Houston [1st Dist.] 1992, writ denied). Additionally, according to the Local Rules of Cameron County related cases should be consolidated with the first filed lawsuit.

## VI.

The Court should consolidate this suit with Cause No. 2001-10-4445-A because it is the first filed lawsuit.

## VII.

Because both these cases have been recently filed there will not be any delay, confusion, or prejudice, and consolidation will avoid unnecessary costs, the Court should consolidate this suit with the other suits.

## VII.

Plaintiffs' counsel has conferred with opposing counsel and this motion is unopposed.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court order the above referenced case be consolidated (without waiving Defendant's Motion to Transfer Venue) with Cause No. 2001-10-4445-A, and that Plaintiffs have such other and further relief, general and specific, at law or in equity, to which it may show itself justly entitled to receive.

**RODRIGUEZ, COLVIN & CHANEY, LLP**

By:_____

     Joseph A. (Tony) Rodriguez
     Texas State Bar No. 17146600
     Post Office Box 2155
     Brownsville, Texas 78522
     Telephone:  (956)542-7441
     Facsimile:   (956) 541-2170

Dick James
South Carolina Bar No. 008535
611 North Main Street
Greenville, SC 29601
PHONE: (800) 988-9898
FAX:  (864) 298-0057

B. Allen Clardy, Jr.
South Carolina Bar No. 8853
William A. Jordan
South Carolina Bar No.3226
667 N. Academy Street
Greenville, SC 29601
PHONE: (864) 235-0147
FAX (864) 467-9349

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

    I certify that a conference was held between all counsel of record and this motion is unopposed.

_____
Joseph A. (Tony) Rodriguez

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Motion was served upon opposing counsel, to-wit:

    Larry W. Lawrence, Jr.
    Lawrence Law Firm
    One Park Place, Suite 680
    McAllen, Texas 78503

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Texas Rules of Civil Procedure on this the 28th day of November, 2001.

_____
Joseph A. (Tony) Rodriguez

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

ATTORNEYS AT LAW

A REGISTERED LIMITED LIABILITY PARTNERSHIP

EDUARDO ROBERTO RODRIGUEZ
NORTON A. COLVIN, JR.
MITCHELL C. CHANEY
MARJORY C. BATSELL
JAIME A. SAENZ*
JOSEPH A (TONY) RODRIGUEZ
ALISON D. KENNAMER

OF COUNSEL
BENJAMIN S HARDY (1912-1993)
ORRIN W JOHNSON
NEIL E. NORQUEST
CHRIS A. BRISACK
RAYMOND A COWLEY‡

1201 EAST VAN BUREN
P O BOX 2155
BROWNSVILLE, TEXAS 78522
TELEPHONE (956) 542-7441
TELECOPIER (956) 541-2170
www.rcclaw.com

LAURA J. URBIS
LECIA L. CHANEY
R. PATRICK RODRIGUEZ
ROSAMARIA VILLAGÓMEZ-VELA
TERI L DANISH

*BOARD CERTIFIED IN PERSONAL
INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

‡BOARD CERTIFIED IN LABOR AND
EMPLOYMENT LAW
TEXAS BOARD OF LEGAL SPECIALIZATION

November 28, 2001

*Via Hand Delivery*
Mrs. Aurora De La Garza,
Cameron County District Clerk
Cameron County Courthouse
974 E. Harrison Street
Brownsville, Texas 78520

Re:    Cause No. 2001-10-4456-D    4445-A
       *Luz Gloria Mahecha de Berreto, As Next Friend of Camilla Maria*
       *Valentino Medellin, Minor Child of David Luis Felipe Medellin,*
       *Deceased, and as Personal Representative of the Estate of David*
       *Luis Felipe Medellin vs. Estate of Mauricio Ponce Gutierrez, Con-*
       *Way Transportation Services, Inc., d/b/a Con-Way Southern*
       *Express, and Kyotto Deron Keenan*

Dear Mrs. De La Garza:

    Enclosed please find an *Unopposed Motion for Consolidation of Actions*
*Without Waiving Motion To Transfer Venue* and *Order* in connection with the above
entitled and numbered cause.

