IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

APR 2 4 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased<br>　　　Plaintiffs | §<br>§<br>§<br>§ |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VALENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN<br>　　　Plaintiffs | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| NORRISON FABER ZAPATA, Individually and As Next Friend of STEFANIA ZAPATA and SANTIAGO ZAPATA, Minor Children of Claudia Rodriguez-Marin, Deceased and As Personal Representative of the ESTATE OF CLAUDIA RODRIGUEZ-MARIN<br>　　　Plaintiffs | §<br>§<br>§<br>§<br>§<br>§<br>§ |
| KIEU OANH LAM and THONG LAM, Individually and as Personal Representative of the Estate of SON T. LAM, Deceased, and BOUNMA THAMMAVONG, Individually and as Next Friend of DANNY NGUYEN and ALEX THAMMAVONG, Minor Children of VAHN THAMMAVONG, Deceased and As Personal Representative of the ESTATE OF VAN THAMMAVONG and NOY KHOUNSAVNH, Individually and as Next Friend of MALDINI KHOUNSAVANH, Minor Children of GERMANIE THAI, Deceased<br>　　　Intervenors | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| V. | §<br>§ |
| ESTATE OF MAURICIO PONCE GUTIERREZ, CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS, and KYOTTO DERON KEENAN<br>　　　Defendants | §<br>§<br>§<br>§<br>§<br>§ |

CIVIL ACTION

NO. B-02.083 ¨

**DEFENDANT CON-WAY TRANSPORTATION SERVICES, INC.'S
OPPOSED MOTION TO TRANSFER VENUE or to DISMISS and
SUPPORTING MEMORANDUM**

COMES NOW CON-WAY TRANSPORTATION SERVICES, INC. ("CON-WAY") and pursuant to 28 U.S.C. §1404(a) does file this its Motion to Transfer Venue or to Dismiss on grounds of forum non conveniens pursuant to Texas Practice and Remedies Code §71.051.

## I.
## BRIEF BACKGROUND

On or about September 30, 2000, two collisions involving several vehicles occurred near the City of Anderson, South Carolina. These collisions resulted in several deaths. The Plaintiffs and Intervenors (henceforth "Plaintiffs" shall refer to both Plaintiffs and Intervenors) consist of individuals allegedly injured as a result of the collision, Next Friends of certain minors, and representatives of the estates of individuals allegedly killed as a result of the collision.

The Plaintiffs bring claims against CON-WAY. In addition, the Plaintiffs have brought claims against the Defendant Kyotto Deron Keenan, an individual who allegedly was operating a vehicle in the course and scope of his employment for CON-WAY. Finally, Plaintiffs and Intervenors have filed suit against the Estate of Mauricio Ponce Gutierrez; Mauricio Ponce Gutierrez was allegedly a driver of one of the vehicles involved in one of the collisions.

None of the Plaintiffs reside in or are citizens of the State of Texas.

Defendant Keenan resides in and is a citizen of the State of Georgia. *See* AFFIDAVIT OF KEENAN attached as Exhibit A.

CON-WAY is a Delaware Corporation with its principal place of business in the State of Michigan. See Affidavit of CON-WAY Corporate Representative, attached as Exhibit B.

The decedent Maricio Ponce Gutierrez was a resident of Florida at the time of his death. See Affidavit, attached as Exhibit C. Likewise, the alleged representative of his Estate is a resident of Florida. See Exhibit D.

The only connection this case has with Texas is the Estate of Mauricio Ponce Gutierrez, which is allegedly being administered in Cameron County. In reality, an administration has been filed in no court in Cameron County. See Affidavit, attached as Exhibit C.  Moreover, the Estate of Mauricio Ponce Gutierrez, on November 3, 2001, filed a Motion to Transfer Venue in the underlying State Court action from which this matter was removed, stating that Cameron County was an inconvenient forum. *See* Exhibit A.

## II.
## Motion to Transfer Venue is Appropriate

This civil case should be transferred to the United States District Court, District of South Carolina, Anderson Division, pursuant to 28 U.S.C. §1404(a). The criteria weighed by a court in deciding a motion to transfer under section 1404(a) include:

1.    the convenience of the parties;
2.    the convenience of the material witnesses;
3.    the availability of process to compel the presence of unwilling witnesses;
4.    the cost of obtaining the presence of witnesses;
5.    the relative ease of access to sources of proof;
6.    calendar congestion;
7.    where the events in issue took place; and
8.    the interests of justice in general.

