η

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 7 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| NAM THAI, As Next Friend of<br>LOAN THAI, Minor Child of<br>Germanie Thai, Deceased | §<br>§<br>§<br>§ |
| LUZ GLORIA MAHECHA DE BERRETO,<br>As Next Friend of CAMILLA MARIA<br>VANENTINO MEDELLIN, Minor Child<br>of David Luis Felipe Medellin,<br>Deceased, and As Personal<br>Representative of the ESTATE OF<br>DAVID LUIS FELIPE MEDELLIN | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| NORRISON FABER ZAPATA,<br>Individually<br>and As Next Friend of STEFANIA<br>ZAPATA and SANTIAGO ZAPATA, Minor<br>Children of Claudia Rodriguez-<br>Marin, Deceased and As Personal<br>Representative of the ESTATE OF<br>CLAUDIA RODRIGUEZ-MARIN<br>**PLAINTIFFS** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| KIEU OANH LAM and THONG LAM,<br>Individually and as Personal<br>Representative of the Estate of<br>SON T. LAM, Deceased, and BOUNMA<br>THAMMA VONG, Individually and As<br>Next Friend of DANNY NGUYEN and<br>ALEX THAMMA VONG, Minor Children<br>of VAHN THAMMA VONG, Deceased and<br>As Personal Representative of the<br>ESTATE OF VAHN THAMMA VONG and NOY<br>KHOUNSAVANH, Individually and As<br>Next Friend of MALDINI KHOUNSAVANH,<br>Minor Children of GERMANIE THAI,<br>Deceased, **INTERVENORS** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |
| **VS.** | §<br>§ |
| ESTATE OF MAURICIO PONCE GUTIERREZ<br>CON-WAY TRANSPORTATION SERVICES,<br>INC. d/b/a CON-WAY SOUTHERN<br>EXPRESS, and KYOTO DERON KEENAN | §<br>§<br>§<br>§ |

CIVIL ACTION

NO. B-02-083
**JURY DEMANDED,
SUBJECT TO MOTION
TO REMAND**

**PLAINTIFFS' MOTION
TO REMAND**

## PLAINTIFFS' MOTION TO REMAND

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COME NOW **all PLAINTIFFS**, Nam Thai, as next friend of Loan Thai, Luz Gloria Mahecha De Berreto, as next friend of Camilla Maria Vanentino Medellin, and as personal representative of the Estate of David Luis Felipe Medellin, and Norrison Faber Zapata, Individually and as next friend of Stefania Zapata and Santiago Zapata, and as Representative of the Estate of Claudia Robriquea-Marin, joined by **all INTERVENORS** Kieu Oahn Lam and Thong Lam, individually and as Personal Representative of the Estate of Son T. Lam, Deceased, and Bounma Thammavong, Individually and as Next Friend of Danny Nguyen and Alex Thammavong, Minor Children of Vahn Thammavong, Deceased and as personal representative of the Estate of Van Thammavong, and Noy Khounsavnh, Individually and as Next Friend of Malkini Khounsavanh, minor Children of Germanie Thai, Deceased, and pursuant to 28 U.S.C. §§ 1441(b) and 1447(c), move this court for an order remanding this case to the 107th Judicial District Court of Cameron County, Texas, on the grounds that this cause was improperly and improvidently removed, and is not within the subject matter jurisdiction of this Court, and in support of this motion would respectfully show as follows:

2

# I.
## SUMMARY OF THE ARGUMENT

**1.**    This suit should be remanded to the State District Court in Cameron County for multiple reasons:

a.    Defendant's Notice of Removal was untimely (procedurally defective);

b.    Defendant's Notice of Removal was not joined by all Defendants;

    i.    Estate of Mauricio Ponce Gutierrez (through its proper representative) is properly joined, is not an incidental party, did not remove and did not join in the removal.

    ii.    Con-Way's truck driver, a tortfeasor, is not an incidental party.    He did not remove, and he did not timely or properly join in the removal.

c.    There is a properly joined and served defendant from Texas and therefore this court lacks removal jurisdiction;

d.    There is not complete diversity and there was no fraudulent joinder;

e.    Defendant Con-Way Southern Express holds itself out as a Texas resident, and therefore should be estopped from claiming diversity jurisdiction.

Alternatively, Plaintiffs should be given ample time to conduct fair discovery on the issues relating to domicile and residence of the parties, in personam jurisdiction over defendant Keenan, and issues relating to estoppel and forum non conveniens.

# II.
## THE REMOVAL WAS UNTIMELY

**2.**    Defendant Con-Way Transportation Services, Inc. (hereinafter "Con-Way") failed to remove this action within the

3

statutory thirty-day time period.    28 U.S.C. § 1446(b).    Con-Way's Notice of Removal is disingenuous, was untimely, and as such, remand is proper.

2.1    Con-Way's Notice of Removal conveniently ignores its agreement to accept service.    Before suit was commenced, Con-Way's defense counsel, as agent for both Con-Way and its truck driver Mr. Keenan, repeatedly agreed, both in writing and verbally, to accept and acknowledge service on behalf of both Defendant Con-Way and its truck driver Mr. Keenan. Affidavit of B. Allen Clardy, Jr., Exhibit "A" (with attachments showing counsel's correspondence).    Thereafter, service was effected on March 18, 2002.    Id.    Removal by Con-Way did not occur until April 24, 2002, over thirty days later.    Consequently, the removal is procedurally defective and remand is proper.

2.2    This is not a "courtesy copy" situation as described in Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), where the Supreme Court ruled that the thirty-day time period to remove is not started by serving a courtesy copy of a complaint[1].    Ours is a situation that is clearly different, and one that is actually foreseen by the Supreme Court.    Writing for the Murphy majority, Justice Ginsburg makes

---

[1] Before Murphy, the cases were legion that serving a courtesy copy of a suit did start the running of the thirty day removal period. E.g., Valle Trade, Inc. v. Plastic Specialties & Technologies, Inc., 880 F.Supp. 499 (S.D. Tex. 1995).

4

it clear that formal service continues to function as the <u>sine</u> <u>qua</u> <u>non</u> directing an individual or entity to participate in a civil action, or forgo procedural or substantive rights, "[u]nless a named defendant agrees to waive service." 526 U.S. at 350.

"In <u>Murphy</u>, the Supreme Court indicated that time limits run from the date of service of citation or from the time of waiver of that service." <u>Prescott v. Memorial Medical Center-Livingston</u>, 2000 WL 532035, p. 4. (E.D. Tex. March 25, 2000). In his post-<u>Murphy</u> updates, Judge Hittner concurs: "receipt by defendant's attorney does not trigger the time to remove unless the attorney is authorized to accept service." D. HITTNER, Federal Civil Procedure Before Trial, (2000) § 2:904.1a at 2D-149. This view is entirely consistent with the statute's admonition that removal **must** occur within thirty days after receipt of the initial pleading "through service or otherwise." 28 U.S.C. § 1446(b).

**2.3** The instant situation contains a written agreement to accept and acknowledge service by counsel, which is consistent with modern law practice, and with the 1993 amendments to the Federal Rules of Civil Procedure, Rule 4, FRCP, authorizing Plaintiffs to send defendants a notice of the action and a request for waiver of service. The new Rules encourage waiver

5

of service; they impose upon defendants a duty to avoid the costs of service; and impose a penalty of shifting costs of service if defendants fail to waive. HITTNER, supra, 5:87 at 5-22-23.

**2.4** Since waiver of service is to be encouraged, permitting Con-Way to renege on its agreement, in order to sneak around broken removal time limits, is bad policy and out-of-step with modern law practice ("counsel agreeing to accept service is a common practice"). Id. at 5:89.

**2.5** Counsel was served and more than thirty days elapsed without removal. Accordingly, the removal was procedurally defective, improvident, and remand is appropriate. Since the removal statute is strictly construed against removal, Getty Oil Corporation v. Insurance Company of North America, 841 F.2d 1254, 1263, n.13 (5th Cir. 1988), Seguros Commercial America v. American President Lines, Ltd., 934 F.Supp. 243, 245 (S.D. Tex. 1996), this Court should remand without further delay.

### III.
### NOT ALL DEFENDANTS HAVE TIMELY JOINED IN THE REMOVAL

**3.** It has long been the law in the Fifth Circuit that all served defendants are required to join in the removal petition no later that thirty days from the day on which the first defendant was served. Getty Oil Corporation v. Insurance Company of North America, 841 F.2d 1254, 1263 (5th Cir. 1988);

Castro v. Federal Express Corp., 880 F.Supp. 497, 498 (S. D. Tex. 1995).   It is well-settled that this statutory time limitation is mandatory and must be strictly complied with. Albonetti v. GAF Corporation, 520 S. Supp. 825, 827 (S. D. Tex. 1981).

The rule requiring joinder by all defendants within thirty days of the first served defendant, has not been changed by Murphy.  Prescott v. Memorial Medical Center-Livingston, 2000 WL 532035, p. 7 (E.D. Tex. March 25, 2000).  Getty Oil continues to be authoritative in the Fifth Circuit.  See Howery v. Allstate Ins. Co., 243 F.3d 912, 916+ (5th Cir. 2001); HITTNER, supra at § 2:905.

**3.1**  The Texas defendant, Juan Maria Aguilar Perez, in her capacity as the Representative of the Estate of Mauricio Ponce Gutierrez (hereinafter "Defendant Gutierrez" or "Texas Defendant") appeared in the state court action on November 8, 2001.   Docket  Sheet,  Exhibit  B  Notice  of  Removal. Unquestionably, neither Defendant Gutierrez nor Con-Way (nor its driver Keenan) removed within thirty days from that date.   If the first named and served defendant fails to remove the action within thirty days, later served defendants cannot remove.  D. HITTNER, Federal Civil Procedure Before Trial, (2000), § 2:905 @

7

2D-150; 2:612 @ 2D-11; 2:905.9 @ 2D-151 (Comment:    5th Circuit view is the better view).

**3.2**    Even more basic, however, is the fact that Defendant Gutierrez never removed, never consented to removal, and never joined in Con-Way's removal.    In fact, Defendant Gutierrez objects to the removal.    As can be seen below, Defendant Gutierrez is not a fraudulently joined party, and therefore, pursuant to Getty Oil and its progeny, remand is appropriate.

**3.3**    Moreover, the removal is defective on account of the failure of Con-Way's truck driver Mr. Keenan to properly and timely join in Con-Way's removal.  First, Mr. Keenan should have removed within thirty days, (ie. on or before April 17, 2002), from the date his attorney was served, pursuant to the attorney's agreement to accept and acknowledge service.    This he failed to do.

**3.4**    Alternatively, Mr. Keenan to this date still has not properly joined in the removal.  Here, only Con-Way[2] has filed its Notice of Removal, within which Con-Way states that Mr. Keenan joins.    However, Mr. Keenan has filed no instrument either removing the state court action, or joining in the removal.    In Keys v. Konrath, 1994 WL 75037 (N.D. Ill. March 10, 1994), the court noted that the appearance of one attorney

---

[2] Defendant's Notice of Removal is filed on behalf of "Con-Way Transportation Services, Inc. d/b/a Con-Way Southern Express."

as counsel for both defendants did not constitute a manifestation of the non-removing defendant's "consent to removal sufficient to cure the deficiencies of the notice of removal." Id. at 2. See Baker v. Ford Motor Company, 1997 WL 88260 (N.D. Miss. 1997)(Grumman's notice of removal contained statement that co-defendant Ford through its counsel was joining in the removal, held insufficient--each served defendant must timely express consent to the court); Smith v. Union National Life Insurance Company, 187 F.Supp.2d 635 (S.D. Miss. 2001)(Union National and United Insurance had same counsel-- United did not express consent to removal until after 30-day period had expired).

Here, to our knowledge, defendant Keenan has filed no instrument with this Honorable Court. While he has the same counsel as Con-Way, and while Con-Way's Notice of Removal avers that Keenan joins, Keenan himself has filed nothing with the Court. While this oversight may appear trivial, it is a substantive error that makes this removal procedurally defective, when the procedure is strictly construed as the cases require. This Court should remand.

