IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS, BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NAM THAI, As Next Friend of § | | |
| LOAN THAI, Minor Child of § | | |
| Germanie Thai. Deceased, et al § | | |
|    Plaintiffs § | CIVIL ACTION NO. b-02-083 | |
| § | JURY DEMANDED | |
| VS. § | | |
| § | | |
| ESTATE OF MAURICIO PONCE § | | |
| GUTIERREZ, et a § | | |
|    Defendants § | | |

### DEFENDANT'S MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JUAN MARIA AGUILAR PEREZ IN HER CAPACITY AS THE REPRESENTATIVE OF THE ESTATE OF MAURICIO PONCE GUTIERREZ,** and files this Motion to Remand, and for cause would show the following:

### I. NO DIVERSITY JURISDICTION

The removal of this case is based on an allegation of diversity jurisdiction. Diversity jurisdiction does not exist in this case. Defendant, Mauricio Ponce Gutierrez, Deceased, was a citizen of the State of Texas at the time of his death. Therefore, the case must be remanded.

### II. DEFENDANT PONCE DID NOT CONSENT TO REMOVAL

The removal statute requires all served defendants to join in the removal. *28 U.S.C. section 1446(b)* The removing defendant must secure written consent to remove from the other served defendants. The consent must be in writing and must give official notice of consent. *Getty Oil Corp. v. Insurance Co., 841 F.2d 1254, 1262 n.11 (5th Cir. 1988)* The consent must be given within thirty (30) days from the date the first defendant is served. *Id. at 1262-63* If one of the defendants refuses consent, the removal is procedurally defective and the case should be remanded upon timely challenge. *Doe v. Kerwood, 969 F.2d 165, 167 (5th Cir. 1992)* In the present case, Defendant Ponce does not consent to the removal. Therefore, the removal is defective and a remand is required.

## III. THE REMOVAL WAS UNTIMELY FILED

The failure to file a notice of removal within thirty (30) days of service renders the removal untimely. *Brown v. Demco, Inc. 792 F.2d 478, 481-82 (5th Cir. 1986).* Defendant Conway was served, through acceptance of same by its counsel of record, March 18, 2002. Conway had thirty (30) days from such service to remove *and* secure the consent of all other defendants. Defendant Conway did not file its removal petition until more than thirty (30) days after service, and thus, the removal is incurably defective.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Ponce request a remand of this case to the 107th District Court of Cameron County, Texas for further proceedings and such other relief to which he is entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 680
McAllen, Texas 78503
(956) 994-0057
(956) 994-0741 FAX

By:_____
LARRY W. LAWRENCE, JR.
State Bar No. 00794195
Federal Bar No. 21827

ATTORNEY FOR DEFENDANT PONCE

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document has been forwarded to the following on this ___17th___ Day of _May_ 2001:

ATTORNEY FOR PLAINTIFFS

Tony Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Brownsville, Texas 78504.

ATTORNEY FOR DEFENDANT CONWAY

Edward Valdespino
Strasburger & Price, L.L.P.
300 Convent Street, Suite 900
San Antonio, Texas 78205-3715

ATTORNEY AD LITEM

Ernesto Gamez, Jr.
Attorney at Law
777 East Harrison
Brownsville, Texas 78520

_____
LARRY W. LAWRENCE, JR.

## CERTIFICATE OF CONFERENCE

The Movant hereby affirms that he has conferred with Plaintiffs regarding this motion and they are not opposed to remand. Defendants Conway and Keenan are opposed.

_____
LARRY W. LAWRENCE, JR.