

IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 6 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased<br>    Plaintiffs<br><br>LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VALENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN<br>    Plaintiffs<br><br>NORRISON FABER ZAPATA, Individually and As Next Friend of STEFANIA ZAPATA and SANTIAGO ZAPATA, Minor Children of Claudia Rodriguez-Marin, Deceased and As Personal Representative of the ESTATE OF CLAUDIA RODRIGUEZ-MARIN<br>    Plaintiffs<br><br>KIEU OANH LAM and THONG LAM, Individually and as Personal Representative of the Estate of SON T. LAM, Deceased, and BOUNMA THAMMAVONG, Individually and as Next Friend of DANNY NGUYEN and ALEX THAMMAVONG, Minor Children of VAHN THAMMAVONG, Deceased and As Personal Representative of the ESTATE OF VAN THAMMAVONG and NOY KHOUNSAVNH, Individually and as Next Friend of MALDINI KHOUNSAVANH, Minor Children of GERMANIE THAI, Deceased<br>    Intervenors<br><br>V.<br><br>ESTATE OF MAURICIO PONCE GUTIERREZ, CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS, and KYOTTO DERON KEENAN<br>    Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br><br>NO. B - 02 - 083<br><br><br><br><u>DEFENDANT CON-WAY<br>TRANSPORTATION SERVICES,<br>INC.'S and DEFENDANT KYOTTO<br>DERON KEENAN's, Subject to His<br>Special Appearance, RESPONSE TO<br>PLAINTIFFS'and DEFENDANT<br>ESTATE OF MAURICIO PONCE<br>GUTIERREZ' MOTION TO REMAND</u> |

<u>**DEFENDANT CON-WAY TRANSPORTATION SERVICES, INC.'S and DEFENDANT KYOTTO DERON KEENAN's, Subject to His Special Appearance, RESPONSE TO PLAINTIFFS' and DEFENDANT ESTATE OF MAURICIO PONCE GUTIERREZ' MOTION TO REMAND**</u>

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW Defendant CON-WAY TRANSPORTATION SERVICES, INC. ("CON-WAY") and Defendant KYOTTO DERON KEENAN ("KEENAN"), subject to his Special Appearance, and do file this their Response to Plaintiffs' Motion to Remand[1] and the Motion to Remand filed by the ESTATE OF MAURICIO PONCE GUTIERREZ ("ESTATE"). *This Response is filed subject to Defendants' Motion for Extension of Time to Respond to Motions to Remand; if said Motion to Extend is granted a more complete Response will be filed.* Defendants would respectfully state as follows:

**I.   REMOVAL NOTICE WAS TIMELY**

    **A.   Service was not Effectuated on Gary Lovell.**

CON-WAY removed this action within the 30-day time period set forth in 28 U.S.C. § 1446(b). Movants refer to an agreement by CON-WAY's counsel to accept service. Movants misconstrue the purpose and meaning of said letter and misrepresent to the Court the suit to which it referred. *See* AFFIDAVIT OF GARY LOVELL attached as Exhibit "A." When said offer to accept service was extended, the parties were involved in a suit contemplated in South Carolina. Indeed, the parties were then involved in a mediation in said state. It was to a state court action in South Carolina that the letter referred. *Id.* At no time did Gary Lovell agree to accept service for a new suit in Texas.

---

[1] It appears Intervenors have joined in Plaintiffs' Motion to Remand. Both Intervenors and Plaintiffs will be referred to collectively as "Plaintiffs."

2

That the Plaintiffs/Intervenors understood this to be the purpose of the letter is amply demonstrated by the fact that they went ahead and formally served CON-WAY and KEENAN. This service occurred thirty (30) days prior to CON-WAY's filing of its Notice of Removal. Accordingly, said Notice of Removal was timely filed, despite the Movants' protestations.

**B. Service of the ESTATE OF MAURICIO PONCE GUTIERREZ Does Not Affect Deadline for Removal.**

As set forth in Defendants' Notice of Removal, the ESTATE is fraudulently joined. Accordingly, when it was served has no bearing on the computation of the 30-day deadline for removal. The grounds for contending the ESTATE has been fraudulently joined are set out herein. *See infra* § IV. Even assuming the ESTATE is a proper defendant, however, Movants' arguments fall short.

