/3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 1 7 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased | § § § § | |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VANENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN | § § § § § § § § | |
| NORRISON FABER ZAPATA, Individually and As Next Friend of STEFANIA ZAPATA and SANTIAGO ZAPATA, Minor Children of Claudia Rodriguez-Marin, Deceased and As Personal Representative of the ESTATE OF CLAUDIA RODRIGUEZ-MARIN **PLAINTIFFS** | § § § § § § § § § § | CIVIL ACTION NO. B-02-083 **JURY DEMANDED, SUBJECT TO MOTION TO REMAND** |
| KIEU OANH LAM and THONG LAM, Individually and as Personal Representative of the Estate of SON T. LAM, Deceased, and BOUNMA THAMMA VONG, Individually and As Next Friend of DANNY NGUYEN and ALEX THAMMA VONG, Minor Children of VAHN THAMMA VONG, Deceased and As Personal Representative of the ESTATE OF VAHN THAMMA VONG and NOY KHOUNSAVANH, Individually and As Next Friend of MALDINI KHOUNSAVANH, Minor Children of GERMANIE THAI, Deceased, **INTERVENORS** | § § § § § § § § § § § § § § § § § § | |
| **VS.** | § § | |
| ESTATE OF MAURICIO PONCE GUTIERREZ CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS, and KYOTO DERON KEENAN | § § § § | **PLAINTIFFS' RESPONSE TO MOTION TO TRANSFER VENUE** |

## PLAINTIFFS' RESPONSE TO MOTION
## TO TRANSFER VENUE, OR TO DISMISS,
## SUBJECT TO MOTION TO REMAND

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COME NOW **all PLAINTIFFS,** Nam Thai, as next friend of Loan Thai, Luz Gloria Mahecha De Berreto, as next friend of Camilla Maria Vanentino Medellin, and as personal representative of the Estate of David Luis Felipe Medellin, and Norrison Faber Zapata, Individually and as next friend of Stefania Zapata and Santiago Zapata, and as Representative of the Estate of Claudia Robriquea-Marin, joined by **all INTERVENORS** Kieu Oahn Lam and Thong Lam, individually and as Personal Representative of the Estate of Son T. Lam, Deceased, and Bounma Thammavong, Individually and as Next Friend of Danny Nguyen and Alex Thammavong, Minor Children of Vahn Thammavong, Deceased and as personal representative of the Estate of Van Thammavong, and Noy Khounsavnh, Individually and as Next Friend of Malkini Khounsavanh, minor Children of Germanie Thai, Deceased, and subject to their Motion to Remand, respond to the Motion to Transfer Venue, or alternative Motion to Dismiss, filed by Defendant Con-Way Transportation, Services Inc. d/b/a Con-Way Southern Express, as follows:

## I.
## THE SOUTH CAROLINA COURT HAS NO DIVERSITY JURISDICTION
## OVER THESE PARTIES

2

1.   Defendant Con-Way has moved to transfer to the United States District Court, District of South Carolina, Anderson Division, pursuant to 28 U.S.C. § 1404(a).  This statute provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division **where it might have been brought**" (emphasis added).   Importantly, this action could not have been brought in the United States District Court, District of South Carolina, Anderson Division (or any other division of said district) because there is no diversity jurisdiction in such Court.

2.   Defendant's Motion to Transfer stipulates that its truck driver, Defendant Keenan "resides in and is a citizen of the State of Georgia.[1]"   Defendant's Notice of Removal confirms that most of Plaintiffs and Intervenors are also residents of the State of Georgia.   Accordingly, there is not complete diversity; the United States District Court, District of South Carolina, is not a court where this action may be brought or may have been brought. Con-Way's request to transfer to a Court without diversity jurisdiction is erroneous and should be denied.  See Hoffman

---

[1]It also stipulates that "all Defendants would be subject to specific jurisdiction in South Carolina and service could be made on all Defendants by virtue of South Carolina's vehicular long-arm statute."  Thus there is no contention that the truck driver's Georgia residency can be disregarded by the South Carolina Court on fraudulent joinder grounds.

v. Blaski, 363 U.S. 335 (1960); Shutte v. Armco Steel Corporation, 431 F.2d 22 (3rd Cir. 1970), cert. denied, 401 U.S. 910 (1971); Illinois Union Insurance Co. v. TRI Core, Inc., 191 F.Supp.2d 794 (N.D. Tex. 2002)(all holding that under plain meaning of 28 U.S.C. § 1404(a), it is erroneous to transfer to a court that does not clearly have jurisdiction over all the parties).

    3.    Were this Court to transfer, upon Motion to Remand, the South Carolina District Court would have to remand the case back to Cameron County Texas state district court, not to a court in South Carolina.

> " 'Remand' means 'send back.'  It does not mean 'send elsewhere.'  Thus, even if after removal, the action has been transferred to a different federal district, it can be remanded only to the state court in which it was originally filed. . . not to a state court in the transferee federal district."

