*14*

IN THE UNITED STATED DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**JUN 2 6 2002**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased<br>Plaintiffs | § § § § § | |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VALENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN<br>Plaintiffs | § § § § § § § § | |
| NORRISON FABER ZAPATA, Individually and As Next Friend of STEFANIA ZAPATA and SANTIAGO ZAPATA, Minor Children of Claudia Rodriguez-Marin, Deceased and As Personal Representative of the ESTATE OF CLAUDIA RODRIGUEZ-MARIN<br>Plaintiffs | § § § § § § § § § | CIVIL ACTION<br><br>NO. B - 02 - 083 |
| KIEU OANH LAM and THONG LAM, Individually and as Personal Representative of the Estate of SON T. LAM, Deceased, and BOUNMA THAMMAVONG, Individually and as Next Friend of DANNY NGUYEN and ALEX THAMMAVONG, Minor Children of VAHN THAMMAVONG, Deceased and As Personal Representative of the ESTATE OF VAN THAMMAVONG and NOY KHOUNSAVNH, Individually and as Next Friend of MALDINI KHOUNSAVANH, Minor Children of GERMANIE THAI, Deceased<br>Intervenors | § § § § § § § § § § § § § § § § § § | |
| V. | § § | |
| ESTATE OF MAURICIO PONCE GUTIERREZ, CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS, and KYOTTO DERON KEENAN<br>Defendants | § § § § § § § | |

**DEFENDANT CON-WAY TRANSPORTATION SERVICES, INC.'S,
REPLY TO PLAINTIFFS' RESPONSE TO
MOTION TO TRANSFER VENUE OR DISMISS**

COMES NOW, Con-Way Transportation Services, Inc. ("CON-WAY"), and does file this its Reply

to Plaintiffs' Motion to Transfer Venue or Dismiss and would respectfully state as follows:

## I.    PLAINTIFFS' RESPONSE HAS BEEN FILED OUTSIDE THE DEADLINES SET FORTH IN THE LOCAL RULES

CON-WAY filed its MOTION TO TRANSFER VENUE on April 24, 2002. Pursuant to Local Rule

7.3, the submission date for said Motion was May 14, 2002. Failure to Respond by that date is taken

as a representation of no opposition. Local Rule 7.4.

Plaintiffs filed their RESPONSE on June 17, 2002. Plaintiffs are 34 days past the deadline.

CON-WAY requests the Court strike the RESPONSE as it has not been filed in a timely manner.

## II.    PLAINTIFFS FAIL TO ADDRESS THE CRITERIA TO BE WEIGHED BY THE COURT

CON-WAY'S MOTION sets forth the factors the Court might take into consideration in ruling

upon a MOTION TO TRANSFER VENUE. The only factor Plaintiffs touch upon is the citizenship of the

decedent, MAURICIO PONCE GUTIERREZ. *See* RESPONSE, pp. 4-5. CON-WAY can only assume

the rest of the factors set forth in CON-WAY'S MOTION are unopposed and undisputed by the

Plaintiffs. Oddly, this one factor they address is the least supportive of their position. Even assuming

MAURICIO PONCE GUTIERREZ was a resident of Texas, he will in no way be inconvenienced

by the transfer to a more appropriate forum; afterall, Mr. Gutierrez is dead.    The purported

representative of the ESTATE, on the other hand, has already appeared in the State Court seeking

to transfer venue to a more convenient forum.

CON-WAY'S MOTION also sets forth in great detail why the current forum is not only

inconvenient but improper. CON-WAY'S Motion addresses the State Law standards for a dismissal

2

on the grounds of forum non conveniens; factors which also merit dismissal of this case pursuant to Federal Rules of Civil Procedure, Rule 12(b)(3). Plaintiffs have failed to address any of these factors. CON-WAY is left to conclude the Plaintiffs do not oppose the arguments made by CON-WAY.

## III.    THE SOUTH CAROLINA FEDERAL COURT HAS JURISDICTION

On pages 3-4 of Plaintiffs' Response, Plaintiffs argue the Federal District Court in  South Carolina lacks diversity jurisdiction. This argument, lifted from their MOTION TO REMAND currently pending before this Court, has no relevance to the MOTION TO TRANSFER VENUE. In any case, CON-WAY has argued  diversity jurisdiction exists in its NOTICE OF REMOVAL and RESPONSE TO PLAINTIFFS'/INTERVENOR'S MOTION TO REMAND.

Plaintiffs also argue that if the case is remanded, it will be remanded back to Cameron County and not to a South Carolina Court.   Once again, this argument presupposes that the Plaintiffs'/Intervenors' MOTION TO REMAND will be granted. This argument has no relevance to the factors the Court must take into consideration in ruling upon CON-WAY'S MOTION TO TRANSFER VENUE.