    By copy of this letter I am serving a copy of the enclosed document on all
counsel of record and interested parties.

    Thank you for your assistance in this matter.

                                    Very truly yours,

                                    RODRIGUEZ, COLVIN & CHANEY, L.L.P.

                                    Joseph A. (Tony) Rodriguez

JAR/vbl

Enclosure

*RODRIGUEZ, COLVIN & CHANEY, L.L.P.*

Mrs. Aurora De La Garza, Cameron County District Clerk
November 28, 2001
Page 2

---

cc:     (w/encls.)     Larry Lawrence, Jr.
                       LAWRENCE LAW FIRM
                       One Park Place, Suite 680
                       McAllen, Texas  78503

                       Dick James
                       611 North Main Street
                       Greenville, SC 29601

                       B. Allen Clardy, Jr.
                       William A. Jordan
                       667 N. Academy Street
                       Greenville, SC 29601

                       Dennis R. Mundy
                       Olivier & Mundy, L.L.P.
                       1414 W. Clay
                       Houston, Texas 77019

CAUSE NO.  2001-10-4456-B  4445-A

| | | |
|---|---|---|
| LUZ GLORIA MEHECHA DE | § | IN THE DISTRICT COURT |
| BERRETO, As Next Friend of | § | |
| CAMILLA MARIA VALENTINO | § | FILED ___ O'CLOCK ___ M |
| MEDELLIN, Minor Child of David Luis | § | AURORA DE LA GARZA DIST. CLERK |
| Felipe Medellin, Deceased, and as | § | |
| Personal Representative of the | § | NOV - 8 2001 |
| ESTATE OF DAVID LSUIS | § | |
| FELIPE MEDELLIN | § | DISTRICT COURT OF CAMERON COUNTY, TEXAS |
|     Plaintiff | § | DEPUTY |
| | § | |
| VS. | § | 103rd  JUDICIAL DISTRICT |
| | § | |
| ESTATE OF MAURICIO PONCE | § | |
| GUTIERREZ ET AL | § | |
|     Defendants | § | CAMERON COUNTY, TEXAS |

**ORIGINAL ANSWER**

## DEFENDANT'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JUAN MARIA AGUILAR PEREZ IN HER CAPACITY AS THE REPRESENTATIVE OF THE ESTATE OF MAURICIO PONCE GUTIERREZ,** and filed this Motion to Transfer Venue, and contemporaneous with same, files an Original Answer to Plaintiffs' Original Petition, and for cause would show the following:

### I. GENERAL DENIAL

    Subject to the Motion to Transfer Venue contained herein, Defendant, in her capacity as the personal representative of the Estate of Mauricio Ponce Aguilar, denies each and every, all and singular, the allegations contained within Plaintiffs' Original Petition and demands strict proof of same.

### III. MOTION TO TRANSFER VENUE

    Pursuant to C.P.R.C. Section 15.002(b), Defendant hereby request a transfer of venue on the basis that Cameron County is not a convenient forum.   The representative of the Estate of Mauricio Ponce Aguilar, Juan Maria Aguilar Perez, currently a resides and works  in the State of Florida. It would place an undue hardship for her to travel to Brownsville, Texas to attend depositions and trial.

**WHEREFORE, PREMISES CONSIDERED,** Defendants asks this court to set a hearing on the Motion to Transfer Venue at the earliest time, and that upon such hearing,  transfer this case to a county of greater convenience. Subject to the Motion to Transfer Venue, Defendant request that the Plaintiffs take nothing by their suit, and the court grant such other relief to which this Defendant  may be justly entitled.

<div style="text-align: right; margin-left: 50%;">

Respectfully submitted,

LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 680
McAllen, Texas 78503
(956) 994-0057
(956) 994-0741 FAX

By:_____
LARRY W. LAWRENCE, JR.
State Bar No. 00794195


ATTORNEY FOR DEFENDANT PONCE

</div>

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document has been forwarded to the following on this ___3rd___ Day of _November_ 2001:

ATTORNEY FOR PLAINTIFFS

Tony Rodriguez                    *Via Fax (956) 971-9451*
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Brownsville, Texas 78504.