*Gundle Lining Construction Corp. v. Fireman's Fund Insurance Co.,* 844 F.Supp. 1163, 1165 (S.D.Tex. 1994)(transferring venue to New Jersey). In addition, the source of applicable law may justify transfer. *See Snyder Oil Corp. v. Samedan Oil Corp.,* 208 F.3d 521, 522 (5th Cir. 2000). These factors favor transfer of the case.

### A.    Action Could have been Brought in South Carolina

The accident at issue allegedly occurred near the City of Anderson, South Carolina. The Courts of South Carolina would have had subject matter jurisdiction in that it is the location of the accident. Likewise, the Federal Courts of the District of South Carolina would have had

jurisdiction over this matter as the parties are diverse and the amount in controversy exceeds $75,000. The causes of action alleged by Plaintiffs exist in South Carolina. *See* S. CAROL. CODE §15-51-10, *et seq.* (setting forth civil action for wrongful act causing death); *see also Mishoe v. Atlantic Coast Line RR Co.,* 197 S.Car. 402 (1938) (setting forth elements of wrongful death actions). All defendants would be subject to specific jurisdiction in South Carolina and service could be made on all defendants by virtue of South Carolina's vehicular long-arm statute. *See* S. CAROL. CODE §15-9-350 (allowing out-of-state defendants involved in a suit arising from a motor vehicle accident to be served via the South Carolina Department of Public Safety.)

**B.     Choice of Law**

Because the accident at issue occurred in South Carolina and no other state has a more significant relationship to the controversy, it appears that South Carolina law will be controlling in this litigation. The law of the state with the most significant relationship to the matter at issue will be applied under Texas choice-of-law principles. *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 420-21 (Tex.1984); *Gutierrez v. Collins,* 583 S.W.2d 312 (Tex.1979). This factor therefore favors transfer to South Carolina. *Snyder Oil Corp.* 208 F.3d at 522; *see also Grundle Lining,* 844 F.Supp at 1166 ("The applicability of New Jersey law . . . weighs heavily in favor of transferring venue.")

**C.     Convenience of the Parties**

The Plaintiffs' choice of forum usually is accorded some weight. However, the is not the case where most of the operative facts occurred in another venue. *Johnson v. Dillard Dept. Stores, Inc.* 2001 WL 285248, *1 (N.D.Tex. 2001); *Lindloff v. Schenectady International,* 950 F.Supp. 183, 195 (E.D.Tex.1996). Further, the Plaintiffs' choice is entitled to less consideration

when, as here, the plaintiffs do not reside in the chosen forum. *Johnson*, 2000 WL 285248 at *1;

*Robertson v. Kiamicki Railroad Co., L.L.C.,* 42 F.Supp.2d 651, 656 (E.D.Tex.1999).

Indeed, Texas is a convenient forum for none of the parties. Even the purported Estate of
Mauricio Ponce Guttierez -- whose presence in the suit provides the only possible justification
for even considering Texas as a forum -- has already moved the State Court to transfer the case
out of Texas on the ground of inconvenience. *See* Exhibit D.

### D.    Convenience of Material Witnesses

The accident at issue occurred in the State of South Carolina. Other than party witnesses,
it appears that most or all of the fact witnesses will be located in the State of South Carolina.
Further, documents relevant to the dispute at issue, such as law enforcement and emergency
medical service reports -- as well as their custodians -- will be located in that state. The
convenience factor thus weighs in favor of South Carolina.

### E.    Availability of Process to Compel the Presence of Unwilling Witnesses; Cost of Obtaining Presence of Witnesses; Relative Ease of Access to Sources of Proof.

For the reasons described above, most -- if not all -- fact witnesses likely will be located
in the state of South Carolina. Texas is home to no witnesses to the accident, its aftermath, or the
alleged injuries and treatment of the Plaintiffs. The United States District Courts in South
Carolina have no more or less ability to compel the presence of unwilling witnesses than those of
Texas. This factor, therefore, does not support venue in Texas, and does not weigh against venue
in South Carolina. Because the vast majority of the non-party fact witnesses and documents will
be located in South Carolina, the location of the accident at issue, and no witnesses or documents
appear to be located in Texas, the factors relating to the cost of obtaining the presence of
witnesses and relative ease of access to sources of proof also favor venue in South Carolina.

out of a motor vehicle accident occurring in the state of South Carolina, witnessed by citizens of South Carolina, and touching upon the public interests of the State of South Carolina.