**3.5 No Fraudulent Joinder as to Keenan.** Alternatively, Con-Way contends that Keenan does not have to join in the removal because he is fraudulently joined, since there is no in

9

personam jurisdiction over him, citing <u>Villar v. Crowley</u> <u>Maritime Corporation</u>, 990 F.2d 1489 (5thCir. 1993), <u>cert.</u> <u>denied</u>, 510 U.S. 1244 (1994).[3]    <u>Villar</u> does not compel the result Con-Way seeks.

    **3.5.1 <u>Villar</u> is inapposite.** <u>Villar</u> involved the death of a Philippine national in Saudi Arabia.  It is a sanctions case. Over a ten year period, Plaintiffs instituted three separate suits, <u>Id</u>. at 1492, none of which were sustainable anywhere in the United States.  <u>Id</u>. at 1499.  California state and federal courts had previously dismissed the suits based on forum non conveniens, which was res judicata for that very issue before the 5th Circuit.  <u>Id</u>. at 1498.  Ultimately, the 5th Circuit agreed that further United States litigation could serve no purpose other than to vex and harass the defendants, <u>Id</u>. at 1499.  It therefore enjoined plaintiffs from refiling suit anywhere in the United States, <u>Id</u>. at 1499, and affirmed the monetary sanctions award against plaintiffs' attorneys.  <u>Id</u>. at 1500.  The ultimate holding was that under these circumstances the district court properly exercised its discretion in reaching personal jurisdiction issues before motions to remand.

    In addition to these gross factual disparities, procedural reliance on <u>Villar</u> is misplaced:

---

[3] Con-Way also generally cites <u>Dodson</u>, <u>Triggs</u> and <u>Madison</u>.  These cases ordered remands, and actually support Movant's position.  <u>See</u> <u>infra</u>.

"It is instructive that in <u>Villar</u>, the Fifth Circuit first determined that it had no jurisdiction over the allegedly fraudulently joined defendants.  These defendants, however, had joined in the removal notice and had filed their own dismissal motions under Federal Rule of Civil Procedure 12(b)(2).  <u>Villar v. Crowley Maritime Corp.</u>, 780 F.Supp. 1467, 1472 (S.D. Tex. 1992).  This contrasts with the instant case, where the Mexican defendant did neither.  Under these circumstances, the Court concludes there is no removal jurisdiction and that a decision to dismiss on forum non conveniens grounds would be inappropriate.

<u>Seguros Commercial America v. American President Lines, Ltd.</u>, 934 F.Supp. 243, 244 (S.D. Tex. 1996).    In <u>Seguros</u>, the Delaware defendant, relying upon <u>Villar</u>, removed the Texas action, claiming that the Mexican defendant was fraudulently joined because there was no possibility plaintiff would recover from the Mexican defendant, since Texas courts had no <u>in personam</u> jurisdiction over the Mexican company.  <u>Id</u>. at 245. The court rejected this reasoning since unlike in <u>Villar</u>, the Mexican defendant never joined in the removal.  The <u>Seguros</u> reasoning is appropriate where as here, neither the Texas Defendant nor defendant Keenan properly or timely joined in the Notice of Removal, in violation of <u>Getty Oil</u>.

**3.5.2**    In addition, as in <u>Seguros</u>, defendant Con-Way cannot establish that defendant Keenan was fraudulently joined, based upon a personal jurisdiction defense that is available only to defendant Keenan, not defendant Con-Way.  <u>Seguros</u> at 245 (<u>in personam</u> jurisdictional defense only available to the party

11

claiming it). In all, <u>Villar</u> is factually distinct and
insufficient authority to deny remand. Not all defendants have
timely joined in the removal and remand is appropriate. <u>Accord</u>,
<u>Pan American Trade Consultants, Inc. v. Aerotyme, Inc.</u>, 1997 WL
466819 (E.D. La.).

**IV.**
**THERE IS A PROPERLY JOINED AND SERVED DEFENDANT FROM TEXAS AND**
**THEREFORE THIS COURT LACKS REMOVAL JURISDICTION**

**4.** Actions are not removable to this Court where there is
a Texas defendant. 28 U.S.C.§ 1441(b). In an effort to
escape this prohibition, Con-Way asserts a specific claim of
fraudulent joinder, asserting that the Texas Defendant, Juan
Maria Aguilar Perez, in her capacity as the Representative of
the Estate of Mauricio Ponce Gutierrez[4], has been fraudulently
joined, because (a) decedent allegedly resided in Florida; (b)
no formal Estate has been taken out, and (c) the widow's state
court answer says that she is currently a resident of Florida.

**4.1** These three arguments are factually and legally
flawed. First, Con-Way admits that the citizenship of the
estate of decedent Gutierrez is the same as the citizenship of
Gutierrez when living. Notice of removal at 5, citing 28 U.S.C.
§ 1332(c)(2). This statute unequivocally provides that the

---

[4] The widow appeared as the party defendant, in her representative capacity,
by way of general denial filed on or about November 8, 2001.

12

legal representative of the estate of a decedent shall be deemed to be a citizen **only** of the same State as the decedent.

4.2    Here, Mr. Gutierrez was a citizen of the State of Texas.    Exhibit B is the Affidavit of Charlie Boseman, Deputy Coroner of Anderson County, South Carolina.    Mr. Boseman was *charged under law to conduct an inquest into the death of Mr. Gutierrez, and pursuant to his official duties, determined that Mr. Gutierrez was a resident of the State of Texas.*    Id.

4.2.1    Con-Way says that at some point in time, Mr. Gutierrez was issued a Florida driver's license.    However, Exhibit D, a certified self-authenticating document from the State of Florida Department of Highway Safety shows that this driver's license was originally issued in 1990, renewed in 1996, and was expired at the time of the collisions in question.    On the other hand, Exhibit C, a certified self-authenticating document from the State of Texas Department of Pubic Safety reflects that Mr. Gutierrez was issued a Texas Personal Identification Certificate from the State of Texas on May 6, 1997 (after the Florida license was renewed) reflecting that his address was 665 Nuevo Leon, Brownsville, Texas 78520.    This is the same residence address that Mr. Boseman later determined to be current by investigation.    Unlike the expired Florida drivers license, the Texas card was current and was not set to

13

expire until after the collision in question.    Exhibit C.    On balance, the credible evidence shows decedent was a Texas resident for diversity purposes.

**4.3** Con-Way's affidavit by Kim Price is not credible. Affiant Price is not identified.    Affiant's background or qualifications are a mystery.    Elemental "best evidence" rules are callously ignored when affiant surmises what "[r]ecords that I have personally observed" say in whole or in part.    Further, this affiant is untrustworthy.    Affiant swears that the police report shows where Mr. Gutierrez' residence was "at the time of the incident"--yet nowhere on the police report do the words "at the time of the incident" appear.    Nothing on the report evidences anything other than an address found on an expired driver's license found at the scene.    Affiant neglects to mention the later acquired Texas identification card or the Brownsville address readily available to other investigation. In short, this affidavit is objectionable (best evidence), overreaches in what the police report says, and is vague and conclusionary as to domicile.    Given defendant's burden of producing clear and convincing evidence, see infra, it may be disregarded.

Concluding that the Price affidavit may be disregarded is particularly appropriate where Price avers that no

14

administration for Mauricio Ponce Gutierrez was ever filed in Cameron County.    The law of Texas is plain--none is or was necessary.

**4.4  No formal Estate is necessary under Texas law.**  When a husband or wife dies intestate and the community property passes to the survivor, no administration thereon, community or otherwise, shall be necessary.  TEX. PROBATE CODE § 155.   When no one has qualified as executor or administrator of the estate of a deceased spouse, the surviving spouse, without qualifying as community administrator, has the power **to sue and be sued** for the recovery of community property; sell, mortgage, lease and otherwise dispose of community property for the purpose of paying community debts; collect claims due to the community estate; and has such other powers as are necessary to discharge community obligations, and wind up community affairs.   TEX. PROBATE CODE § 160(a); DORSANEO, 24 Texas Litigation Guide § 393.10 (2002)(emphasis added).   "In this situation, the surviving spouse becomes a fiduciary having powers and duties similar to those of a personal representative acting to wind up the community affairs.   The surviving spouse may act in accordance with this section even when the deceased spouse has died testate but failed to appoint an executor, or when it is decided not to probate the will."  Id.   Here, the surviving

15

spouse appeared in the state court litigation as the representative of the decedent's estate. This is entirely consistent with provisions of the Texas Probate Code statutorily authorizing the surviving spouse to undertake action as the personal representative.

**4.5** The widow's appearance as the personal representative of her husband's estate in and of itself distinguishes the Texas cases cited by Con-Way, attacking an estate as a "non-entity." In Henson v. Estate of Crow, 734 S.W.2d 648 (Tex. 1997), the Court concluded that since the personal representative of the estate never made an appearance in the case, the estate could not be sued. Id. at 649. The Court wrote:

> "Henson contends that Crow's attorney, by filing an answer on behalf of the estate, waived the error of no legal entity being named. He cites as authority cases in which the personal representative of the estate appeared and participated in the trial. Our facts are distinguishable. Here, no personal representative made an appearance. There is nothing in the record to show that the attorney was representing the personal representative of the estate."

Id. Likewise, in Estate of C.M. v. S.G., 734 S.W.2d 8 (Tex. App. Houston [14th Dist.] 1996, no writ), L.C.M. was the duly appointed executor of C.M.'s estate, but never made an appearance in the litigation in his representative capacity. Id. at 10. The opinion carefully notes, however, that a judgment against an estate individually is not necessarily void if the personal representative of the estate appears in or

16

participates in the lawsuit.  Id., citing multiple citations. Con-Way has failed in providing clear and convincing proof that there is no possibility of recovery where a statutorily annointed personal representative (i.e. the spouse where no administration) appears in Texas litigation in her representative capacity.  On the contrary, Con-Way's authority supports Movants' position.

   **4.6**   Since decedent Gutierrez was a citizen of the State of Texas for diversity purposes, and since the surviving spouse is the legal representative of decedent's estate under Texas law, and since such representative is deemed to be a citizen only of the same state as decedent, 28 U.S.C. § 1332 (c)(2), likewise, the surviving spouse is deemed to be a citizen of Texas for diversity purposes.  The Estate of Mauricio Ponce Gutierrez is properly joined by and through its personal representative, the surviving spouse.   As such, a Texas defendant exists and the suit is not removable.   This Court lacks diversity jurisdiction.

   **4.7  Con-Way cannot meet the heavy legal standards.**  Con-Way's difficult burden on fraudulent joinder is two-fold:  it must deal in specifics, and it must do so clearly and convincingly.  A claim of fraudulent joinder "must be pled with particularity and supported by clear and convincing evidence."

See Parks v. New York Times, Co., 308 F.2d 474, 478 (5th Cir. 1962), cert. denied, 376 U.S. 947 (1964). Con-Way's responsibility "extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute. Albonetti v. GAF Corporation, 520 F.Supp. 825, 827 (S.D. Texas 1981). A defendant's failure to satisfy this burden requires remand. Id. Furthermore, when doubt exists as to the right to removal in the first instance, ambiguities are to be construed against removal. Dodson v. Spiliada Maritime Corporation, 951 F.2d 40, 42 (5th Cir. 1992)(case cited by Con-Way).