While Plaintiffs are correct in stating that the Fifth Circuit generally holds that all defendants must remove within 30 days from the date the first defendant is served, this rule is tempered by the ability of the Court to prevent inequities arising from its strict application. For instance, in *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1996), the court noted that it could and should consider whether the plaintiff intentionally delayed naming other defendants in a bad-faith attempt to prevent removal. In *Brown*, the court held the 30-day deadline for removal began running upon service of the first defendant, <u>but only because</u> there was no evidence the plaintiff was aware that the late-added defendant was a proper defendant. *Id.* Likewise, no evidence suggested the plaintiff's delay was a bad-faith effort to prevent removal. *Id.*

To the contrary, in the present case it is patently obvious that the Plaintiffs/Intervenors delayed serving CON-WAY and KEENAN for the express purpose of depriving them of their right to remove.

3

This case involves a motor vehicle collision, the alleged principal participants of which were CON-WAY and KEENAN. Instead of promptly serving these two Defendants, the Plaintiffs/Interveners initially served the ESTATE OF MAURICIO PONCE GUTIERREZ -- a defendant lacking any significant assets and whose connection to the State of Texas is dubious at best. By serving this purported ESTATE and then waiting to serve the remaining Defendants until after 30 days had expired, the Plaintiffs/Interveners succeeded in trapping all later-served Defendants in an unfavorable forum and State bearing absolutely no connection to any of the events set forth in their Petition. The Movants' collusiveness and bad faith is corroborated by the ESTATES's subsequent actions. Specifically, while the ESTATE made a half-hearted attempt to transfer venue from the State Court of Cameron County (*See* ESTATE'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER (November 3, 2001)), it now comes forward objecting to removal. *See* ESTATE'S MOTION TO REMAND. In light of its previous attempt to escape from the State Court of Cameron County, the only reasonable explanation as to why the ESTATE would now object to removal is that its presence in the lawsuit is only to collusively serve the procedural interests of the Plaintiffs/Interveners.

It certainly lies within the Court's discretion to prevent this injustice; the Fifth Circuit case of *Brown* authorizes this Court to take into consideration the bad-faith tactics of the Movants in determining whether or not CON-WAY's Notice of Removal was timely filed.

## II. JOINDER

### A. Defendant KEENAN Gave His Consent to the Notice and Was Properly Joined in the Removal.

Movants argue that Defendant KEENAN did not join in the removal. Plaintiffs admit their argument "may appear trivial." PLAINTIFFS' MOTION TO REMAND, pg. 6. Not only does it appear

4

trivial, it is wrong. The Notice of Removal states as follows: "Subject to his Special Appearance and without waiving his objections to personal jurisdiction, Defendant KEENAN consents to this removal." NOTICE OF REMOVAL, pg. 6. The Notice was submitted by counsel for KEENAN as specifically set forth in the signature block:

> COUNSEL FOR DEFENDANT CON-WAY TRANSPORTATION SERVICES, INC. D/B/A CON-WAY SOUTHERN EXPRESS, AND KYOTTO DERON KEENAN, SUBJECT TO HIS SPECIAL APPEARANCE AND WITHOUT WAIVING HIS OBJECTIONS TO PERSONAL JURISDICTION

NOTICE OF REMOVAL, pg. 9 (emphasis added).

The cases cited by Plaintiffs do not support their position.

In *Smith v. Union National Life Ins. Co.*, 187 F.Supp. 2d 635 (S.D. Miss. 2001), the Notice made no mention of the other defendant's consent or lack thereof. Likewise, the court noted the Notice was not signed on behalf of the purportedly consenting defendant. In the present case, the facts are entirely opposite.

Likewise the case of *Keys v. Konrth*, 1994 W.L. 75037 (N.D. IL) does nothing to support Plaintiffs' arguments. In *Keyes*, the Notice of Removal expressly indicated the co-defendant did not join in the removal. *Id.* 1994 W.L. at *2. Likewise, the Notice was not filed on behalf of the co-defendant whose consent was necessary. *Id.* Once again, the facts are opposite to the matter before the Court.