D. HITTNER, Federal Civil Procedure Before Trial, (2000) § 2:1108 at 2D-214.    Thus, arguendo, it makes no difference whether venue is improper in the state court from which the action was removed.  Remand to the original state court is still required.  Id.

    4.    Respondents do not agree that venue is improper in Cameron County state district court.  First, Cameron County is the county of residence of decedent Gutierrez.  The widow judicially admitted such in Requests for Admissions filed in the state court action.  Second, Respondents have specifically

4

refuted the allegations that decedent was a resident of Florida. See Plaintiffs' Motion to Remand.  See also Defendant Gutierrez' Motion to Remand, citing Answers to Requests for Admission. Under Texas law, in a situation as is present here, the widow is the legal representative of decedent's estate, see Plaintiffs' Motion to Remand and authorities cited therein.  Under federal diversity law, the widow as legal representative is deemed to be a citizen of the same state (ie. Texas) as decedent. Accordingly, venue is proper in the county of residence of decedent.

Third, the state district court considered a Motion to Transfer Venue and according to the docket sheet, (see Con-Way's Notice of Removal, attachments), denied the motion on or about February 7, 2002.  Defendant Con-Way seems bent on improperly collaterally attacking this venue ruling of the Cameron County District Court.  The irony here is that Con-Way improvidently and untimely removed this action to federal court and now asks this Honorable Court to transfer the case to an unequivocally improper venue.

5.   The Motion to Transfer Venue should be in all things denied.

## II.
## PLAINTIFFS HAVE BEEN DENIED LEGITIMATE DISCOVERY RELATING TO FORUM NON CONVENIENS

6.    Con-Way asserts that "this case has no legitimate connection with the State of Texas." This is incorrect. The Gutierrez decedent, and now his representative, was and is a Texas defendant. Furthermore, Con-Way Southern Express claims to be headquartered in Texas. It has multiple holdings in Texas including principal company officials. Plaintiffs have not been permitted any discovery concerning Con-Way's corporate hierarchy in Texas, the presence of potential material witnesses in Texas, the company's policies and procedures formulated and administered in Texas implicated in the hiring and training of the grossly negligent truck driver, who filled out daily log sheets reporting to Fort Worth, Texas. Plaintiffs have fair information and belief of a substantial Texas connection to Defendant Con-Way. Fair and proper discovery should be permitted.

7.    For these reasons, as a matter of hierarchy, the Motion to Remand involving subject matter jurisdiction should be granted and the Motion to Dismiss should be denied. Plaintiffs/Intervenors should be entitled to develop the record on the issues described in paragraph 5. This will likely involve time and expense. On the other hand, having clearly

6

improvidently removed this action, it is appropriate for this Honorable Court to take up the Motion to Remand first.  Such Motion is straightforward and does not involve an arduous inquiry.

> "Most essentially, federal and state courts are complementary systems for administering justice in our Nation. Cooperation and comity, not competition and conflict, are essential to the federal design. A State's dignitary interest bears consideration when a district court exercises discretion in a case of this order. If personal jurisdiction raises "difficult questions of [state] law," and subject-matter jurisdiction is resolved "as eas[ily]" as personal jurisdiction, a district court will ordinarily conclude that "federalism concerns tip the scales in favor of initially ruling on the motion to remand. *Allen v. Ferguson, 791 F.2d 611, 616 (C.A.7 1986)*."

Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 586 (1999).

> "In accord with Judge Higginbotham, we recognize that in most instances subject-matter jurisdiction will involve no arduous inquiry. See 145 F.3d, at 229 ("engag[ing]" subject-matter jurisdiction "at the outset of a case ... [is] often ... the most efficient way of going"). In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first. See *Cantor Fitzgerald, L.P. v. Peaslee, 88 F.3d 152, 155 (C.A.2 1996)* (a court disposing of a case on personal jurisdiction grounds "should be convinced that the challenge to the court's subject-matter jurisdiction is not easily resolved").

Id. at 587-88.

### CONCLUSION AND PRAYER

8.  Defendant's Motion to Transfer is fraught with error. Defendant's Motion to Dismiss is premature and should be denied. Plaintiffs' Motion to Remand should be granted.  Alternatively,

Defendant's Motion to Dismiss should be deferred, or carried pending full and fair discovery.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Joseph A. (Tony) Rodriguez
Federal I.D. No. 10107
Texas State Bar No. 17146600
Post Office Box 2155
Brownsville, Texas  78522
Telephone:  956-542-7441
Facsimile:  956-541-2170

## CERTIFICATE OF CONFERENCE

I certify that a conference with opposing counsel has been attempted, and that court intervention is required.

_____
Joseph A. (Tony) Rodriguez

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to counsel of record in compliance with the federal rules on this 17th day of June, 2002.

_____
Joseph A. (Tony) Rodriguez

8