## IV.    PLAINTIFFS' REMARKS REGARDING A "COLLATERAL ATTACK" ON THE STATE COURT VENUE RULING ARE MERITLESS

In their RESPONSE, Plaintiffs mention that the State Court from which this action was removed considered a MOTION TO TRANSFER VENUE filed by the ESTATE OF MAURICIO PONCE GUTIERREZ on November 3, 2001. This Motion was denied on February 28, 2002. That Plaintiffs would bring up this fact merely corroborates the collusive relationship between Defendant, ESTATE OF MAURICIO PONCE GUTIERREZ and the Plaintiffs/Intervenors.

As set out more fully in CON-WAY'S RESPONSE TO PLAINTIFFS/INTERVENORS MOTION TO REMAND, CON-WAY contends the ESTATE OF MAURICIO PONCE GUTIERREZ has been

3

fraudulently joined and has been named as a defendant in a bad-faith effort to avoid federal jurisdiction and to improperly situate this lawsuit in a favorable forum. The procedural shenanigans at work are patently obvious. First, there is no such thing as the "ESTATE OF MAURICIO PONCE GUTIERREZ." As set forth in CON-WAY'S RESPONSE TO PLAINTIFFS/INTERVENOR'S MOTION TO REMAND, Plaintiffs have ignored the applicable probate statutes and procedures  in their rush to manufacture venue. Second, for absolutely no reason, Plaintiffs/Intervenors served the purported ESTATE OF MAURICIO PONCE GUTIERREZ and then waited until the removal deadline had passed before serving CON-WAY – an easy to find subsidiary of a publicly traded company. Third, while Plaintiffs/Intervenors waited for the deadlines to expire, they insured that the purported estate of MAURICIO PONCE GUTIERREZ filed a MOTION TO TRANSFER VENUE in State Court. This Motion is attached hereto as Exhibit "A". As the Court will note, virtually no effort was put forward by counsel for the ESTATE in briefing this MOTION; indeed the MOTION discussed none of the many factors warranting transfer. In fact, the substance of the Motion consists of only one sentence. But, after all, the idea was not to prevail, but to have the MOTION TO TRANSFER VENUE heard and denied, prior to CON-WAY's entry into the suit. Then, when CON-WAY moved the Court to transfer venue, the Plaintiffs/Intervenors could pounce and claim the issue had already been decided.

To be blunt, the attorneys for Plaintiffs/Intervenors and for the ESTATE OF MAURICIO PONCE GUTIERREZ are engaged in blatant forum shopping and making a mockery of the Rules of Civil Procedure in the process.

4

## V.   CON-WAY'S MOTION TO TRANSFER VENUE SHOULD BE DECIDED BEFORE PLAINTIFFS'/INTERVENORS' MOTION TO REMAND

CON-WAY filed its MOTION TO TRANSFER VENUE OR TO DISMISS on April 24, 2002. As mentioned above, the Plaintiffs/Intervenors failed to file any response within the twenty (20) day submission period. Instead, they filed a MOTION TO REMAND on May 17, 2002. The Plaintiffs now argue the Court should rule on their MOTION TO REMAND before CON-WAY'S MOTION TO TRANSFER VENUE. They have cited no case setting forth any rule regarding the hierarchy of ruling on the Motions. Common-sense, however, dictates that the obvious motion to rule upon first is the MOTION TO TRANSFER VENUE.

Despite Plaintiffs contentions, there is no "arduous inquiry" involved with the MOTION TO TRANSFER VENUE. The undisputed facts set forth in CON-WAY'S MOTION TO TRANSFER VENUE are quite simple and clear: the collision that forms the basis of this suit occurred in South Carolina, none of the Plaintiffs or Intervenors are from Texas, Defendant KYOTTO DERON KEENAN is not from Texas, and CON-WAY, as a matter of law, is not a Texas citizen.

On the other hand, there may indeed be an "arduous inquiry" relating to removal as there have been allegations of fraudulent joinder. In addition, the MOTION TO REMOVE involves thorny legal issues entirely absent from the MOTION TO TRANSFER VENUE currently before the Court.

Without question, a Federal District Judge will have to work through the issues relating to the MOTION TO REMAND. It is appropriate that the correct Federal District Judge do so. Regardless of where Plaintiffs/Intervenors filed suit, it is abundantly clear that this case belongs in South Carolina. Whether or not it belongs in a Federal Court in South Carolina or a State Court in South Carolina should be the decision of a South Carolina Federal District Court Judge.

5

## VI. CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant, CON-WAY TRANSPORTATION

SERVICES, INC. respectfully requests that this Court grant its MOTION TO TRANSFER VENUE OR

DISMISS, strike the Plaintiffs' late-filed Response to said MOTION, and grant any and other further

relief the Court deems appropriate under these circumstances.