_____
LARRY W. LAWRENCE, JR.

# LAWRENCE LAW FIRM
*A Professional Corporation*

One Park Place, Suite 680
McAllen, Texas 78503
(956) 994-0057
(956) 994-0741 fax

November 3, 2001

Ms. Aurora De La Garza                    Certified Mail 7099 3220 0000 8763 2169
Cameron County District Clerk
974 East Harrison
Brownsville, Texas 78520

RE:    *Luz Gloria Mehecha de Berreto et al v.   Estate of Mauricio Ponce
        Gutierrez et al, Cause No. 2001-10-4456-D in the 103rd Judicial District
        Court of Cameron County, Texas.*

Dear Ms. De La Garza:

Enclosed for filing please find the following document:

1.    Defendant's Motion to Transfer Venue & Original Answer

Warmest Regards,

LARRY W. LAWRENCE, JR.

CAUSE NO. 2001-10-4445-A

| | | |
|---|---|---|
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VALENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN | § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | CAMERON COUNTY, TEXAS |
| ESTATE OF MAURICIO PONCE GUTIERREZ, CON-WAY TRANSPORTATION SERVICES, INC., d/b/a CON-WAY SOUTHERN EXPRESS, And KYOTTO DERON KEENAN | § § § § § | 103rd JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs, Luz Gloria Mahecha de Berreto as next friend of Camilla Maria Valentino Medellin, minor child of David Luis Felipe Medellin, Deceased, and as personal representative of the Estate of David Luis Felipe Medellin, complaining of the Estate of Mauricio Ponce Gutierrez, Con-Way Transportation Services, Inc., Con-Way Transportation Services, Inc. d/b/a Con-Way Southern Express, and Kyotto Deron Keenan and for cause of action would respectfully show unto the Court the following:

## I.

The Defendant, The Estate of Mauricio Ponce Gutierrez, can be served by serving its personal representative Mrs. Mauricio Ponce Gutierrez at the following address: c/o Larry Lawrence, at the Lawrence Law Firm One Park Place, Suite 680, McAllen, Texas 78503, by certified mail, return receipt requested.

## V.

The occurrence made the basis of this suit, and the resulting injuries and damages were proximately caused by the negligence, negligence per se and gross negligent conduct of the Defendants for a variety of acts and omissions, including but not limited to one or more of the following:

a) in operating their vehicle in an unsafe manner;

Each of these acts and omissions, singularly or in combination with others, constituted negligence, negligence per se and/or gross negligence, which were a proximate cause of the occurrence which made the basis of this action.

## VI.

As a direct and proximate result of the untimely death of the above-named Decedent, Plaintiffs seek all damages allowed under Texas Law, including but not limited to: all damages under the Texas Wrongful Death and Survival Statutes and mental anguish in the past and future. Plaintiffs' plead for fair and just compensation for all elements of damages recognized under existing law.  At this time, Plaintiffs' damages are in excess of the minimum jurisdictional limits of this court.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer, and that upon final trial they have judgment jointly and severally against these Defendants in a sum that greatly exceeds the minimum jurisdictional limits of this Court, for all pre-judgment interest and post-judgment interest as is allowed by law, for costs, and for such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

**RODRIGUEZ, COLVIN & CHANEY, LLP**

By: _____

Joseph A. (Tony) Rodriguez
Texas State Bar No. 17146600
Post Office Box 2155
Brownsville, Texas 78522
Telephone:    (956)542-7441
Facsimile:    (956) 541-2170

Dick James
South Carolina Bar No. 008535
611 North Main Street
Greenville, SC 29601
PHONE: (800) 988-9898
FAX:    (864) 298-0057

B. Allen Clardy, Jr.
South Carolina Bar No. 8853
William A. Jordan
South Carolina Bar No.3226
667 N. Academy Street
Greenville, SC 29601
PHONE: (864) 235-0147
FAX (864) 467-9349

ATTORNEYS FOR PLAINTIFFS

4



RETURN RECEIPT WITH

ervice
D MAIL RECEIPT
ail Only; No Insurance Coverage Provided)