### III.
### Dismissal Appropriate under
### Section 71.051 of the
### Texas Civil Practice and Remedies Code: Forum Non Conveniens

Under section 71.051 of the Texas Civil Practice and Remedies Code, a claim or action may be stayed or dismissed if, in the interest of justice, the claim would be more properly heard in a forum outside the state. The grounds for dismissal according to this section are quite similar to the elements set forth above. But, the factors to be considered are not identical.

On or about April 5, 2002 CON-WAY filed a Motion to Dismiss pursuant to §71.051 in the State Court. A copy of same, subsequent to removal, is now in the Court's docket. For the sake of convenience, CON-WAY will set forth the arguments made therein:

Texas is an improper forum for two principle reasons. First, according to the applicable statutes, venue is improper in all Texas counties. Second, even if some county did have venue, this case should not proceed in Texas.

### A.    Venue is Improper in All Texas Counties.

CON-WAY directs the Court to the Plaintiffs' Original Petitions. Each of these Petitions, later consolidated into the present case, contain the exact same explanation regarding venue.

First, Plaintiffs claim venue is proper pursuant to Texas Probate Code, §6. Second, Plaintiffs claim Mauricio Ponce Gutierrez had a permanent residence in Cameron County at the time of the accident.

Neither allegation establishes venue in Cameron County. Moreover, the clear reading of the applicable venue statutes forces one to conclude that no county in Texas is a proper venue for this suit.

### 1.    Venue and the Probate Code

Turning first to the Plaintiffs' reference to the Probate Code, the Court will note that Tex.Prob.C. §6 pertains to the proper venue for the administration of an estate. It says nothing about venue for suits against an estate such as the one before the Court. In reality, venue in these types of actions is governed not by the Probate Code, but by the Civil Practice and Remedies Code ("CPRC").

In regard to suits against an estate, CPRC §15.031 states that permissive venue lies in the county in which the estate is administered only in cases involving a "money demand against estate." See CPRC §15.031. The phrase "money demand against the estate" contemplates suits brought by heirs or parties who had contracted with the decedent. *See e.g. Nunn v. Titche-Goettinger Co.*, 196 S.W. 890, 892 (Tex.Civ.App.--Dallas 1917, writ dism'd w.o.j) ("A demand against the estate ordinarily would be some debt or obligation of the testator incurred in his lifetime or some enforceable debt or obligation of his representatives incurred subsequent to the testator's death.") The present case does not involve a "money demand against the estate." Rather, it involves a straightforward tort claim which, according to case law, does not constitute a "money demand." *See  e.g. Adams v. McHam*, 289 S.W.2d 319, 320 (Tex.Civ.App.--Amarillo 1956, no writ)("in the present cause of action [...] neither of the two deceased persons contracted to perform an obligation in Dickens County.  Also, at this point in the litigation of the tort claim of appellees, no money demand now exists as against the estate of the deceased parties but must be established by the suit.  [. . .]  The legal principle as to venue being established by the written contract of a deceased person sheds no light on the issue of venue as to a tort claim against the executors of a deceased person's estate.")

More to the point, CPRC §15.031 goes on to specify where venue lies in cases brought against an estate "growing out of a negligent act or omission" of the decedent. In such cases, venue lies "in the county in which the negligent act or omission" occurred. CPRC §15.031. The alleged negligent act did not occur in Cameron County. It occurred in South Carolina.

Finally, even if the claim against the Estate was a "money demand," venue would not be proper in Cameron County due to the fact that the Estate is not being administered in Cameron County. *See* Affidavit, attached as Exhibit C.

### 2.    Venue By Virtue of Residency

As their second ground for venue, Plaintiffs allege Mauricio Ponce Gutierrez "had a permanent residence in Cameron County."

The venue provision relied upon by Plaintiffs is CPRC §15.002(a)(2) which states permissive venue is proper in the "county of defendant's residence at the time the cause of action accrued *if the defendant is a natural person.*" (emphasis added.)

The defendant in this case is not a "natural person." Rather, the defendant is an Estate. Accordingly, CPRC §15.002(a)(2) is inapplicable, especially in light of the fact that a separate provision in the venue statute -- discussed above -- specifically deals with Estates. *See* CPRC §15.031.