It is incumbent on the party invoking the jurisdiction of a federal court to demonstrate the existence of subject matter jurisdiction when the Court's jurisdiction has been challenged. B., Inc. v. Miller Brewing Co., 663 F.2d. 545, 549 (5th Cir. 1981); Village Fair Shopping Co. v. Sam Broadhead Trust, 588 F.2d. 431 (5th Cir. 1979). A party invoking the Court's jurisdiction bears the burden of alleging with sufficient particularity the facts creating jurisdiction and of supporting the allegation of jurisdiction if the jurisdiction of the Court is challenged. Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039, 1052 (5th Cir. 1982), cert. denied, 459 U.S. 1107, 103 S.Ct. 732, 74 L.Ed.2d 956 (1983). In short, when a case has been removed to

federal court, it is the removing party who bears the burden of establishing the Court's jurisdiction. Ray v. Bird and Son and Asset Realization Co., 519 F.2d 1081 (5th Cir. 1975); Albonetti v. GAF Corporation-Chemical Group, 520 F.Supp. 825 (S.D.Tex. 1981).

**4.8** Con-Way is required to be specific when it alleges fraudulent joinder. Movants have controverted the specific allegations pertaining to Defendant Gutierrez, and denies that the Texas Defendant was fraudulently joined. Thus, the defendants bear the burden of proof to prove the allegations contained in their notice of removal. McNurr v. General Motors Acceptance Corp., 298 U.S. 178, 565 S.Ct. 780, 80 L.Ed. 1135 (1936); Wright v. Continental Casualty Co., 456 F.Supp. 1075 (N.D.Fla. 1978). As to decedent's supposed Florida residence, Con-Way's proof is weak, not trustworthy, and unpersuasive. Con-Way's legal arguments regarding the necessity of an administration in Texas are legally erroneous. Defendant's proof comes nowhere close to being clear and convincing.

**4.9** The standard of review over a claim of fraudulent joinder is found in B., Inc. v. Miller Brewing Co. See also Laughlin v. Prudential Ins. Co., 882 F.2d 187, 190 (5th Cir. 1989)(applying B., Inc.). To block plaintiff's right to litigate the claims against defendants in state district court and justify removal, defendants must foreclose **all possibility** of plaintiff

asserting a valid cause of action against the Texas Defendant. Laughlin v. Prudential Ins. Co., 882 F.2d at 190. "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." B. Inc., at 549.

In considering the claim of fraudulent joinder, the Court must evaluate all factual allegations in the light most favorable to the plaintiff. B. Inc., 663 F.2d at 549; Laughlin, 882 F.2d at 190. The Court must resolve all contested issues of fact in favor of the plaintiff. Id. The Court must even resolve all issues of substantive law in favor of the plaintiff. Id. Indeed, even ambiguities in the law must be decided in plaintiff's favor:

> In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. **We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned. We do not decide whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so.** If that possibility exists, then "'a good faith assertion of such an expectancy in a state court is not a sham ... and is not fraudulent in fact or in law.'"

Dodson v. Spiliada Maritime, 951 F.2d 40, 42-43 (5th Cir. 1992) (emphasis added)(case cited by Con-Way).

After the Court assumes all the facts in the plaintiff's petition to be true, and after resolving all disputed issues and uncertainties as to the state substantive law in favor of the plaintiff, the Court may only find "fraudulent joinder" if the

Court finds that as a matter of law, there is no possibility that a valid state law claim could be stated against the in-state defendant:

> [I]f there is even a possibility that a state court would find a cause of action stated against any one of the named in-state defendants on the facts alleged by the plaintiff, then the federal court must find the in-state defendant(s) have been properly joined, that there is incomplete diversity, and that the case must be remanded to the state courts.

B. Inc., 663 F.2d at 549-550.  See also Carriere v. Sears Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990); Laughlin, 882 F.2d at 190.

The sole test is whether there is any possibility of recovery against the non-diverse defendant.  Any uncertainty must be resolved in favor of the plaintiff.  Amerada Hess at 205, 206. Whether plaintiff can be ultimately successful against the Texas Defendant is not for this Court to decide.  Id.

Here, Con-Way cannot negative all possibilities of recovery where Texas Probate law permits a widow as personal representative to appeared on behalf of decedent's estate.

**4.10 Dodson, Triggs and Madison also justify remand**.  The remaining three fraudulent joinder cases cited by Con-Way, all reiterate the very heavy burdens facing a defendant in alleging fraudulent joinder.   In addition, all three Con-Way cases resulted in the suits being remanded.   In Dodson v. Spiliada

Maritime Corporation, 951 F.2d 40 (5th Cir. 1992), the Court ordered that the suit be remanded to state court, holding that plaintiff's hope and expectation that the Louisiana Supreme Court would ultimately consider his professional rules of conduct claims actionable, Id. at 43, was sufficient to require remand.    The Court also found that plaintiff's allegation of tortious interference was tenuous at best, but was sufficient to withstand the fraudulent joinder challenge.    Id.    "The redoubt for [the fraudulent joinder] charge need have only a modicum of sturdiness for we look only for the possibility of recovery. Green v. Amerada Hess Corp."    Id.

The Dodson court observed that the plaintiff in Amerada Hess was not required to demonstrate that the Mississippi courts had ever recognized a cause of action in circumstances analogous to those alleged.    It was sufficient that "in some circumstances," the tort theory had been allowed.    Id. at 44. In short, Con-Way's Dodson authority argues for remand.

Remand was also ordered in Triggs v. John Cromp Toyota, Inc., 154 F.3d 1284 (11th Cir. 1998).    There, an Alabama resident filed a class action against a Florida corporation and an Alabama dealership.    Out of the approximate 17,000 class members, only approximately 2% had any dealings with the Alabama defendant.    The Court held that the Alabama defendant was not

fraudulently joined and remanded the case to Alabama state court. The Court noted:

> "If there is ever a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to state court."

Id. at 1287. Importantly, in Triggs, **both** defendant-appellees filed a notice of removal, alleging diversity. Id. at 1286. Such is not the case here, as has been previously demonstrated. Triggs argues for remand.

The final case cited by Con-Way, Madison v. Vintage Petroleum, Inc., 114 F.3d 514 (5th Cir. 1997), likewise resulted in a remand. Plaintiff sued three out-of-state oil companies and a local environmental company, Boots Smith, in Mississippi state court. The court articulated the heavy burdens that the removing parties face:

> "The removing party bears the heavy burden of proving fraudulent joinder, (citing B., Inc.), being required to demonstrate 'that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.' [citations omitted]. In evaluating a claim of fraudulent joinder the district court must resolve all disputed factual questions and legal ambiguities in favor of the plaintiff."

Id. at 516. The only evidence before the court was that to be actionable, state environmental regulations required actual knowledge of elevated levels of contaminates. There was no

23

evidence of actual knowledge. However, given the heavy burden articulated, the Court resolved a possible legal ambiguity by holding that there was a **possibility** that the state court **might** hold that state environmental regulations require only constructive knowledge, or **might** impose strict liability, (a call exclusively for the Mississippi state court). Accordingly, since there was a possibility that under state regulation, plaintiff could recover against Boots Smith, not only was a remand required, but the lower court's action in dismissing Boots Smith was reversed. Id. at 517.

    **4.11** Plaintiffs' state court petition states valid causes of action against the Texas Defendant. Plaintiffs allege negligence and/or gross negligence as to all defendants:

> "The occurrence made the basis of this suit, and the resulting injuries and damages were proximately caused by the negligence, negligence per se and gross negligence conduct of the Defendants for a variety of acts and omissions, including but not limited to failing to keep a proper lookout. This act and omission, singularly or in combination with others, constituted negligence, negligence per se and gross negligence, which were a proximate cause of the occurrence which made the basis of this action."

Con-Way cannot completely negate (and does not even try) as a matter of law all of the above factual and legal bases for plaintiffs' claims against Mr. Keenan or Defendant Gutierrez. B. Inc., 663 F.2d at 549-551, 554-555. In assessing these claims, no evidentiary hearing is required: "[D]istrict courts must not

'pretry' substantive factual issues in order to answer the discrete threshold question of whether the joinder of an in-state defendant is fraudulent." <u>B. Inc.</u>, 663 F.2d at 550.

**4.12** The only contention that Con-Way makes concerning fraudulent joinder as to the Texas defendant (ie. decedent's residence, spouse's residence, and no administration) are controverted. Since the defendants bear the heavy burden of specifically establishing fraudulent joinder, and since Con-Way has not met this burden, this cause should be remanded. There is no possibility that there is no viable Texas defendant, since the personal representative of the estate has appeared. The cause is not removable.

## V.
## <u>COMPLETE DIVERSITY IS LACKING</u>

**5.1** The presence of the Texas defendant destroys diversity. In addition, Con-Way concedes that defendant Keenan is a resident of Georgia, as are multiple plaintiffs. Consequently, diversity jurisdiction is lacking. Since Con-Way cannot meet the heavy burdens of establishing fraudulent joinder, this Court should remand.

## VI.
## <u>CON-WAY SOUTHERN EXPRESS SHOULD BE ESTOPPED FROM DENYING TEXAS RESIDENCY</u>

**6.1** **Purpose of Diversity Jurisdiction.** The whole purpose behind diversity jurisdiction is so that foreign residents might have law administered free from the local prejudices or passions

25

that might prevail in a state court against them as outsiders. Burgess v. Seligman, 107 U.S. 20, 34 (1883). There is no trace to be found in the framers' arguments made in 1787-1789 of any reason for diversity other than "home-cooking". See Warren, New Light on the History of the Federal Judiciary Act of 1789, 37 Harv.L.Rev. 49 (1923).

Recognizing the flood of diversity cases accompanying the boom in corporate litigation, Congress in 1958 amended the diversity provision to expand the notion of corporate citizenship, so as to eliminate from federal district courts many of the cases in which the policies underscoring diversity jurisdiction were not met. See Freeman v. Northwest Acceptance Corporation, 754 F.2d 553, 558 (5th Cir. 1985). Cases have continued this trend to constrict the availability of diversity jurisdiction. See, e.g., Panalpina Welttransport GMBH v. Geosource, Inc., 764 F.2d 352, 354 (5th Cir. 1985)(multiple places of incorporation, principal place of business, and alter ego or consolidation doctrines may make corporation citizen of several places for jurisdictional purposes, consistent with congressional intent to constrict availability of diversity).

The purposes of diversity jurisdiction are ill-served in this case so as to permit defendant Con-Way to remove. Con-Way publicizes Con-Way Southern Express, the name of defendant

26

Keenan's employer in September 2000, see exhibit E, as a "Regional Motor Carrier" **headquartered in Fort Worth, Texas.**   Exhibit F. Con-Way says that Con-Way Southern Express is a "subsidiary operating unit".   If Con-Way Southern Express is in fact a subsidiary as its website says, then its parent's residence may not be imputed to it to establish diversity.   J.A. Olson Company v. Winona, 818 F.2d 401, 414 (5th Cir. 1987).   Con-Way's web site says that it operates scores of terminals and facilities throughout the State of Texas, including one in Harlingen. Exhibit G.   Con-Way Southern Express claims to have its own headquarters in Forth Worth, its own President and its own Chief Executive Officer.   Exhibit F.

**6.2**   Plaintiffs acknowledge the body of case law that holds that for diversity purposes, corporate divisions do not have separate residences from the residence of the corporation itself. D. HITTNER, Federal Civil Procedure Before Trial, (2000) § 2:305.2 at 2C-23.   Plaintiffs contend, however, that the facts and circumstances of this case amplify the inequity of Con-Way's position.   When it suits their business purposes, Con-Way Southern Express is a "regional motor carrier" or a subsidiary, headquartered in Texas.   When it gets sued, it has its corporate representative Karyn Vorwaller file a sworn affidavit in this Court claiming that Con-Way Southern Express only has an

"administrative" office in Tarrant County, Texas.   The only way that both of these statements can be true is if "headquarters" can be characterized as "an administrative office."  If it can, then Ms. Vorwaller's affidavit is at best deceptive.  If it cannot, then either the website or affiant are not truthful.

**6.3**  This discrepancy underscores the fact that plaintiffs have not been afforded the opportunity to undertake any discovery on the jurisdictional issues pertaining to Con-Way's residences, its corporate structure, and its multiple citizenships.  Before removal, plaintiffs propounded some discovery in this regard, none of which has been answered, since the case was removed in the interim.  Suffice it to say, Con-Way has no equity when it divorces itself from the State of Texas for litigation purposes.