Finally, the case of *Baker v. Ford Motor Co.*, 1997 W.L. 88260 (N.D. Miss. 1997) contains no facts analogous to the present case. In *Baker*, the two relevant defendants were represented by separate counsel and each of their consents to the removal were set forth in two separate pleadings. *Id.* The co-defendant whose joinder was required for the Notice of Removal filed a separate joinder

5

four days after the statutory deadline. *Id.*, 1997 W.L. at *1. In the present case, as already mentioned, the Notice of Removal was timely submitted on behalf of both CON-WAY and KEENAN and expressly states therein that KEENAN consents to the removal.

In short, the undersigned counsel represent KEENAN, as set forth in the Notice, and have the authority to act on KEENAN's behalf in joining the Notice of Removal. The attorneys for KEENAN consented to his removal in a pleading before this Court, and Plaintiffs' objections have no merit.

Further, the Court is reminded that KEENAN has been fraudulently joined. Accordingly, his consent in the removal is not be necessary in the first place. The grounds alleging KEENAN's fraudulent joinder are re-urged below. *see infra* § III.

### B.    The ESTATE Need Not Consent.

As set forth in the Notice, the ESTATE is fraudulently joined. Accordingly, its consent is unnecessary. The grounds for this allegation of fraudulent joinder are set forth below. *see infra* § IV.

### III.    DEFENDANT KEENAN HAS BEEN FRAUDULENTLY JOINED

The Notice sets forth the reason why Defendant KEENAN ought be considered fraudulently joined. *See* NOTICE OF REMOVAL p. 5-6. In short, the Court lacks personal jurisdiction over Defendant KEENAN and Plaintiffs/Intervenors and are incapable of sustaining a cause of action against him in the State Courts of Texas. *See Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992) (stating a fraudulent joinder exits when, *inter alia*, "there is no possibility that plaintiff will be able to establish a cause of action against a non-diverse defendant in State Court.")

Plaintiffs' discussion of *Villar v. Crowley Maritime Corp.*, 990 F.2d 1489 (5th Cir. 1993) attempts to distinguish the case on factual grounds. Such an approach is nonsensical. The rule of law established by *Villar* is not new but merely reiterates and applies the rule set forth in *Dodson*; namely,

that a defendant over whom the State Court lacks personal jurisdiction ought not be considered by the Federal Court for diversity purposes. *See Villar*, 990 F.2d at 1495 (reviewing with implicit approval the lower court's determination that a foreign defendant over whom personal jurisdiction did not exist ought not be allowed to defeat diversity jurisdiction).

After focusing on the facts of *Villar* instead of the black letter law contained therein, the Plaintiffs next turn to *Seguros Commercial America v. American President Lines, Ltd.*, 934 F.Supp. 243, 244 (S.D. Tex. 1996). In *Seguros* the case was remanded due to the fact that the defendant, over whom no Texas court had *in personam* jurisdiction, failed to join in the notice. *Id.* In other words, the Plaintiffs are simply re-urging their argument that Defendant KEENAN did not properly join in the Notice of Removal; a contention directly contradicted by the filed pleadings. *Seguros* does nothing to change or alter the well-established rule of law that a defendant against whom there exists no possibility of recovery in State Court simply ought not be considered for diversity purposes.

Plaintiffs also cite *Seguros* for the proposition that CON-WAY cannot establish that KEENAN was fraudulently joined due to the fact that the personal jurisdiction defense is available only to KEENAN. Plaintiffs are correct that the objections relating to personal jurisdiction belong exclusively to KEENAN. Plaintiffs fail to point out, however, that KEENAN has filed a Special Appearance urging dismissal of this case based on lack of personal jurisdiction. *See* DEFENDANT KEENAN'S SPECIAL APPEARANCE. Indeed, he re-urged the objection in his consent to the removal. NOTICE OF REMOVAL, p. 6 ("Subject to a Special Appearance and without waiving his objections to personal jurisdiction, Defendant KEENAN consents to this Removal.") The foreign defendant in *Seguros* failed to join in the Notice and also failed to urge his objections relating to personal jurisdiction; once again, the facts of the case before the Court are entirely opposite.

7

## IV. DEFENDANT ESTATE HAS BEEN FRAUDULENTLY JOINED

As set forth in the Notice of Removal, the ESTATE OF MAURICIO PONCE GUTIERREZ is fraudulently joined, and in fact, does not exist as a legal entity. No personal representative of any kind has been appointed nor have any of the statutory requirements for opening an estate been followed. *See* NOTICE.