Respectfully submitted,

EDWARD F. VALDESPINO
State Bar No. 20424700
Southern District No. 14656
CYRUS F. REA
State Bar No. 00797291
Southern District No. 28567
STRASBURGER & PRICE, L.L.P.
300 Convent St., Suite 900
San Antonio, TX 78205
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

MARK S. SCUDDER
State Bar No. 17936300
STRASBURGER & PRICE, L.L.P.
901 Main St., Suite 4300
Dallas, TX 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330

**COUNSEL FOR DEFENDANT CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS, AND KYOTTO DERON KEENAN, SUBJECT TO HIS SPECIAL APPEARANCE AND WITHOUT WAIVING HIS OBJECTION TO PERSONAL JURISDICTION**

## CERTIFICATE OF SERVICE

On the 25 day of June, 2002, a true and correct copy of the foregoing document has been forwarded via certified mail, return receipt requested, to:

Dick James
The Dick James Law Firm
611 North Main Street
Greenville, SC 29601

Larry W. Lawrence, Jr.
Lawrence Law Firm
One Park Place, Suite 680
McAllen, TX 78503

B. Allen Clardy, Jr.
William A. Jordan
667 N. Academy St.
Greenville, SC 29601

Richard P. Verlasky
Birger Greg Bacino
3033 Fifth Avenue, Suite 301
San Diego, CA 92103

D. Craig Olivier
Oliver & Mundy, L.L.P.
1414 W. Clay
Houston, TX 77019
Houston, TX 77019

Joseph A. Rodriguez
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, TX 78522

Edward K. Valdespino
Cyrus F. Rea II

242576.1

7



CAUSE NO. 2001-10-4457-A

| | | |
|---|---|---|
| NORRISON FABER ZAPATA, | § | IN THE DISTRICT COURT |
| Individually and as Next Friend to | § | |
| STEFANIE ZAPATE and SANTIAGO | § | |
| ZAPATA, Minor Children of Claudia | § | |
| Rodriguez-Marin, Deceased and as | § | |
| Personal Representative of the Estate of | § | |
| CLAUDIA RODRIGUEZ-MARIN | § | |
|   Plaintiffs | § | 107th  JUDICIAL DISTRICT |
| | § | |
| VS. | § | |
| | § | |
| ESTATE OF MAURICIO PONCE | § | |
| GUTIERREZ ET AL | § | |
|   Defendants | § | CAMERON COUNTY, TEXAS |

DEFENDANT'S MOTION TO TRANSFER VENUE AND ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JUAN MARIA AGUILAR PEREZ IN HER CAPACITY AS THE

REPRESENTATIVE OF THE ESTATE OF MAURICIO PONCE GUTIERREZ, and filed this Motion

to Transfer Venue, and contemporaneous with same, files an Original Answer to Plaintiffs' Original Petition,

and for cause would show the following:

I. GENERAL DENIAL

Subject to the Motion to Transfer Venue contained herein, Defendant, in her capacity as the personal

representative of the Estate of Mauricio Ponce Aguilar, denies each and every, all and singular, the

allegations contained within Plaintiffs' Original Petition and demands strict proof of same.

III. MOTION TO TRANSFER VENUE

Pursuant to C.P.R.C. Section 15.002(b), Defendant hereby request a transfer of venue on the basis

that Cameron County is not a convenient forum.   The representative of the Estate of Mauricio Ponce

Aguilar, Juan Maria Aguilar Perez, currently a resides and works in the State of Florida. It would place an

undue hardship for her to travel to Brownsville, Texas to attend depositions and trial.

WHEREFORE, PREMISES CONSIDERED, Defendants asks this court to set a hearing on the

C:\Activefiles\PonceMauricio\Pleadings\Answer107-2.wpd                                                        1

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing document has been forwarded to the following on this ___3rd___ Day of _November_ 2001:

**ATTORNEY FOR PLAINTIFFS**

Tony Rodriguez                          *Via Fax (956) 971-9451*
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren
Brownsville, Texas 78504.


_____
LARRY W. LAWRENCE, JR.

Motion to Transfer Venue at the earliest time, and that upon such hearing, transfer this case to a county of greater convenience. Subject to the Motion to Transfer Venue, Defendant request that the Plaintiffs take nothing by their suit, and the court grant such other relief to which this Defendant may be justly entitled.

Respectfully submitted,

LAWRENCE LAW FIRM
A Professional Corporation
One Park Place, Suite 680
McAllen, Texas 78503
(956) 994-0057
(956) 994-0741 FAX

By:_____
LARRY W. LAWRENCE, JR.
State Bar No. 00794195


ATTORNEY FOR DEFENDANT PONCE