-4456--D

age    $

Fee

Fee
red)

Fee
red)

es    $

me (Please Print Clearly) (To be completed by mailer)
AWRENCE
PO Box No.
K PLACE, SUITE 680
TX 78503        See Reverse for Instructions
ebruary 2000
STATE        ZIP

Postmark
Here

CERT

I hereby

OCTOBER

THE ESTA

by regist
delivery
return re
this cita
attached

CERTIFIED
RETURN RE
DELIVER 1

AURORA
Cameron C

By:

CIT. ISSUED 10/12
2001-10-4456-D

UNITED STATES POSTAL SERVICE

AURORA DE LA GARZA
CAMERON COUNTY DISTRICT CLERK
974 E. HARRISON
BROWNSVILLE, TX 78520

# ORIGINAL

1 for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.003.01

No. 2001-10-004456-D  4445A

T H E   S T A T E   O F   T E X A S

TICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If
your attorney do not file a written answer with the clerk who issued this
1 by 10:00 a.m. on the Monday next following the expiration of twenty
:er you were served this citation and petition, a default judgment may be
gainst you.

ESTATE OF MAURICIO PONCE GUTIERREZ
; THROUGH ITS PERSONAL REPRESENTATIVE
. MAURICIO PONCE GUTIERREZ
LARRY LAWRENCE, LAWRENCE LAW FIRM
PARK PLACE, SUITE 680
LEN TX 78503
   DEFENDANT      , GREETING:

1 are commanded to appear by filing a written answer to the

'FS' ORIGINAL PETITION

efore 10:00 o'clock a.m. of the Monday next after the expiration of 20
:er the date of service of this citation before the Honorable District
)3rd Judicial District of Cameron County, Texas at the Courthouse of saic
in Brownsville, Texas.  Said    PETITION    was filed on
₹ 11, 2001 .  A copy of same accompanies this citation.

₂ number of said suit being No. 2001-10-004456-D.

.e of the case is:

LUZ GLORIA MAHECHA DE BERRETO
VS.
ESTATE OF MAURICIO PONCE GUTIERREZ ET AL

:ition was filed in said court by    HON. JOSEPH A.(TONY) RODRIGUEZ
=y for         PLAINTIFF         ), whose address is
₹ 2155 BROWNSVILLE TX. 78520

₂ nature of the demand is fully shown by a true and correct copy of the
1 accompanying this citation and made a part hereof.

₂ officer executing this writ shall promptly serve the same according to
ients of law, and the mandates thereof, and make due return as the law

sued and given under my hand and seal of said Court at Brownsville,
.his the 12th day of  OCTOBER , A.D. 2001.

# LAWRENCE LAW FIRM

*A Professional Corporation*

One Park Place, Suite 680
McAllen, Texas 78503
(956) 994-0057
(956) 994-0741 fax

November 3, 2001

Ms. Aurora De La Garza          Certified Mail 7099 3220 0000 8763 2138
Cameron County District Clerk
974 East Harrison
Brownsville, Texas 78520

>    **RE:**   *Nam Thai et al v. Estate of Mauricio Ponce Gutierrez et al, Cause No.*
>    *2001-10-4445-A in the 107th Judicial District Court of Cameron County,*
>    *Texas.*

Dear Ms. De La Garza:

Enclosed for filing please find the following document:

1.     Defendant's Motion to Transfer Venue & Original Answer

Warmest Regards,

LARRY W. LAWRENCE, JR.

nothing by their suit, and the court grant such other relief to which this Defendant may be justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 680
McAllen, Texas 78503
(956) 994-0057
(956) 994-0741 FAX

By:_____
LARRY W. LAWRENCE, JR.
State Bar No. 00794195


ATTORNEY FOR DEFENDANT PONCE

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document has been forwarded to the following on this __3rd_____ Day of _November_ 2001:

ATTORNEY FOR PLAINTIFFS

Tony Rodriguez                    *Via Fax (956) 971-9451*
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Brownsville, Texas 78504.


_____
LARRY W. LAWRENCE, JR.