But even if CPRC §15.002(a)(2) applied, venue would still be improper in Cameron County due to the fact that at the time of the accident Mauricio Ponce Gutierrez was a resident of the State of Florida. *See* Affidavit, attached as Exhibit C. Specifically, at the time of the accident, Mauricio Ponce Gutierrez was living at 1508 Northwest Avenue B., Belle Glade, FL 38420 -- nearly a thousand miles away from Cameron County. *Id.*

**B.      Even If Venue Lies in a Texas County, Texas is Still an Improper Forum**

CPRC §71.051 sets forth two specific procedures for bringing forum non conveniens motions; one is designed for Plaintiffs who are United States residents, and the other for those who are not.  Id.

In regard to the Plaintiffs who are U.S. Citizens, CON-WAY must show the following by a preponderance of the evidence:

1.      An alternative forum exists in which the claim or action may be tried;

2.      The alternative forum provides an adequate remedy;

3.      Maintenance of the claim or action in the courts of Texas would work a substantial injustice to the moving parties;

4.      The alternative forum, as a result of the submission of the parties or otherwise, can exercise jurisdiction over all the Defendants properly joined to the Plaintiffs' claim;

5.      The balance of the private interest of the parties and the public interest of the parties and the public interest of the state predominate in favor of the claim or actions being brought in alternative forum; and

6.      The state where dismissal would not result in unreasonable duplication or proliferation of litigation.

CPRC §71.051(b)(1-6).

**1. Element Numbers One and Two**

Regarding elements one and two, South Carolina is an alternative forum and allows causes of action for wrongful death.  *See* S. CAROL. CODE §15-51-10, et seq. (setting forth civil action for wrongful act causing death); *see also Mishoe v. Atlantic Coast Line RR* Co., 197 S.Car. 402 (1938) (setting forth elements of wrongful death actions).

## 2. Element Number Three

In regard to element number three, there is little question that the maintenance of this cause of action in the courts of Texas would work a substantial injustice to the moving parties. The court is directed to the Estate of Mauricio Ponce Gutierrez's Motion to Transfer Venue attached hereto as Exhibit D wherein the Estate states its representative currently resides and works in the State of Florida and that the maintenance of this lawsuit in the State of Texas would constitute an "undue hardship" on the representative if she was required to travel to Brownsville, Texas to attend depositions and trial.

Likewise, the incident made the basis of this lawsuit – namely, a multi-vehicle pile-up on the highways of South Carolina – was responded to by South Carolina Highway Patrolmen who, presumably, live in South Carolina. Their police report and testimony is essential to the adjudication of this matter as will be the deposition testimony of any and all witnesses to the collision who likewise presumably live in South Carolina.

Finally, those involved in the collision– many of whom are Plaintiffs – were presumably treated, at least initially, in medical facilities in South Carolina. These witnesses' testimony is likewise essential to this case.

In short, none of the Plaintiffs are from Texas. None of the witnesses are from Texas. Neither CON-WAY nor Keenan are from Texas. The Estate of Mauricio Ponce Gutierrez is represented by an individual who has already begged the Court to transfer this case out of Cameron County. To allow this suit to continue in a forum nearly 1,500 miles away from the site of the collision would work a substantial injustice, not only to the moving parties but to the moving parties' co-defendants.

### 3. Element Number Four

Regarding element number four, South Carolina allows all out-of-state parties involved in a suit arising from a motor vehicle accident to be served via the South Carolina Department of Public Safety. S. CAROL. CODE §15-9-350.

### 4. Element Number Five

Regarding element number five, as this collision occurred on the highways of South Carolina and the aftermath of the collision was investigated by officers of the South Carolina State Police, it would appear rather obvious that the State of South Carolina has a greater interest in the outcome of this suit than does the State of Texas. More generally, the types of public interest Texas courts frequently consider include:

1.  Administrative difficulties caused by litigation not handled out of the origin;

2.  Jury duty imposed upon people in the community that have no relation due to this litigation;

3.  Inability of people whose affairs may be touched by litigation to learn of it other than by way of reported file is held in a remote part of the country;
4.  Local interest in having localized controversies decided at home; and

5.  The appropriateness of having a trial in a diversity case in a forum that is familiar with the state law that must govern a case, rather than having a court in some other forum untangle problems and conflict of law that is foreign.