**CONCLUSION**

For multiple reasons, this cause should be remanded. Alternatively, Movants should be given ample opportunity to undertake fair discovery on the issues raised.

**PRAYER**

**7.**  Movants respectfully pray that this Honorable Court remand this cause to the 107th Judicial District Court, Cameron County, Texas, or for any further relief consistent with the Motion.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.


By: _____
Joseph A. (Tony) Rodriguez
Texas State Bar No. 17146600
S.D. Texas Bar No. 10107
Post Office Box 2155
Brownsville, Texas  78522
Telephone:  956-542-7441
Facsimile:  956-541-2170

Dick James
South Carolina Bar No. 008535
611 North Main Street
Greenville, SC 29601
PHONE: (800) 988-9898
FAX:   (864) 298-0057

B. Allen Clardy, Jr.
South Carolina Bar No. 8853
William A. Jordan
South Carolina Bar No.3226
667 N. Academy Street
Greenville, SC 29601
PHONE: (864) 235-0147
FAX (864) 467-9349

ATTORNEYS FOR PLAINTIFFS


## CERTIFICATE OF CONFERENCE

I certify that a conference with opposing counsel has been attempted, and that court intervention is required.

_____
Joseph A. (Tony) Rodriguez

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to counsel of record in compliance with the federal rules on this 17th day of May, 2002.

_____

Joseph A. (Tony) Rodriguez

## INDEX OF EXHIBITS - THAI

**EXHIBIT A.**    Affidavit of Allen B. Clardy, Jr.

**EXHIBIT B.**    Affidavit of Charlie Boseman

**EXHIBIT C.**    Texas Department of Public Safety Record

**EXHIBIT D.**    State of Florida Transcript of Driving Record

**EXHIBIT E.**    McKeenan's Drivers Log - Con-Way Southern Express

**EXHIBIT F.**    Con-Way Southern Express Internet "FACT SHEET"

**EXHIBIT G.**    Con-Way Southern Express Texas Service Centers

# EXHIBIT

# "A"

**AFFIDAVIT OF B. ALLEN CLARDY, JR.**

§   STATE OF SOUTH CAROLINA

§   COUNTY OF GREENVILLE

BEFORE DULY SWORN, I, B. ALLEN CLARDY, JR., TESTIFY AS
FOLLOWS:

1.   I am an attorney in good standing licensed in the
     State of South Carolina and Washington, D.C. I am one
     of the attorneys representing the estate of David
     Medellin and the estate of Claudia Martinez in
     litigation against several defendants, including Con-
     Way Transportation d/b/a Con-Way Southern, filed in
     the State of Texas.   This litigation arises out of
     vehicular collisions occurring on or about September
     30, 2000 ("the incident").

2.   During my representation, I have been extensively
     involved with defense counsel for Con-Way, Mr. D. Gary
     Lovell, Jr.   One such occasion involved a three-day
     mediation conference where Mr. Lovell acted as chief
     defense counsel on behalf of executives of Con-Way who
     were also present. The mediation was unsuccessful.

3.   After such mediation, the undersigned's lawfirm
     negotiated, compromised and settled with Mr. Lovell a
     companion case arising from the incident, whereby he
     bound Con-Way and its driver Mr. Keenan.

4.   After such mediation, on several occasions both in
     writing and verbally, Mr. Lovell agreed to accept and
     acknowledge service of process for suits filed against
     Con-Way and its driver Mr. Keenan, for the remaining
     claims arising out of the incident.   The attached
     letters, one dated January 29, 2002, and the other
     dated February 14, 2002, are authenticate copies of
     Mr. Lovell's written correspondence, confirming his
     verbal agreement, to accept and acknowledge service of
     such suit papers.   In reliance thereon, I caused to
     be served on Mr. Lovell, on March 18, 2002, during
     regular business hours, a FAX copy of the pleadings
     filed in the Honorable District Court of Cameron
     County, Texas, 103rd Judicial District, the suit
     giving rise to this removed action.   On the same date
     I mailed a copy of same to Mr. Lovell via U.S. Mail
     First Class.   At no time thereafter did Mr. Lovell

withdraw, alter or change his written agreement to accept and acknowledge service of such suit papers.

FURTHER, THE AFFIANT SAYETH NOT.

B. Allen Clardy, Jr.

SWORN TO AND SUBSCRIBED BEFORE ME, a notary public on the 1st day of May, 2002.

Notary Public in and for
The State of South Carolina

My Commission Expires:
My Commission Expires
August 6, 2008

LAW OFFICES

# CARLOCK, COPELAND, SEMLER & STAIR, LLP

A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**D. GARY LOVELL, JR.**
DIRECT DIAL NUMBER
(404) 221-2242

E-MAIL ADDRESS
glovell@carlockcopeland.com

1900 MARQUIS TWO TOWER
285 PEACHTREE CENTER AVENUE
ATLANTA, GEORGIA 30303-1235
TELEPHONE (404) 221-4229

MAILING ADDRESS
P. O. Box 16687
Atlanta, Georgia
30343-0687

TELECOPIER
(404) 523-2345

January 29, 2002

<u>VIA FEDEX</u>

William A. Jordan
B. Allen Clardy
Jordan & Clardy
667 North Academy Street
P.O. Box 1687
Greenville, S.C. 29602

RE:      Sevoy Jeter claims

Dear Bill and Allen:

Enclosed are two copies of the Release to be executed by Mr. and Mrs. Jeter in connection with the settlement of their claims. Please forward both executed copies back to me. Please do not disburse the settlement funds until the releases have been executed.

With regard to the remaining claims arising from this wreck, I have been authorized to accept service of process for Mr. Keenan and the company, if you choose to sue them. Please give me a call when you send the suits and acknowledgments.

Sincerely yours,

D. GARY LOVELL, JR.

DGL

*Melbbin file*

LAW OFFICES ·

# CARLOCK, COPELAND, SEMLER & STAIR, LLP

A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**D. GARY LOVELL, JR.**
DIRECT DIAL NUMBER
(404) 221-2282

E-MAIL ADDRESS
glovell@carlockcopeland.com

2800 MARQUIS TWO TOWER
285 PEACHTREE CENTER AVENUE
ATLANTA, GEORGIA 30303-1235
TELEPHONE (404) 522-8220

MAILING ADDRESS
P. O. Box 56887
Atlanta, Georgia
30343-0887

TELECOPIER
(404) 523-2345

February 14, 2002

Mr. William Jordan
Jordan & Clardy
P.O. Box 1687
Greenville, SC 29602

> Re:    *Jeter*
> Our File No. 1938-22275

Dear Bill:

Thanks for your letter regarding the Releases on the Sevoy Jeter claim. Once you have resolved the workers' compensation lien, please confirm its resolution by letter to me. If there are any documents exchanged between you and the workers' compensation carrier regarding resolution of that lien, please forward me a copy.

As I mentioned to your legal assistant and in my last letter, I have been authorized to acknowledge service of process on behalf of Deron Keenan and the company in any lawsuits that you may file for any of your remaining clients arising from the September 30, 2000 accident.

Sincerely yours,

D. GARY LOVELL, JR.

DGL/jm

{#1350878v1}



JORDAN & CLARDY, L.L.C.
William A. Jordan
B. Allen Clardy, Jr.*
Dana L. McElwain**

also admitted in Washington, D.C.*
also admitted in Michigan**

March 18, 2002


D. Gary Lovell, Jr., Esquire
Carlock, Copeland, Semler & Stair, LLP
Post Office Box 56887
Atlanta, Georgia 30343-0087

VIA FACSIMILE: (404) 523-2345

RE:    Cause No. 2001-10-4445-A
       *Luz Gloria Mahecha de Berreto, as Next Friend of Camilla Maria Valentino
       Medellin, Minor Child of David Luis Felipe Medellin, Deceased, and as Personal
       Representative of the Estate of David Luis Felipe Medellin Marin vs Estate of
       Mauricio Poncew Gutierrez, Con-Way Transportation Service, Inc.,
       d/b/a Con-Way Southern Express, and Kyotto Deron Keenan*

       *Nam Thai, As Next Friend of Loan Thai, Minor Child of Germanie Thai,
       Deceased vs. Estate of Mauricio Poncew Gutierrez, Con-Way Transportation
       Service, Inc., d/b/a Con-Way Southern Express, and Kyotto Deron Keenan*

       *Norrison Faber Zapata, Individually and as Next Friend of Stefania Zapata and
       Santiago Zapata, Minor Children of Claudia Rodriguez-Marin, Deceased and as
       Personal Representative of the Estate of Claudia Rodrigue-Marin vs Estate of
       Mauricio Poncew Gutierrez, Con-Way Southern Service, Inc.,
       d/b/a Con-Way Southern Express, and Kyotto Deron Keenan*

Dear Mr. Lovell:

Enclosed please find copies of the following documents in each of the above referenced
actions:

       1.    Plaintiff's Original Petition
       2.    Original Petition In Intervention
       3.    Defendant's Motion to Transfer Venue and Original Answer
       4.    Order Denying Defendant Ponce's Motion To Transfer Venue
       5.    Motion for Consolidation
       6.    Order of Consolidation

I also enclose herewith an Acceptance of Service for your signature. Please forward an executed Acceptance of Service to me by facsimile and the original by mail for filing with the Court. I have enclosed a postage paid return envelope for your convenience.

Thank you for your kind assistance in this matter.

With best regards, I am

Sincerely yours,

JORDAN & CLARDY, LLC

B. Allen Clardy, Jr.

BAC/kf

Enc.

Cause No. 2001-10-4445-A

| | | |
|---|---|---|
| Nam Thai, As Next Friend of Loan Thai, Minor Child of Germaine Thai, Deceased, | ) ) ) | IN THE DISTRICT COURT OF |
| Luz Gloria Mahecha De Berreto, as Next Friend of Camilla Maria Valentino Medellin, Minor Child of David Luis Felipe Medellin, Deceased and as Personal Representative of the Estate of David Luis Felipe Medellin, | ) ) ) ) ) ) ) | CAMERON COUNTY, TEXAS<br><br>103rd JUDICIAL CIRCUIT |
| Norrison Faber Zapata, Individually and As Next friend of Stefania Zapata and Santiago Zapata, Minor Children of Claudia Rodriguez-Marin, Deceased, and as Personal Representative of the Estate of Claudia Rodriguez-Marin, | ) ) ) ) ) ) | |
| -vs- | : | |
| Estate of Mauricio Ponce Gutierrez, Con-Way Trnasportation Services, Inc. d/b/a Con-Way Southern Express, and Kyotto Deron Keenan. | ) ) ) ) | |

## ACCEPTANCE OF SERVICE

DUE AND LEGAL service of process of the following documents:

1.  Plaintiff's Original Petition
2.  Original Petition In Intervention
3.  Defendant's Motion to Transfer Venue and Original Answer
4.  Order Denying Defendant Ponce's Motion To Transfer Venue
5.  Motion for Consolidation
6.  Order of Consolidation

is accepted this ___ day of _____, 2002, in Atlanta, Georgia, on behalf of Defendants Con-Way Transportation Services, Inc. d/b/a Con-Way Southern Express, and Kyotto Deron Keenan by their undersigned attorney.

D. Gary Lovell, Jr.
Carlock Copeland, Semler & Stair, LLP
2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia  30303-1235

TRANSMISSION VERIFICATION REPORT

TIME : 03/16/2002 22:47

| | |
|---|---|
| DATE,TIME | 03/16 22:39 |
| FAX NO./NAME | 14045232345 |
| DURATION | 00:07:36 |
| PAGE(S) | 32 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

# EXHIBIT

# "B"

AFFIDAVIT OF CHARLIE BOSEMAN

BEFORE ME, the undersigned authority, personally appeared Charlie Boseman, who, being by me duly sworn, deposed as follows:

"My name is Charlie Boseman. I am of sound mind and capable of making this affidavit. I am the Deputy Coroner in Anderson County, South Carolina and I am personally acquainted with the facts stated herein.