The Plaintiffs respond by citing TEX.PROB.CODE, §160 which states that a surviving spouse may sue and be sued. This argument fails for two reasons.

First, as set forth in the statute, such suits are only for the recovery of community property. *See* TEX.PROB.CODE §160(a). The Plaintiffs'/Intervenors' suit is not limited the recovery of community property; indeed, the Petition makes no reference whatsoever to community property. In *Piper v. Thompson's Estate*, 546 S.W. 2d 341 (Tex. Civ. App. – Dallas 1976, no writ) the plaintiff sued the widow of the decedent driver in a case stemming from an automobile collision. *Id.* The court stated that the case could only proceed against the surviving spouse due to the fact that the plaintiff had "specifically limit[ed] the recovery sought to the proceeds of the motor vehicle liability insurance policy" which, as the Court pointed out, was community property as a matter of law. *Id*, 546 S.W.2d at 345-46. In the present case, no such limitation is to be found in the Plaintiffs'/Intervenors' Petition. Likewise, in *Beall v. Cooke*, 2001 W.L. 699915 (Tex. App. – Houston [1ˢᵗ Dist.]) a widow brought suit against her dead husband, naming herself as the representative of her husband's estate pursuant to TEX.PROB.CODE §160(a). The court held the statute inapplicable as "this case is not for recovery of community property; therefore, Beall must petition the Harris County Probate Court and obtain an order naming her the administrator of the Estate to be the representative of the Estate." *Beall,*

8

2001WL at *2. Moreover, as the case was not one regarding community property, and Beall was not a properly named representative, the estate was not properly served. *Id.* For similar reasons, in the present case, the widow of decedent Mauricio Ponce Gutierrez had no authority to accept service; hence, Defendants' allegation that the Estate of Mauricio Ponce Gutierrez has been fraudulently joined.

In short, TEX. PROB.CODE §160 has its "primary purpose the granting of authority for among other things, the sale of community property for the purpose of paying community debts." *Speer v. Stover*, 711 S.W.2d 730, 738 (Tex. App. – San Antonio 1986, no writ). Where, as here, a plaintiff's petition makes no allegation that community debts are outstanding or that the sale of community property is required, appeal to TEX.PROB.CODE §160(a) is improper.

The second reason Plaintiffs' argument fails is due to the fact that the widow of the decent Mauricio Ponce Gutierrez was not named as a defendant. Rather, the Petition in this case identifies the defendant as follows: "The Estate of Mauricio Ponce Gutierrez." As stated in the Notice, the Estate is a non-entity. Even assuming the Plaintiffs'/Interveners' cause of action is one for the recovery of community property – which it most assuredly is not – the proper defendant would have been the widow herself in her individual capacity, unless a formal representative had been appointed. Instead, Plaintiffs/Interveners have tried to sue a non-existent estate.

## V.　DEFENDANT CON-WAY IS NOT A TEXAS RESIDENT

On page 27 of Plaintiffs' Motion to Remand, Plaintiff's concede that "for diversity purposes, corporate divisions do not have separate residences from the residence of the corporation itself." PLAINTIFFS' MOTION TO REMAND, pg 27. The Plaintiffs/Intervenors, however, wish the Court to ignore this clear rule due to certain "inequities" set forth in their Motion. No case law has been cited

to support such a departure from the rules or to support the Plaintiffs' implicit argument that such a departure is even within the discretion of the Court. The uncontroverted evidence before the court clearly proves that for purposes of diversity jurisdiction, Defendant CON-WAY is a resident of the State of Michigan.

## VI.   CONCLUSION

The Motions to Remand fail to defeat the arguments for removal set forth in Defendants' Notice of Removal. As set forth in said Notice and in this Response, the purported Estate of Mauricio Ponce Gutierrez is fraudulently joined, nonexistent and has only been named by the Plaintiffs/Interveners to gain certain procedural advantages.

Likewise, Defendant KEENAN is fraudulently joined as no court in the State of Texas can exercise personal jurisdiction over him. KEENAN has timely urged his objections based on personal jurisdiction through a Special Appearance. Likewise, KEENAN has explicitly joined in the removal, subject to a Special Appearance, and has abided by any and all procedural requirements relating to this Removal.