*See Baker v. Bell Helicopter Textron, Inc.* 985 S.W.2d 272 (Tex. App. – Ft. Worth 1999, writ denied)(citing *Dallas Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508-09 (1947)).


Reviewing these five factors, it becomes increasingly clear that South Carolina has a far greater interest in hosting this litigation than Texas. It makes no sense to have citizens of Brownsville considering and determining duties and standards that will affect the operators of

motor vehicles in South Carolina. Likewise, this was a monumental collision involving numerous vehicles, yet those whose affairs may be touched by this collision and this litigation will have no way of learning of it as Plaintiffs have secreted this case down to Brownsville, Texas. Finally, as *Baker* pointed out, there is no purpose served in opening the Pandora's box of conflict-of-law issues.

### 5. Element Number Six

Finally, regarding element number six, there will be no unreasonable duplication or proliferation of litigation. This litigation is at a very early stage.

Few cases discuss the application of CPRC §71.051 in cases such as the one currently before the Court. The most similar case is *Baker*. In *Baker*, none of the Plaintiffs were from Texas. The helicopter accident that formed the basis of the lawsuit did not occur in Texas, and all of the witnesses resided outside of Texas. The fact that the designer of the helicopter had its principal place of business in Tarrant County provided the only Texas connection. *Id*. Even in light of this connection, the Court of Appeals upheld the trial court's refusal to exercise jurisdiction. *Baker*, 985 S.W.2d at 275-76. In the present case, there is even less of a connection to Texas than in *Baker*. The only corporate defendant, CON-WAY, has no principal place of business in Texas. Likewise, Defendant Keenan is not a resident of Texas. And, the administration of the Estate of Mauricio Ponce Gutierrez has not been filed in Cameron County. But, even if it had, the personal representative has already appeared before the Court stating that the maintenance of this case in Cameron County would constitute an undue hardship.

CON-WAY also directs the Court's attention to CPRC §71.051(e) which states that the Court shall dismiss a claim if the Court finds by preponderance of the evidence that a party was joined solely for the purposes of obtaining or maintaining jurisdiction in the State and that the

party's claim would be more properly heard in a forum outside the State.  It is CON-WAY's contention that the Estate of Mauricio Ponce Gutierrez was joined solely for the purpose of obtaining or maintaining jurisdiction in this State.  As set forth above, Mauricio Ponce Gutierrez was a resident of Florida, as is the personal representative of the Estate.  It is also CON-WAY's contention that no administration of the Estate has been filed in Cameron County and the Estate has been named in the suit for no other reason than to manufacture venue in Cameron County. Accordingly, pursuant to CPRC §71.051(e) CON-WAY urges the Court to dismiss the Plaintiffs' claim.

In regard to the Plaintiffs who may not be legal residents of the United States, CPRC §71.051(a) sets forth a far less stringent standards.  Instead of proving by a preponderance of the evidence the six elements listed above, the Court need only find that "in the interest of justice a claim or action [...] would be more properly heard in a forum outside this State."  It is obvious and not fairly deniable that the interests of justice will not be advanced by litigating this matter in Texas in light of the fact that the lawsuit arises from an incident that occurred in South Carolina, is being prosecuted by no Texas Plaintiffs, is being prosecuted against no Texas Defendants, and will necessitate the testimony of witnesses who all reside outside the State of Texas.

## IV.
## CONCLUSION
## and
## PRAYER

For these reasons, this action should be transferred in its entirety to the United States District Court, District of South Carolina, or alternately should be dismissed. Defendant requests such a transfer, and also requests such other and further relief to which it may be entitled, at law or in equity.

Respectfully submitted,

EDWARD F. VALDESPINO
State Bar No. 20424700
Southern District No.  14656
CYRUS F. REA
State Bar No. 00797291
Southern District No. 28567
STRASBURGER & PRICE, L.L.P.
300 Convent St., Suite 900
San Antonio, TX 78205
Telephone:  (210) 250-6000
Facsimile:  (210) 250-6100

MARK S. SCUDDER
State Bar No. 17936300
STRASBURGER & PRICE, L.L.P.
901 Main St., Suite 4300
Dallas, TX 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

**COUNSEL FOR DEFENDANT
CON-WAY TRANSPORTATION SERVICES,
INC. d/b/a CON-WAY SOUTHERN EXPRESS,
AND KYOTTO DERON KEENAN, SUBJECT
TO HIS SPECIAL APPEARANCE AND
WITHOUT WAIVING HIS OBJECTION TO
PERSONAL JURISDICTION**