My duties as Deputy Coroner include but are not limited to;

a) investigate the circumstances of the death(s) of all person(s) whose bodies are lying within my jurisdiction where I have reason to believe that the death was violent, unnatural or of unknown cause;

b) decide whether a post mortem examination is necessary for the purpose of my investigation and, if so, to give directions to an appropriate medical practitioner;

c) hold an inquest, with or without a jury, where I am satisfied that I am required to do so in accordance with applicable law;

d) notify the proper authorities of my findings of the inquest, or, if no inquest is held, of the fact that the death reported to me does not need to be subject to an inquest;

In connection with the efficient discharge of my duties I maintain liaison and working relationships with state and local government agencies, including the police and sheriff's office, hospitals and emergency services. I also deal with all relevant correspondence concerning the above matters, representations and inquiries from interested parties and their representatives, insurance companies, government departments, and others.

Lastly, my duties and responsibilities include working with families to insure they are notified of the death, relaying the medical information from autopsies and placing families in touch with other agencies that will assist in the grieving process.

On or about 9/30/2000 I responded to an accident in which Maurice Ponce Gutierrez was involved that occurred in Anderson County, S.C. In discharging my duties I determined that Mr. Gutierrez was killed in the above referenced accident. Thereafter, I conducted an investigation of Mr. Gutierrez' residence in order to notify his immediate family and/or next of kin.

My investigation of Mr. Gutierrez' residence revealed that Mr. Gutierrez was a resident of the State of Texas with an address of 665 Neuvo Leon, Brownsville, Texas.

Further Affiant Sayeth Not.


Charlie Boseman, Coroner

SWORN TO AND SUBSCRIBED BEFORE ME, a notary public on the _01_ day of ~~April~~ MAY, 2002.


Notary Public in and for
The State of South Carolina

My Commission Expires:

March 5th, 2011

# EXHIBIT

# "C"

STATE OF TEXAS

COUNTY OF TRAVIS

Pursuant to the authority contained in the Texas Rules of Evidence 902 Section 4, and Transportation Code, Section 601.022, I, Joyce E. Stevens, do hereby certify that I am the custodian of driver records of the Driver Records Bureau, Texas Department of Public Safety. The information contained herein is true and correct as taken from our official records.

This is to further certify that the records of the Driver Records Bureau show that on May 6, 1997, a Texas Personal Identification Certificate was originally issued to MAURICIO PONCE GUTIERREZ, who is described as a male with brown eyes, born on September 22, 1967, and whose address is listed as 665 NUEVO LEON, BROWNSVILLE, TX 78520. This Identification Certificate was issued as number 18966231 to expire on September 22, 2001. After a diligent search, no record or entry is found to exist in the official records of the Driver Records Bureau, Texas Department of Public Safety, showing evidence of MAURICIO PONCE GUTIERREZ, as described hereinabove, having been issued any type of Texas Driver License.

In Testimony Whereof, I hereunto set my hand and affix the Seal of the Department of Public Safety of the State of Texas. Done at my office, in the City of Austin, this 16th day of April A.D., 2002.

Joyce E. Stevens, Manager
Driver Records Bureau
Texas Department Of Public Safety



# EXHIBIT

# "D"

# STATE OF FLORIDA
## DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
## DIVISION OF DRIVER LICENSES TRANSCRIPT OF DRIVER RECORD

PAGE- 1
DATE 14-MAY-2002 11.34.40

| | | | | | | |
|---|---|---|---|---|---|---|
| RADICICO | BONZO MIDDLEDEN WACHEN | CUTTIKENES LAST | DAY/FIX | 09/22/67 DOB | 5 7 HEIGHT | WT |

BELLE GLADE
CITY

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
SOCIAL SECURITY NUMBER

DRIVER EDUCATION

0362-553-67-342-D
FLORIDA DRIVER LICENSE NUMBER

05/14/02
REINSTATE DATE

CDR ISSUE DATE

PRIOR STATE AND DRIVER LICENSE NUMBER

DUPLICATE/LICENSE

*** NO ENTRIES AGAINST RECORD FOR ABOVE NAME ***   *** ENTRIES BELOW COVER, PAST 7 YEARS ***   *** THIS PERSON HAS A DIGITAL IMAGE ***

END OF RECORD

### LICENSE CLASSES

### RESTRICTIONS

### DISPOSITION CODES

### REPRESENTATIVE CODES CITATION/CRASH CODES

# EXHIBIT

# "E"

08291

# DRIVER'S RECORD OF DUTY STATUS
(24 HOUR PERIOD)

626-5169

FINAL—... ...t daily to home domicile.
JCATE—Driver retains in his possession a copy of each record
of duty status for the previous seven consecutive days.

**9    5    00** _____
(Month)  (Day)  (Year)    (Total miles driving today)

Dolly 401-6085

878-8423

6155-6564

I certify these entries are true and correct

Wyatt D. K.

Vehicle Number (show each unit)

**CON-WAY SOUTHERN EXPRESS**
(Name of Carrier or Carriers)

(Driver's signature in full/employee number)

#58712

**14500 TRINITY BLVD., FT. WORTH, TX 76155**
(Main Office Address)

(Name of codriver)

| | NOON | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | MID NIGHT | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | NOON | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1: OFF DUTY | | | | | | | | | | | | | | | | | | | | | | | | | | 11.50 |
| 2: SLEEPER BERTH | | | | | | | | | | | | | | | | | | | | | | | | | | 0 |
| 3: DRIVING | | | | | | | | | | | | | | | | | | | | | | | | | | 7.50 hr |
| 4: ON DUTY (Not Driving) | | | | | | | | | | | | | | | | | | | | | | | | | | 5 hrs |

REMARKS                                                                 24 h

| NOON | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | MID NIGHT | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | NOON |

Atlanta Dock    NGV Hook PTI    NGV Drop Hook PTI    Lunch EXT 164    Not Drop PTI

Check the time and enter name of place you reported and where released from work and when and where each change of duty occurred.

659810    441351

MANIFEST NUMBERS: 660455    EMPTY    SERVICE CENTER: Atlanta, GA

USE TIME STANDARD AT HOME DOMICILE LOCATION WHEN COMPLETING GRID

08298-3N     **DRIVER'S RECORD OF DUTY STATUS**
(24 HOUR PERIOD)

ORIGINAL—Submit daily to home domicile.
DUPLICATE—Driver retains a copy of each record
of duty status for the previous seven consecutive days.

9 (Month)     28 (Day)     00 (Year)     322 (Total miles driving today)

726-4010
Dolly 401-6031     515-8385
726-4010     815-6544
Dolly 401-1031     515-9034

I certify these entries are true and correct     Kupto D. C     Vehicle Number (show each unit)     58202
Driver's signature in full/employee number

**CON-WAY SOUTHERN EXPRESS**
(Name of Carrier or Carriers)

**14500 TRINITY BLVD., FT. WORTH, TX 76155**
(Main Office Address)     (Name of codriver)

| | NOON | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | MID NIGHT | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | NOON | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1: OFF DUTY | | | | | | | | | | | | | | | | | | | | | | | | | | 12.25 |
| 2: SLEEPER BERTH | | | | | | | | | | | | | | | | | | | | | | | | | | 3 |
| 3: DRIVING | | | | | | | | | | | | | | | | | | | | | | | | | | 6.75 |
| 4: ON DUTY (Not Driving) | | | | | | | | | | | | | | | | | | | | | | | | | | 4.50 |

REMARKS     24RC

Atlanta Dock     Atlanta Hooll     PT!     Greenville SC Drop     PT!     Dorp PT!     Atlanta Loop

Check the time and enter name of place you reported and where released from work and enter time and where each change of duty occurred.

MANIFEST NUMBERS: 494987     480707     Empty     SERVICE CENTER: Atlanta GA

USE TIME STANDARD AT HOME DOMICILE LOCATION WHEN COMPLETING GRID

# EXHIBIT

## "F"



## Fact Sheet

| | |
|---|---|
| **Description:** | Con-Way Southern Express is a regional motor carrier specializing in next and second-day service in the southern United States for commercial and industrial less-than-truckload (LTL) freight. CSE is one of seven businesses that are part of Con-Way Transportation Services, Inc. (*CON-WAY*), a $2 billion company that provides time-definite and day-definite freight delivery, and logistics services for commercial and industrial businesses.<br><br>Within the *CON-WAY* family are regional less-than-truckload carriers Con-Way Western Express, serving 13 Western states, including Hawaii and Alaska, with service into Mexico; Con-Way Central Express, serving 25 Central and Eastern states; Con-Way Southern Express, serving 12 southeastern states; the District of Columbia and Puerto Rico; Con-Way Canada Express, serving 9 Canadian provinces; Con-Way NOW providing dedicated, time definite, expediting for emergency shipments; Con-Way Logistics, a contract supply chain execution service provider; Con-Way AIR, an air freight forwarder with service throughout the U.S. and Puerto Rico; and Con-Way FULL LOAD, a truckload brokerage service throughout the U.S. and Canada. |
| **Mission Statement:** | *CON-WAY* is the industry-leading provider of innovative, differentiated services. We are driven by our values of SAFETY, INTEGRITY, COMMITMENT and EXCELLENCE. Guided by these principles, we provide Service Excellence to our customers, challenging and rewarding careers for employees and a superior return on shareholder investment. |
| **Founded:** | April 1987 |
| **Headquarters:** | Con-Way Southern Express<br>14500 Trinity Blvd., Ste. 118<br>Fort Worth, Texas 76155<br>Phone: (817) 358-3600 |
| **Employees:** | 4,200 |
| **Key Executives:** | John T. Hickerson, President and Chief Executive Officer<br>John Guice, Vice-President-Sales<br>Phil Worthington, Vice President-Operations |
| **Service Network:** | CSE operates 119 service centers directly serving more than 25,000 cities in Alabama, Arkansas, Florida, Georgia, Louisiana, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, Virginia, and Puerto Rico.<br><br>CSE also provides extensive inter-regional and transcontinental service throughout North America in a fully integrated national network with Con-Way Western Express, Con-Way Central Express and Con-Way Canada Express. |

If you would like additional service information, or want to schedule a pickup, please contact your local service center or call us toll-free at

# 1-800-525-6256

# EXHIBIT

# "G"

# Texas
**Please select a city by clicking on it.**



*HARLINGEN TEXAS Service Center*

**Harlingen Texas**
429 North O Street Harlingen, TX 78550
Phone: (956) 425-8303  Fax: (956) 423-2961
Toll-free: 1(800) 437-7723



Return to Transit Time Map

*FORT WORTH TEXAS Service Center*

**Fort Worth Texas**
4901 David Strickland Road  Fort Worth, TX 76119
Phone. (817) 478-0129  Fax: (817) 478-7577
Toll-free: 1(800) 468-9810



Return to Transit Time Map

*DALLAS TEXAS Service Center*

Dallas Texas
5020 Calvert Street  Dallas, TX 75247
Phone: (214) 631-5486  Fax: (214) 631-3128
Toll-free: 1(800) 962-8710



Return to Transit Time Map

*SHERMAN TEXAS Service Center*

**Sherman Texas**
5110 Marshall Drive  Sherman, TX 75090
Phone: (903) 892-1410  Fax: (903) 893-1433
Toll-free: 1(800) 633-1934



Return to Transit Time Map

*GARLAND TX Service Center*

**Garland Tx**
530 S. International Road  Garland, TX 75042-
Phone: (972) 487-8863  Fax: (972) 487-1334
Toll-free: 1(800) 523-4997



Return to Transit Time Map

*CORPUS CHRISTI TEXAS Service Center*

**Corpus Christi Texas**
320 South Navigation Blvd  Corpus Christi, TX 78405
Phone: (361) 884-1070  Fax: (361) 884-1190
Toll-free: 1(800) 437-7721