Defendant CON-WAY is clearly a resident of the State of Michigan and diverse from the Plaintiffs/Intervenors herein. It has filed a Notice of Removal in a timely fashion and in accordance with all applicable rules.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that this Court deny Plaintiffs' Motion to Remand and the Motion to Remand filed by the purported Estate of Mauricio Ponce Gutierrez and to grant any and other additional relief the Court deems just and proper.

Respectfully submitted,

_Edward Valdespino w/perm._
EDWARD F. VALDESPINO
State Bar No. 20424700
Southern District No. 14656
CYRUS F. REA
State Bar No. 00797291
Southern District No. 28567
STRASBURGER & PRICE, L.L.P.
300 Convent St., Suite 900
San Antonio, TX 78205
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

MARK S. SCUDDER
State Bar No. 17936300
STRASBURGER & PRICE, L.L.P.
901 Main St., Suite 4300
Dallas, TX 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

**COUNSEL FOR DEFENDANT
CON-WAY TRANSPORTATION SERVICES,
INC. d/b/a CON-WAY SOUTHERN EXPRESS,
AND KYOTTO DERON KEENAN, SUBJECT
TO HIS SPECIAL APPEARANCE AND
WITHOUT WAIVING HIS OBJECTION TO
PERSONAL JURISDICTION**

## CERTIFICATE OF SERVICE

On the 6th day of June, 2002, a true and correct copy of the foregoing document has been forwarded via certified mail, return receipt requested, to:

Dick James
The Dick James Law Firm
611 North Main Street
Greenville, SC 29601

B. Allen Clardy, Jr.
William A. Jordan
667 N. Academy St.
Greenville, SC 29601

D. Craig Olivier
Oliver & Mundy, L.L.P.
1414 W. Clay
Houston, TX 77019
Houston, TX 77019

Larry W. Lawrence, Jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, TX 78503

Richard P. Verlasky
Birger Greg Bacino
3033 Fifth Avenue, Suite 301
San Diego, CA 92103

Joseph A. Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, TX 78522

Edward Valdespino /perm w/perm
Edward F. Valdespino
Cyrus F. Rea II

Namthai.wpd

# EXHIBIT "A"

## AFFIDAVIT OF DENNIS GARY LOVELL, JR.

Appeared before the undersigned officer duly authorized to administer oaths, Dennis Gary Lovell, Jr., who after being sworn testified as follows:

1.

I am Dennis Gary Lovell, am over the age of 18, and make this affidavit based upon my own personal knowledge.

2.

I am an attorney at law licensed to practice law in the states of Georgia, Florida, and South Carolina. I am not now, and never have been, licensed to practice law in any other State of the Union. I am in private practice with the law firm of Carlock, Copeland, Semler and Stair, LLP in Atlanta Georgia.

3.

Following an accident which occurred on September 30, 2000 on Interstate 85 near Anderson South Carolina, I was retained to represent ConWay Southern Express and Deron Keenan in any civil matters arising from that accident within my geographic areas of practice.

4.

After an unsuccessful mediation in 2000, attorneys William Jordan and Alan Clardy of South Carolina requested that I agree to acknowledge service of process on behalf of ConWay Southern Express in a lawsuit they were considering filing in South Carolina. After consulting with the appropriate persons, I advised Mr. Clardy and Mr. Jordan by letter on or about June 18, 2001 that I would be unable to acknowledge service on behalf of Con Way Southern Express.

5.

After resolution of the claim of Sevoy Jeter, a client of attorney William Jordan and Alan Clardy, in February 2002, I advised Mr. Jordan that I had been given permission to acknowledge service of process on behalf of Deron Keenan and ConWay Southern Express. I was unaware of any lawsuits having been filed at that time. It was my understanding and expectation that any suits filed by Mr. Clardy or Mr. Jordan on behalf of their clients and against my clients would be filed in the state of South Carolina, where the accident occurred, or the state of Georgia, where Mr. Keenan resided. I never had authority to acknowledge service of process for my clients in any suit filed in any jurisdiction other than Georgia or South Carolina. I

never represented to Mr. Clardy or Mr. Jordan that I had authority to acknowledge service of process for my clients in any other jurisdiction other than Georgia or South Carolina. I never agreed to acknowledge service of process for Mr. Keenan or ConWay Southern Express, Inc. in any lawsuit filed in the state of Texas.

This 6th day of June, 2002.

_____
Dennis Gary Lovell, Jr.