## CERTIFICATE OF SERVICE

On the ___ day of April, 2002, a true and correct copy of the foregoing document has been forwarded via certified mail, return receipt requested, to:

Mr. Dick James
611 N. Main St.
Greenville, SC 29601

Mr. B. Allen Clardy, Jr.
Mr. William A. Jordan
667 N. Academy St.
Greenville, SC 29601

Mr. D. Craig Olivier
Mr. Dennis R. Mundy
Oliver & Mundy, L.L.P.
1414 W. Clay
Houston, TX 77019

Mr. Larry W. Lawrence, Jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, TX 78503

Mr. Larry W. Lawrence, jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, TX 78503

Mr. Birger Greg Bacino
Mr. Richard P. Verlasky
3033 Fifth Avenue, Suite 301
San Diego, CA 92103

Edward F. Valdespino
Cyrus F. Rea II

240276.1

# EXHIBIT A

## AFFIDAVIT OF KYOTTO DERON KEENAN

State of Georgia   §
              §
County of DOUGLAS §

BEFORE ME, the undersigned authority, on this day personally appeared Kyotto Deron Keenan, who is personally known to me, and first being duly sworn according to law, upon his oath deposed and stated:

1.    I am over the age of 18 and have never been convicted of a crime. I am of sound mind and am fully qualified to make this affidavit and competent to testify as stated herein. The facts stated herein are within my personal knowledge and true and correct.

2.    My name is Kyotto Deron Keenan. I have read this affidavit and the information contained herein is within my personal knowledge and is true and correct.

3.    I am currently a resident and citizen of the State of Georgia. I have never resided in nor have I ever been a citizen of the State of Texas. I have never owned any property in the State of Texas. Likewise, I have never engaged in any business in the State of Texas.

4.    On September 30, 2000, I was involved in a vehicle collision in the State of South Carolina. My presence in South Carolina had nothing to do with any business being engaged in or concerning the State of Texas. I was not traveling from Texas, nor was I traveling to the State of Texas when the collision occurred.

FURTHER, Affiant sayeth not.

_____
KYOTTO DERON KEENAN

SUBSCRIBED AND SWORN TO BEFORE ME on this 15th day of April, 2002, to certify which witness my hand and official seal.

_____
Notary Public - State of Georgia
**Notary Public-Fulton County, Georgia**
**My Commission Expires** 04-04-04

239901

# EXHIBIT B

## AFFIDAVIT OF KARYN VORWALLER

STATE OF OREGON        §
                        §

COUNTY OF MULTNOMAH     §

BEFORE ME, the undersigned authority, on this day personally appeared Karyn Vorwaller, known to me to be the person whose name is subscribed to the foregoing document, and being by me first duly sworn, declared that the statements herein contained are within her personal knowledge and are true and correct.

1.      "My name is Karyn Vorwaller. I am over the age of 21 years and have never been convicted of a felony. I am of sound mind and am fully qualified to make this Affidavit and competent to testify as stated herein.

2.      "Con-Way Transportation Services, Inc. d/b/a Con-Way Southern Express is a Delaware corporation with its principal place of business in the State of Michigan. Con-Way Southern Express is part of Con-Way Transportation Services, Inc. and has an administrative office in Tarrant County, Texas.

"Further, Affiant sayeth not."



By: Karyn Vorwaller
Title: Casualty Claims Supervisor for Con-Way

SUBSCRIBED AND SWORN TO before me on this 5⁻ᵗʰ day of April, 2002.