Return to Transit Time Map

*BRYAN TEXAS Service Center*

Bryan Texas
417 Palasota Drive  Bryan, TX 77803
Phone: (979) 822-9302  Fax: (979) 822-1829
Toll-free: 1(800) 801-2978



Return to Transit Time Map

*SAN ANTONIO TEXAS Service Center*

**San Antonio Texas**
5685 Fm 1346  San Antonio, TX 78220
Phone: (210) 662-6060  Fax: (210) 662-9441
Toll-free: 1(800) 872-4476



Return to Transit Time Map

*LAREDO TEXAS Service Center*

**Laredo Texas**
4410 Pan American Boulevard  Laredo, TX 78045
Phone: (956) 725-0177  Fax: (956) 725-0563
Toll-free: 1(800) 872-4482



Return to Transit Time Map

*AUSTIN TEXAS Service Center*

**Austin Texas**
8101 Bagby Drive Austin, TX 78724
Phone: (512) 926-5490 Fax: (512) 926-8156
Toll-free: 1(800) 872-4481



Return to Transit Time Map

*MIDLAND/ODESSA TEXAS Service Center*

**Midland/odessa Texas**
3916 County Road #1293  Odessa, TX 79765
Phone: (915) 561-5173  Fax: (915) 561-5189
Toll-free: 1(800) 992-5916



Return to Transit Time Map

*HOUSTON TEXAS Service Center*

**Houston Texas**
1235 Gazin Street  Houston, TX 77020
Phone: (713) 674-0481  Fax: (713) 674-6315
Toll-free: 1(800) 535-7125



Return to Transit Time Map

*WEST HOUSTON TEXAS Service Center*

**West Houston Texas**
6816 Fairbanks N Houston Road  Houston, TX 77040-
Phone: (713) 896-7072  Fax. (713) 896-4776
Toll-free: 1(800) 511-4639



Return to Transit Time Map

*TYLER TEXAS Service Center*

> **Tyler Texas**
> 12588 Highway 155 North  Tyler, TX 75708
> Phone: (903) 877-4991  Fax: (903) 877-9256
> Toll-free: 1(800) 535-7126



Return to Transit Time Map

*WACO TEXAS Service Center*

**Waco Texas**
7300 Bagby  Waco, TX 76712
Phone: (254) 666-7911  Fax: (254) 666-7909
Toll-free: 1(800) 872-4485



Return to Transit Time Map

*EL PASO TEXAS Service Center*

**El Paso Texas**
**1451 Goodyear Drive  El Paso, TX 79936**
**Phone: (915) 592-1929  Fax: (915) 593-0107**
**Toll-free: 1(800) 453-5285**



Return to Transit Time Map

*LUBBOCK TEXAS Service Center*

**Lubbock Texas**
2809 Avenue C  Lubbock, TX 79404
Phone: (806) 763-9818  Fax: (806) 763-1640



Return to Transit Time Map

*BEAUMONT TEXAS Service Center*

Beaumont Texas
Beaumont, TX 77705
Phone. (409) 721-5071  Fax: (409) 721-9630
Toll-free: 1(800) 235-8155



Return to Transit Time Map

*VICTORIA - CSE*



Return to Transit Time Map

*attach to # 7*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

| | |
|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased | * * * |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VALENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN | * * * * * * * |
| NORRISON FABER ZAPATA, Individually And As Next Friend of STEFANIA ZAPATA And SANTIAGO ZAPATA, Minor Children Of Claudia Rodriguez-Marin, Deceased And As Personal Representative of the ESTATE OF CLAUDIA RODRIGUEZ-MARIN **PLAINTIFFS** | * * * * * * * * * |
| KIEUH OANH LAM and THONG LAM, Individually and as Personal Representative Of the Estate of SON T. LAM, Deceased, and BOUNMA THAMMA VONG, Individually and As Next Friend of DANNY NGUYEN and ALEX THAMMA VONG, Minor Children of VAHN THAMMA VONG, Deceased and As Personal Representative of the ESTATE OF VAHN THAMMA VONG and NOY KHOUNSAVANH, Individually and As Next Friend of MALDINI KHOUNSAVANH, Minor Children of GERMANIE THAI, Deceased **INTERVENORS** | * * * * * * * * * * * * * |
| VS. | * * |
| ESTATE OF MAURICIO PONCE GUTIERREZ, CON-WAY TRANSPORTATION SERVICES, INC., d/b/a CON-WAY SOUTHERN EXPRESS, And KYOTTO DERON KEENAN | * * * * |

United States District Court
Southern District of Texas
FILED

MAY 2 0 2002

Michael N. Milby
Clerk of Court

CIVIL ACTION NO.
B-02-083

**JURY DEMANDED**

## INDEX OF EXHIBITS - THAI

**EXHIBIT A.** Affidavit of Allen B. Clardy, Jr.

**EXHIBIT B.** Affidavit of Charlie Boseman

**EXHIBIT C.** Texas Department of Public Safety Record

**EXHIBIT D.** State of Florida Transcript of Driving Record

**EXHIBIT E.** McKeenan's Drivers Log - Con-Way Southern Express

**EXHIBIT F.** Con-Way Southern Express Internet "FACT SHEET"

**EXHIBIT G.** Con-Way Southern Express Texas Service Centers

**AFFIDAVIT OF B. ALLEN CLARDY, JR.**

§    STATE OF SOUTH CAROLINA

§    COUNTY OF GREENVILLE

BEFORE DULY SWORN, I, B. ALLEN CLARDY, JR., TESTIFY AS
FOLLOWS:

1.    I am an attorney in good standing licensed in the
      State of South Carolina and Washington, D.C.  I am one
      of the attorneys representing the estate of David
      Medellin and the estate of Claudia Martinez in
      litigation against several defendants, including Con-
      Way Transportation d/b/a Con-Way Southern, filed in
      the State of Texas.   This litigation arises out of
      vehicular collisions occurring on or about September
      30, 2000 ("the incident").

2.    During my representation, I have been extensively
      involved with defense counsel for Con-Way, Mr. D. Gary
      Lovell, Jr.  One such occasion involved a three-day
      mediation conference where Mr. Lovell acted as chief
      defense counsel on behalf of executives of Con-Way who
      were also present.  The mediation was unsuccessful.

3.    After such mediation, the undersigned's lawfirm
      negotiated, compromised and settled with Mr. Lovell a
      companion case arising from the incident, whereby he
      bound Con-Way and its driver Mr. Keenan.

4.    After such mediation, on several occasions both in
      writing and verbally, Mr. Lovell agreed to accept and
      acknowledge service of process for suits filed against
      Con-Way and its driver Mr. Keenan, for the remaining
      claims arising out of the incident.   The attached
      letters, one dated January 29, 2002, and the other
      dated February 14, 2002, are authenticate copies of
      Mr. Lovell's written correspondence, confirming his
      verbal agreement, to accept and acknowledge service of
      such suit papers.  In reliance thereon, I caused to
      be served on Mr. Lovell, on March 18, 2002, during
      regular business hours, a FAX copy of the pleadings
      filed in the Honorable District Court of Cameron
      County, Texas, 103rd Judicial District, the suit
      giving rise to this removed action.  On the same date
      I mailed a copy of same to Mr. Lovell via U.S. Mail
      First Class.  At no time thereafter did Mr. Lovell

withdraw, alter or change his written agreement to accept and acknowledge service of such suit papers.

FURTHER, THE AFFIANT SAYETH NOT.

E. Allen Clardy, Jr.

SWORN TO AND SUBSCRIBED BEFORE ME, a notary public on the 1st day of May, 2002.

Notary Public in and for
The State of South Carolina

My Commission Expires:
My Commission Expires
August 6, 2008

LAW OFFICES

# CARLOCK, COPELAND, SEMLER & STAIR, LLP

A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

D. GARY LOVELL, JR.
DIRECT DIAL NUMBER
(404) 221-2282

E-MAIL ADDRESS
glovell@carlockcopeland.com

2600 MARQUIS TWO TOWER
285 PEACHTREE CENTER AVENUE
ATLANTA, GEORGIA 30303-1235
TELEPHONE (404) 522-8220

MAILING ADDRESS
P. O. Box 56887
Atlanta, Georgia
30343-0887

TELECOPIER
(404) 522-2345

January 29, 2002

VIA FEDEX

William A. Jordan
B. Allen Clardy
Jordan & Clardy
667 North Academy Street
P.O. Box 1687
Greenville, S.C. 29602

RE:        Sevoy Jeter claims

Dear Bill and Allen:

Enclosed are two copies of the Release to be executed by Mr. and Mrs. Jeter in connection with the settlement of their claims. Please forward both executed copies back to me. Please do not disburse the settlement funds until the releases have been executed.

With regard to the remaining claims arising from this wreck, I have been authorized to accept service of process for Mr. Keenan and the company, if you choose to sue them. Please give me a call when you send the suits and acknowledgments.

Sincerely yours,

D. GARY LOVELL, JR.

DGL

*McClellan file*

LAW OFFICES ·

# CARLOCK, COPELAND, SEMLER & STAIR, LLP

A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

**D. GARY LOVELL, JR.**
DIRECT DIAL NUMBER
(404) 221-2282

E-MAIL ADDRESS
glovell@carlockcopeland.com

2600 MARQUIS TWO TOWER
285 PEACHTREE CENTER AVENUE
ATLANTA, GEORGIA 30303-1235
TELEPHONE (404) 522-8220

MAILING ADDRESS
P.O. Box 56887
Atlanta, Georgia
30343-0887

TELECOPIER
(404) 523-2345

February 14, 2002

Mr. William Jordan
Jordan & Clardy
P.O. Box 1687
Greenville, SC 29602

Re:    Jeter
Our File No. 1938-22275

Dear Bill:

Thanks for your letter regarding the Releases on the Sevoy Jeter claim. Once you have resolved the workers' compensation lien, please confirm its resolution by letter to me. If there are any documents exchanged between you and the workers' compensation carrier regarding resolution of that lien, please forward me a copy.

As I mentioned to your legal assistant and in my last letter, I have been authorized to acknowledge service of process on behalf of Deron Keenan and the company in any lawsuits that you may file for any of your remaining clients arising from the September 30, 2000 accident.

Sincerely yours,

D. GARY LOVELL, JR.

DGL/jm

{#1550878v1}

# Jordan & Clardy
ATTORNEYS AT LAW

JORDAN & CLARDY, L.L.C.
William A. Jordan
B. Allen Clardy, Jr.*
Dana L. McElvain**

_also admitted in Washington, D.C.*_
_also admitted in Michigan**_

March 18, 2002

D. Gary Lovell, Jr., Esquire
Carlock, Copeland, Semler & Stair, LLP
Post Office Box 56887
Atlanta, Georgia 30343-0087

VIA FACSIMILE: (404) 523-2345

RE:    Cause No. 2001-10-4445-A
_Luz Gloria Mahecha de Berreto, as Next Friend of Camilla Maria Valentino_
_Medellin, Minor Child of David luis Felipe Medellin, Deceased, and as Personal_
_Representative of the Estate of David Luis Felipe Medellin Marin vs Estate of_
_Mauricio Poncew Gutierrez, Con-Way Transportation Service, Inc.,_
_d/b/a Con-Way Southern Express, and Kyotto Deron Keenan_

_Nam Thai, As Next Friend of Loan That, Minor Child of Germanie Thai,_
_Deceased vs. Estate of Mauricio Poncew Gutierrez, Con-Way Transportation_
_Service, Inc., d/b/a Con-Way Southern Express, and Kyotto Deron Keenan_

_Norrison Faber Zapata, Individually and as Next Friend of Stefania Zapata and_
_Santiago Zapata, Minor Children of Claudia Rodriguez-Marin, Deceased and as_
_Personal Representative of the Estateof Claudia Rodrigue-Marin vs Estate of_
_Mauricio Poncew Gutierrez, Con-Way Transportation Service, Inc.,_
_d/b/a Con-Way Southern Express, and Kyotto Deron Keenan_

Dear Mr. Lovell:

Enclosed please find copies of the following documents in each of the above referenced
actions:

1.    Plaintiff's Original Petition
2.    Original Petition In Intervention
3.    Defendant's Motion to Transfer Venue and Original Answer
4.    Order Denying Defendant Ponce's Motion To Transfer Venue
5.    Motion for Consolidation
6.    Order of Consolidation

I also enclose herewith an Acceptance of Service for your signature. Please forward an executed Acceptance of Service to me by facsimile and the original by mail for filing with the Court. I have enclosed a postage paid return envelope for your convenience.