Notary Public, State of Oregon

230063.1

NOTARY PUBLIC   OREGON
COMMISSION NO. 212374

EXHIBIT
B

# EXHIBIT C

Cause No. 2001-10-4445-A

| | | |
|---|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased<br>　　　Plaintiffs | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VANENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN<br>　　　Plaintiffs | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| NORRISON FABER ZAPATA, Individually and As Next Friend of STEFANIA ZAPATA and SANTIAGO ZAPATA, Minor Children of Claudia Rodriguez-Marin, Deceased and As Personal Representative of the ESTATE OF CLAUDIA RODRIGUEZ-MARIN<br>　　　Plaintiffs | §<br>§<br>§<br>§<br>§<br>§<br>§ | |
| | §<br>§ | 107TH JUDICIAL DISTRICT |
| KIEU OANH LAM and THONG LAM, Individually and as Personal Representative of the Estate of SON T. LAM, Deceased, and BOUNMA THAMMAVONG, Individually and as Next Friend of DANNY NGUYEN and ALEX THAMMAVONG, Minor Children of VAHN THAMMAVONG, Deceased and As Personal Representative of the ESTATE OF VAN THAMMAVONG and NOY KHOUNSAVNH, Individually and as Next Friend of MALDINI KHOUNSAVANH, Minor Children of GERMANIE THAI, Deceased<br>　　　Intervenors | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| V. | §<br>§<br>§ | |
| ESTATE OF MAURICIO PONCE GUTIERREZ, CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS, and KYOTTO DERON KEENAN<br>　　　Defendants | §<br>§<br>§<br>§<br>§<br>§ | CAMERON COUNTY, TEXAS |

## AFFIDAVIT OF KIM PRICE



EXHIBIT
C

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

BEFORE ME, the undersigned authority, on this day personally appeared KIM PRICE, known to me to be the person whose name is subscribed to the foregoing document, and being by me first duly sworn, declared that the statements herein contained are within her personal knowledge and are true and correct.

1.      "My name is KIM PRICE. I am over the age of 21 years and have never been convicted of a felony. I am of sound mind and am fully qualified to make this Affidavit and competent to testify as stated herein.

2.      Attached to this Affidavit, as Exhibit 1, is a true and correct of a portion of the police report generated as a result of the incident made the basis of the above-captioned lawsuit. As stated in the police report, the residence of Mauricio Ponce Gutierrez at the time of the incident was 1508 N. W. Avenue B, Belle Glade, Florida 38430. Also as indicated on the attached Exhibit, Mauricio Ponce Gutierrez held a Florida driver's license number G362-555-67-342-0.

3.      I have personally researched the residences of Mauricio Ponce Gutierrez stretching back to 1988 utilizing a computerized database with access to such information. Records that I have personally observed indicate that Mauricio Ponce Gutierrez was a resident of Florida at the time of the incident made the basis of the above-captioned lawsuit. Furthermore, Mauricio Ponce Gutierrez was a resident of Florida for several years prior to the incident.

4.      I have personally contacted the Clerk of the County Courts for Cameron County to determine whether any administration or other probate proceedings had been filed in any of the courts in Cameron County. As of April 5, 2002, no administration for the Estate of Mauricio Ponce

2

Gutierrez has been filed in any court in Cameron County nor have there been any filings in any matters related to any Estate of Mauricio Ponce Gutierrez. In addition, I have discovered no record of any personal representative being appointed or registered for the Estate of Mauricio Ponce Gutierrez.

Further, Affiant sayeth not."



KIM PRICE

SUBSCRIBED AND SWORN TO before me on this _5th_ day of April, 2002.

Notary Public, State of ___TX___

54WH01!.WPD

WYNNE M. BREDLOW
Notary Public
STATE OF TEXAS
My Comm. Expires 11-13-2005

3



EXHIBIT
1

ORIGINAL   D.P.S. USE ONLY   00110303 1009 2000

Amended - Attach Copy of Original Report — Corrected — Page 1 of Pages — # of Units 1

| Date | Time | County | COLLISION LOCATION |
|---|---|---|---|
| 9-30-00 | 0530 | 04 | Route Number and Name if any ON 85 |

BASE INTERSECTION Route Number and Name if any FROM 71

SECOND INTERSECTION Route Number and Name if any TOWARD 76

Time Police Notified 0530   Time Police Arrived 0549   Time Ambulance Arrived 0552

City or Town IN ANDERSON   Or If Outside 4.50 Miles N E S W

D.P.S. USE ONLY 1190

Unit 1

Driver or Pedestrian Full Name: GUTIERREZ - MAURICIO PONCE
Street or R.F.D.: 1508 NORTHWEST AVE B LOT 35
Birth Date: 9-22-07
Residence County —  City, State & Zip: BELLE GLADE, FL. 33430
State: FL   Class: E   Driver License Number: G362-555-67-342-0
Year: 88   Body: VAN   Make & Vehicle Identification Number: FORD - 1F8JS3H15H8 77572
State: NC   Year: 00   License Plate Number: KYK - 5118
Home Telephone # 704 535-0549
Owner's Full Name: CRUZ-LUIS
Street or R.F.D.: 406 D. CONCORD RD.
Residence County —  City, State & Zip: HUNTERSVILLE, NC. 28078
Estimated Speed 85   Speed Limit 70
# of Occupants 4   Vehicle Towed by: MAYNARDS