Thank you for your kind assistance in this matter.

With best regards, I am

Sincerely yours,

JORDAN & CLARDY, LLC

B. Allen Clardy, Jr.

BAC/kf

Enc.

Cause No. 2001-10-4445-A

| | |
|---|---|
| Nam Thai, As Next Friend of Loan Thai, ) <br> Minor Child of Germaine Thai, Deceased, ) <br> ) | IN THE DISTRICT COURT OF |
| Luz Gloria Mahecha De Berreto, as Next ) <br> Friend of Camilla Maria Valentino ) <br> Medellin, Minor Child of David Luis ) <br> Felipe Medellin, Deceased and as Personal ) <br> Representative of the Estate of David Luis ) <br> Felipe Medellin, ) | CAMERON COUNTY, TEXAS <br><br> 103rd JUDICIAL CIRCUIT |
| Norrison Faber Zapata, Individually and ) <br> As Next friend of Stefania Zapata and ) <br> Santiago Zapata, Minor Children of ) <br> Claudia Rodriguez-Marin, Deceased, and ) <br> as Personal Representative of the Estate of ) <br> Claudia Rodriguez-Marin, ) | |
| -vs-                                          : | |
| Estate of Mauricio Ponce Gutierrez, ) <br> Con-Way Trnasportation Services, Inc. ) <br> d/b/a Con-Way Southern Express, and ) <br> Kyotto Deron Keenan. ) | |

## ACCEPTANCE OF SERVICE

**DUE AND LEGAL** service of process of the following documents:

1.  Plaintiff's Original Petition
2.  Original Petition In Intervention
3.  Defendant's Motion to Transfer Venue and Original Answer
4.  Order Denying Defendant Ponce's Motion To Transfer Venue
5.  Motion for Consolidation
6.  Order of Consolidation

**is accepted this ___ day of _____, 2002, in Atlanta, Georgia, on behalf of Defendants Con-Way Transportation Services, Inc. d/b/a Con-Way Southern Express, and Kyotto Deron Keenan by their undersigned attorney.**

_____

**D. Gary Lovell, Jr.**
**Carlock Copeland, Semler & Stair, LLP**
**2600 Marquis Two Tower**
**285 Peachtree Center Avenue**
**Atlanta, Georgia  30303-1235**

TRANSMISSION VERIFICATION REPORT

TIME : 03/16/2002 22:47

| | |
|---|---|
| DATE,TIME | 03/16 22:39 |
| FAX NO./NAME | 14045232345 |
| DURATION | 00:07:36 |
| PAGE(S) | 32 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

EXHIBIT B

AFFIDAVIT OF  CHARLIE BOSEMAN

BEFORE  ME,  the  undersigned  authority,  personally appeared  Charlie  Boseman,  who,  being  by  me  duly  sworn, deposed as follows:

"My name is Charlie Boseman. I am of sound mind and capable of making this affidavit.  I am the Deputy Coroner in Anderson County, South Carolina and I am personally acquainted with the facts stated herein.

My duties as Deputy Coroner include but are not limited to;

   a)    investigate the circumstances of the death(s) of all person(s)  whose  bodies  are  lying  within  my jurisdiction where I have reason to believe that the death was violent, unnatural or of unknown cause;

   b)    decide  whether  a  post  mortem  examination  is necessary for the purpose of my investigation and, if so, to give directions to an appropriate medical practitioner;

   c)    hold an inquest, with or without a jury, where I am satisfied that I am required to do so in accordance with applicable law;

   d)    notify the proper authorities of my findings of the inquest, or, if no inquest is held, of the fact that the death reported to me does not need to be subject to an inquest;

In connection with the efficient discharge of my duties I maintain liaison and working relationships with state and local  government  agencies,  including  the  police  and sheriff's office, hospitals and emergency services. I also deal with all relevant correspondence concerning the above matters,  representations  and  inquiries  from  interested parties  and  their  representatives,  insurance  companies, government departments, and others.

Lastly, my duties and responsibilities include working with families to insure they are notified of the death, relaying the medical information from autopsies and placing families in touch with other agencies that will assist in the grieving process.

On or about 9/30/2000 I responded to an accident in which Maurice Ponce Gutierrez was involved that occurred in Anderson County, S.C.  In discharging my duties I determined that Mr. Gutierrez was killed in the above referenced accident. Thereafter, I conducted an investigation of Mr. Gutierrez' residence in order to notify his immediate family and/or next of kin.

My investigation of Mr. Gutierrez' residence revealed that Mr. Gutierrez was a resident of the State of Texas with an address of 665 Neuvo Leon, Brownsville, Texas.

Further Affiant Sayeth Not.


_Charlie Boseman, Dep Coroner_
Charlie Boseman, Coroner


SWORN TO AND SUBSCRIBED BEFORE ME, a notary public on the _01_ day of ~~April~~ _MAY_, 2002.


_____
Notary Public in and for
The State of South Carolina

My Commission Expires:

March 5, 2011

STATE OF TEXAS

COUNTY OF TRAVIS

Pursuant to the authority contained in the Texas Rules of Evidence 902 Section 4, and Transportation Code, Section 601.022, I, Joyce E. Stevens, do hereby certify that I am the custodian of driver records of the Driver Records Bureau, Texas Department of Public Safety. The information contained herein is true and correct as taken from our official records.

This is to further certify that the records of the Driver Records Bureau show that on May 6, 1997, a Texas Personal Identification Certificate was originally issued to MAURICIO PONCE GUTIERREZ, who is described as a male with brown eyes, born on September 22, 1967, and whose address is listed as 665 NUEVO LEON, BROWNSVILLE, TX 78520. This Identification Certificate was issued as number 18966231 to expire on September 22, 2001. After a diligent search, no record or entry is found to exist in the official records of the Driver Records Bureau, Texas Department of Public Safety, showing evidence of MAURICIO PONCE GUTIERREZ, as described hereinabove, having been issued any type of Texas Driver License.

In Testimony Whereof, I hereunto set my hand and affix the Seal of the Department of Public Safety of the State of Texas. Done at my office, in the City of Austin, this 16th day of April A.D., 2002.

Joyce E. Stevens, Manager
Driver Records Bureau
Texas Department Of Public Safety



# STATE OF FLORIDA
## DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES
## DIVISION OF DRIVER LICENSES TRANSCRIPT OF DRIVER RECORD

PAGE: 1
DATE  14-MAY-2002 11 34 40

| DONER MIDDLE OR MAIDEN | POINCE | DRIVER EDUCATION | 05/14/02 SEARCH DATE |
|---|---|---|---|

MAURICIO FIRST
1508 SW AVE B LOT 35

BELLE GLADE CITY

| LAST | GUTTIERREZ | SUFFIX | 33430-2844 ZIP |
|---|---|---|---|

PALM BEACH COUNTY/STATE

| DOB 09/22/67 | HEIGHT 5 7 | RACE H | SEX M | SOCIAL SECURITY NUMBER 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 | FLORIDA DRIVER LICENSE NUMBER G162-555-67-142-0 |
|---|---|---|---|---|---|

| EXAMS | VISION 1 | SIGNS 1 | RULES 1 | DRIVING 0 | MOTORCYCLE 0 |

DATE ISSUED 10/15/96   DATE EXPIRED 09/22/00   DATE ORIG DL ISSUED 04/27/90

PRIOR STATE AND DRIVER LICENSE NUMBER   COR ISSUE DATE 04/27/9005

| REPLACEMENT LICENSE |

| DUPLICATE LICENSE |

** THIS PERSON HAS A DIGITAL IMAGE **

*** NO ENTRIES AGAINST RECORD FOR ABOVE NAME *** *** ENTRIES BELOW COVER PAST 7 YEARS *** ***

| CRASH/OFFENSE EFFECTIVE DATE | CONVICTION DATE | REINSTATEMENT DATE | INFORMATION FROM COUNTRY/STATE | CITY | COURT | ENTRY | DESCRIPTION | DOCKET OR TICKET NUMBER | DEPT USE ONLY BATCH |
|---|---|---|---|---|---|---|---|---|---|

END OF RECORD

LICENSE CLASSES

CLASS A  ANY TRACTOR-TRAILER WITH A GVWR OF 26,001 POUNDS OR MORE
CLASS B  ANY SINGLE VEHICLE WITH A GVWR OF 26,001 POUNDS OR MORE
CLASS C  ANY ENCLOSED VEHICLE WITH A GVWR OF LESS THAN 26,001 POUNDS
CLASS D  ANY SINGLE VEHICLE OF 8,000 POUNDS OR MORE, BUT LESS THAN 26,001 POUNDS GVW OR MORE THAN 15 PASSENGER SIZE
CLASS E  REGULAR OPERATOR'S LICENSE
CLASS E/1  LEARNER'S LICENSE

RESTRICTIONS
A - CORRECTIVE LENSES
B - OUTSIDE REARVIEW MIRROR
C - BUSINESS PURPOSES
D - EMPLOYMENT PURPOSES
E - DAYLIGHT DRIVING ONLY
F - AUTOMATIC TRANSMISSION
G - POWER STEERING
H - DIRECTIONAL SIGNALS
I - GRIP ON STEERING WHEEL
J - HEARING AID
K - HAND CONTROLS FOR PEDAL EXTENSIONS
M - LEFT FOOT ACCELERATOR

DESCRIPTION
1 - GUILTY
2 - SUPERSEDE
3 - FORFEITURE
4 - ADJUDGED DELINQUENT
5 - ADJUDICATIVE WITHHELD

IN COMPLIANCE WITH SECTION 322.20 F & 1 SANDRA C. LAMBERT, DIRECTOR, DIVISION OF DRIVER LICENSES DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES STATE OF FLORIDA, DO HEREBY CERTIFY THAT I AM THE CUSTODIAN OF THE RECORDS OF DRIVER LICENSES AND THAT THIS IS A TRUE AND CORRECT TRANSCRIPT OF THE ABOVE NAMED SUBJECTS DRIVING RECORD AS TAKEN FROM THE OFFICIAL RECORDS ON FILE IN THIS DEPARTMENT

(DIRECTOR)

NOTE  SOME LICENSES ISSUED BY THE STATE OF FLORIDA ARE VALID IN FLORIDA ONLY THIS RESULTS FROM APPLICANT RETAINING A VALID LICENSE FROM ANOTHER JURISDICTION  THIS VIOLATION CANNOT BE USED TO SURCHARGE AN AUTOMOBILE LIABILITY INSURANCE POLICY F.S. 626 9701

08298

# DRIVER'S RECORD OF DUTY STATUS
### (24 HOUR PERIOD)

626-5169
Dolly 401-6089

NAL—Submit daily to home domicile.
ICATE—Driver retains in his possession a copy of each record
of duty status for the previous seven consecutive days.