Summons Number / Violation Codes: M - 302419     M - 302420

Direction of Travel: Unit N

NORTH ↑

Describe What Happened (Refer to Units by Number):
UNIT #1 WAS TRAVELING NORTH ON I-85. UNIT #1 WAS ATTEMPTING TO PASS ANOTHER VEHICLE. UNIT #1 SWERVED LEFT INTO THE GRASS MEDIAN AND OVERTURNED SEVERAL TIMES. UNIT #1 THEN CROSSED THE SOUTHBOUND LANES OF I-85 AND STRUCK AN EMBANKMENT.

SPECIAL USE ONLY — INTERNAL AGENCY CODE

Witness Full Name: HANSEN - RONALD L. JR.   Address: 1163 CARTEE RD. ANDERSON, SC.   Phone (864) 287-7843   Age 36   Sex M

Damage to Property Other Than Vehicle: Estimated Amt. of Damage to Unit 1: 5900

| | | | | | | | NAME | ADDRESS |
|---|---|---|---|---|---|---|---|---|
| 1 | m | H | 1968-09-22 | 11 | 52 | 1 2 1 4 | GUTIERREZ - MAURICIO | 1508 NORTHWEST AVE B. BELLE GLADE, FL. 33430 |
| 1 | m | H | 1966-11-24 | 13 | 52 | 1 1 1 2 | AVALOS - GUSTAVO | EL RESUGTO S.D. MEXICO |
| 1 | m | H | 1968-11-16 | 21 | 11 | 1 1 1 2 | CRUZ - FRANCISCO | EL REFUGIO TO, MEXICO |
| 1 | m | H | 1966-01-28 23 | 11 | 2 1 1 4 | VAZQUEZ - LUIS CRUZ | 287 LAKELWD DR. MARIETTA 30000 |

Investigator's Name: DEAN - J.D.   Rank 4/CPL   Badge 161   Agency Type Code HPO300   Date 9-30-00

# EXHIBIT D

# EXHIBIT D

CAUSE NO. 2001-10-4457-A

| | | |
|---|---|---|
| NORRISON FABER ZAPATA, | § | IN THE DISTRICT COURT |
| Individually and as Next Friend to | § | |
| STEFANIE ZAPATE and SANTIAGO | § | |
| ZAPATA, Minor Children of Claudia | § | |
| Rodriguez-Marin, Deceased and as | § | |
| Personal Representative of the Estate of | § | |
| CLAUDIA RODRIGUEZ-MARIN | § | |
| Plaintiffs | § | 107th  JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| ESTATE OF MAURICIO PONCE | § | |
| GUTIERREZ ET AL | § | |
| Defendants | § | CAMERON COUNTY, TEXAS |

## DEFENDANT'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JUAN MARIA AGUILAR PEREZ IN HER CAPACITY AS THE REPRESENTATIVE OF THE ESTATE OF MAURICIO PONCE GUTIERREZ, and filed this Motion to Transfer Venue, and contemporaneous with same, files an Original Answer to Plaintiffs' Original Petition, and for cause would show the following:

### I. GENERAL DENIAL

Subject to the Motion to Transfer Venue contained herein, Defendant, in her capacity as the personal representative of the Estate of Mauricio Ponce Aguilar, denies each and every, all and singular, the allegations contained within Plaintiffs' Original Petition and demands strict proof of same.

### III. MOTION TO TRANSFER VENUE

Pursuant to C.P.R.C. Section 15.002(b), Defendant hereby request a transfer of venue on the basis that Cameron County is not a convenient forum.  The representative of the Estate of Mauricio Ponce Aguilar  Juan Maria Aguilar Perez.  currently a resides and works in the State of Florida. It would place an undue hardship for hence travel to Brownsville, Texas to attend depositions and trial.

**WHEREFORE, P** EXHIBIT "D" efendants asks this court to set a hearing on the

C:\Activefiles\PonceMau:                                                                 pd                                    1

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document has been forwarded to the following on this ___3rd_____ Day of _November_ 2001:

**ATTORNEY FOR PLAINTIFFS**

Tony Rodriguez                    *Via Fax (956) 971-9451*
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Brownsville, Texas 78504.


_____
LARRY W. LAWRENCE, JR.