670-8425
4155-6564
**Vehicle Number** (show each unit)

| 9 | 5 | 00 | |
|---|---|---|---|
| (Month) | (Day) | (Year) | (Total miles driving today) |

I certify these entries are true and correct:

_Wyatt D. K_
(Driver's signature in full/employee number)    #58712

Vehicle Number (show each unit)

**CON-WAY SOUTHERN EXPRESS**
(Name of Carrier or Carriers)

**14500 TRINITY BLVD., FT. WORTH, TX 76155**
(Main Office Address)

(Name of codriver)

|  | NOON 1 2 3 4 5 6 7 8 9 10 11 MIDNIGHT 1 2 3 4 5 6 7 8 9 10 11 NOON | Total Hours |
|---|---|---|
| 1: OFF DUTY | | 11.50 |
| 2: SLEEPER BERTH | | 0 |
| 3: DRIVING | | 7.50 hr |
| 4: ON DUTY (Not Driving) | | 5. hrs |
| REMARKS | NOON 1 2 3 4 5 6 7 8 9 10 11 MIDNIGHT 1 2 3 4 5 6 7 8 9 10 11 NOON | 24 h |

Atlanta Dock    NGV Hook PTI    NGV Drop Hook PTI    Lunch Ext 164    NGT Drop PTI

· Check the time and enter name of place you reported and where released from work and when and where each change of duty occurred.

659810    441531
**MANIFEST NUMBERS.** 660455    EMPTY

**SERVICE CENTER:** Atlanta, GA

USE TIME STANDARD AT HOME DOMICILE LOCATION WHEN COMPLETING GRID

08298-3N    **DRIVER'S RECORD OF DUTY STATUS**
(24 HOUR PERIOD)

ORIGINAL—Submit daily to home domicile.
DUPLICATE—Driver retains in his possession a copy of each record of duty status for the previous seven consecutive days.

**9** (Month)    **28** (Day)    **00** (Year)    **322** (Total miles driving today)

726-4010
Dolly 401-6031          515-8385
726-4010                813-5544
Dolly 401-6031          515-9034

Vehicle Number (show each unit)

I certify these entries are true and correct.

Kyoto D. C.          58202
(Driver's signature in full/employee number)

Vehicle Number (show each unit)

**CON-WAY SOUTHERN EXPRESS**
(Name of Carrier or Carriers)

**14500 TRINITY BLVD., FT. WORTH, TX 76155**
(Main Office Address)

(Name of codriver)

| | Total Hours |
|---|---|
| 1: OFF DUTY | 12.25 |
| 2: SLEEPER BERTH | |
| 3: DRIVING | 8.75 |
| 4: ON DUTY (Not Driving) | 4.50 |

24 hrs

REMARKS

Atlanta Dock
Atlanta Hyatt PTI
Greenville SC Dist PTI
Atlanta PTI Drop
Atlanta Lith

Check the time and enter name of place you reported and where released from work and when and where each change of duty occurred.

MANIFEST NUMBERS: 445487  487207    Empty          SERVICE CENTER: Atlanta GA

USE TIME STANDARD AT HOME DOMICILE LOCATION WHEN COMPLETING GRID



## Fact Sheet

| | |
|---|---|
| **Description:** | Con-Way Southern Express is a regional motor carrier specializing in next and second-day service in the southern United States for commercial and industrial less-than-truckload (LTL) freight. CSE is one of seven businesses that are part of Con-Way Transportation Services, Inc. (*CON-WAY*), a $2 billion company that provides time-definite and day-definite freight delivery, and logistics services for commercial and industrial businesses.<br><br>Within the *CON-WAY* family are regional less-than-truckload carriers Con-Way Western Express, serving 13 Western states, including Hawaii and Alaska, with service into Mexico; Con-Way Central Express, serving 25 Central and Eastern states; Con-Way Southern Express, serving 12 southeastern states, the District of Columbia and Puerto Rico; Con-Way Canada Express, serving 9 Canadian provinces; Con-Way NOW providing dedicated, time definite, expediting for emergency shipments; Con-Way Logistics, a contract supply chain execution service provider; Con-Way AIR, an air freight forwarder with service throughout the U.S. and Puerto Rico; and Con-Way FULL LOAD, a truckload brokerage service throughout the U.S. and Canada. |
| **Mission Statement:** | *CON-WAY* is the industry-leading provider of innovative, differentiated services. We are driven by our values of SAFETY, INTEGRITY, COMMITMENT and EXCELLENCE. Guided by these principles, we provide Service Excellence to our customers, challenging and rewarding careers for employees and a superior return on shareholder investment. |
| **Founded:** | April 1987 |
| **Headquarters:** | Con-Way Southern Express<br>14500 Trinity Blvd., Ste. 118<br>Fort Worth, Texas 76155<br>Phone: (817) 358-3600 |
| **Employees:** | 4,200 |
| **Key Executives:** | John T. Hickerson, President and Chief Executive Officer<br>John Guice, Vice-President-Sales<br>Phil Worthington, Vice President-Operations |
| **Service Network:** | CSE operates 119 service centers directly serving more than 25,000 cities in Alabama, Arkansas, Florida, Georgia, Louisiana, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, Virginia, and Puerto Rico.<br><br>CSE also provides extensive inter-regional and transcontinental service throughout North America in a fully integrated national network with Con-Way Western Express, Con-Way Central Express and Con-Way Canada Express. |

If you would like additional service information, or want to schedule a pickup, please contact your local service center or call us toll-free at

# 1-800-525-6256

## *CON-WAY* Facts At A Glance

| | |
|---|---|
| **PRIMARY SERVICES** | Time-definite and day-definite surface freight transportation for commercial, industrial, retail and manufacturing companies throughout North America. Markets and product lines are next and second-day regional and inter-regional, intrastate and interstate LTL delivery; time-certain, exclusive use ground expedited shipping and emergency air service; assembly and distribution logistics programs for business-to-business supply cycle management. |
| **LEGAL COMPANY NAME** | Con-Way Transportation Services, Inc. |
| **HEADQUARTERS ADDRESS** | 110 Parkland Plaza<br>Ann Arbor, Michigan  48103<br>PHONE: (734) 769-0203<br>FAX: (734) 214-5650<br>Web Page - www.con-way.com<br>Internet E-mail - info@con-way.com |
| **COUNTRY OF INCORPORATION** | United States |
| **TYPE OF OWNERSHIP** | Public Corporation. CON-WAY is a subsidiary of CNF Inc., a $5.6 billion public company traded on the New York Stock Exchange (Ticker Symbol: CNF). |
| **KEY *CON-WAY* EXECUTIVES** | Gerald L. Detter, President and CEO<br>Bryan M. Millican, Executive Vice President-Sales and Marketing<br>Douglas W. Stotlar, Executive Vice President-Operations<br>Les A. Paciorek, Vice President-National Sales<br>Scott J. Engers, Vice President, Corporate Counsel<br>Kevin C.Schick, Vice President-Controller<br>Edward P. Moritz, Vice President-Marketing<br>David L. Miller, Vice President-Strategic Planning |
| **SUBSIDIARY OPERATING UNITS** | • Con-Way Central Express - Richard V. Palazzo, President<br>• Con-Way Southern Express - John T. Hickerson, President<br>• Con-Way Western Express - Dave McClimon, President<br>• Con-Way NOW - J. Edwin Conaway, President<br>• Con-Way Integrated Services - Mike Bare, Vice President-General Manager |
| **EMPLOYEES** | Over 16,535 |
| **SERVICE LOCATIONS** | 420 |
| **FLEET RESOURCES** | 32,203 Trucks, Tractors and Trailers |
| **GROSS ANNUAL SALES** | $2.06 Billion (2000) |
| **OPERATING INCOME** | $232 Million (2000) |

# Texas
Please select a city by clicking on it.



*HARLINGEN TEXAS Service Center*

**Harlingen Texas**
429 North O Street  Harlingen, TX 78550
Phone: (956) 425-8303  Fax: (956) 423-2961
Toll-free: 1(800) 437-7723



Return to Transit Time Map

*FORT WORTH TEXAS Service Center*

**Fort Worth Texas**
4901 David Strickland Road  Fort Worth, TX 76119
Phone. (817) 478-0129  Fax: (817) 478-7577
Toll-free: 1(800) 468-9810



Return to Transit Time Map

*DALLAS TEXAS Service Center*

**Dallas Texas**
5020 Calvert Street  Dallas, TX 75247
Phone: (214) 631-5486  Fax: (214) 631-3128
Toll-free: 1(800) 962-8710



Return to Transit Time Map

*SHERMAN TEXAS Service Center*

**Sherman Texas**
5110 Marshall Drive  Sherman, TX 75090
Phone: (903) 892-1410  Fax: (903) 893-1433
Toll-free: 1(800) 633-1934



Return to Transit Time Map

*GARLAND TX Service Center*

**Garland Tx**
530 S. International Road  Garland, TX 75042-
Phone: (972) 487-8863  Fax: (972) 487-1334
Toll-free: 1(800) 523-4997



Return to Transit Time Map

*CORPUS CHRISTI TEXAS Service Center*

**Corpus Christi Texas**
320 South Navigation Blvd  Corpus Christi, TX 78405
Phone: (361) 884-1070  Fax: (361) 884-1190
Toll-free: 1(800) 437-7721



Return to Transit Time Map

*BRYAN TEXAS Service Center*

**Bryan Texas**
417 Palasota Drive  Bryan, TX 77803
Phone: (979) 822-9302  Fax: (979) 822-1826
Toll-free: 1(800) 801-2978



Return to Transit Time Map

*SAN ANTONIO TEXAS Service Center*

**San Antonio Texas**
5685 Fm 1346  San Antonio, TX 78220
Phone: (210) 662-6060  Fax: (210) 662-9441
Toll-free 1(800) 872-4476



Return to Transit Time Map

*LAREDO TEXAS Service Center*

**Laredo Texas**
4410 Pan American Boulevard  Laredo, TX 78045
Phone  (956) 725-0177  Fax: (956) 725-0563
Toll-free: 1(800) 872-4482



Return to Transit Time Map

*AUSTIN TEXAS Service Center*

**Austin Texas**
8101 Bagby Drive  Austin, TX 78724
Phone: (512) 926-5490  Fax: (512) 926-8156
Toll-free: 1(800) 872-4481



⌐ Return to Transit Time Map

*MIDLAND/ODESSA TEXAS Service Center*

> **Midland/odessa Texas**
> 3916 County Road #1293  Odessa, TX 79765
> Phone: (915) 561-5173  Fax: (915) 561-5189
> Toll-free: 1(800) 992-5916



Return to Transit Time Map

*HOUSTON TEXAS Service Center*

**Houston Texas**
1235 Gazin Street  Houston, TX 77020
Phone. (713) 674-0481  Fax: (713) 674-6315
Toll-free: 1(800) 535-7125



↑ Return to Transit Time Map

*WEST HOUSTON TEXAS Service Center*

**West Houston Texas**
6816 Fairbanks N Houston Road  Houston, TX 77040-
Phone: (713) 896-7072  Fax  (713) 896-4776
Toll-free. 1(800) 511-4839



Return to Transit Time Map

*TYLER TEXAS Service Center*

**Tyler Texas**
12588 Highway 155 North  Tyler, TX 75708
Phone: (903) 877-4991  Fax: (903) 877-9256
Toll-free: 1(800) 535-7126



Return to Transit Time Map

*WACO TEXAS Service Center*

**Waco Texas**
7300 Bagby  Waco, TX 76712
Phone: (254) 666-7911  Fax: (254) 666-7909
Toll-free: 1(800) 872-4485



Return to Transit Time Map

*EL PASO TEXAS Service Center*

> **El Paso Texas**
> 1451 Goodyear Drive  El Paso, TX 79936
> Phone: (915) 592-1929  Fax: (915) 593-0107
> Toll-free: 1(800) 453-5285



Return to Transit Time Map

*LUBBOCK TEXAS Service Center*

**Lubbock Texas**
2809 Avenue C  Lubbock, TX 79404
Phone: (806) 763-9818  Fax: (806) 763-1640



Return to Transit Time Map

*BEAUMONT TEXAS Service Center*



**Beaumont Texas**
Beaumont, TX 77705
Phone (409) 721-5071  Fax: (409) 721-9630
Toll-free: 1(800) 235-8155



Return to Transit Time Map



*VICTORIA - CSE*





Return to Transit Time Map