15

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 1 1 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| NAM THAI, As Next Friend of §<br>LOAN THAI, Minor Child of §<br>Germanie Thai, Deceased §<br>§<br>LUZ GLORIA MAHECHA DE BERRETO, §<br>As Next Friend of CAMILLA MARIA §<br>VANENTINO MEDELLIN, Minor Child §<br>of David Luis Felipe Medellin, §<br>Deceased, and As Personal §<br>Representative of the ESTATE OF §<br>DAVID LUIS FELIPE MEDELLIN §<br>§<br>NORRISON FABER ZAPATA, §<br>Individually §<br>and As Next Friend of STEFANIA §<br>ZAPATA and SANTIAGO ZAPATA, Minor §<br>Children of Claudia Rodriguez- §<br>Marin, Deceased and As Personal §<br>Representative of the ESTATE OF §<br>CLAUDIA RODRIGUEZ-MARIN §<br>**PLAINTIFFS** §<br>§<br>KIEU OANH LAM and THONG LAM, §<br>Individually and as Personal §<br>Representative of the Estate of §<br>SON T. LAM, Deceased, and BOUNMA §<br>THAMMA VONG, Individually and As §<br>Next Friend of DANNY NGUYEN and §<br>ALEX THAMMA VONG, Minor Children §<br>of VAHN THAMMA VONG, Deceased and §<br>As Personal Representative of the §<br>ESTATE OF VAHN THAMMA VONG and NOY §<br>KHOUNSAVANH, Individually and As §<br>Next Friend of MALDINI KHOUNSAVANH, §<br>Minor Children of GERMANIE THAI, §<br>Deceased, **INTERVENORS** §<br>§<br>**VS.** §<br>§<br>ESTATE OF MAURICIO PONCE GUTIERREZ §<br>CON-WAY TRANSPORTATION SERVICES, §<br>INC. d/b/a CON-WAY SOUTHERN §<br>EXPRESS, and KYOTO DERON KEENAN §| CIVIL ACTION<br><br>NO. B-02-083<br>**JURY DEMANDED,<br>SUBJECT TO MOTION<br>TO REMAND**<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**PLAINTIFF/INTERVENORS'<br>REBUTTAL TO MOTION<br>TO TRANSFER VENUE** |

### PLAINTIFF/INTERVENORS' REBUTTAL TO DEFENDANTS' REPLY, MOTION TO TRANSFER VENUE OR TO DISMISS, SUBJECT TO MOTION TO REMAND

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

COME NOW **all PLAINTIFFS**, Nam Thai, as next friend of Loan Thai, Luz Gloria Mahecha De Berreto, as next friend of Camilla Maria Vanentino Medellin, and as personal representative of the Estate of David Luis Felipe Medellin, and Norrison Faber Zapata, Individually and as next friend of Stefania Zapata and Santiago Zapata, and as Representative of the Estate of Claudia Robriquea-Marin, joined by **all INTERVENORS** Kieu Oahn Lam and Thong Lam, individually and as Personal Representative of the Estate of Son T. Lam, Deceased, and Bounma Thammavong, Individually and as Next Friend of Danny Nguyen and Alex Thammavong, Minor Children of Vahn Thammavong, Deceased and as personal representative of the Estate of Van Thammavong, and Noy Khounsavnh, Individually and as Next Friend of Malkini Khounsavanh, minor Children of Germanie Thai, Deceased, [collectively referred to as "Plaintiffs"], and subject to their Motion to Remand, respond by way of rebuttal to Defendants' Reply, to Plaintiffs' Response, to the Motion to Transfer Venue, or alternative Motion to Dismiss, filed by Defendant Con-Way Transportation, Services Inc. d/b/a Con-Way Southern Express, as follows:

1.   Heretofore, on or about May 15, 2002, Plaintiffs timely filed a Motion to Extend Time for Filing Response to the Venue Motion.  See Rule 6(b), Fed.R.Civ.P.   The requested extension until August 6, 2002, was consistent with the Court's Order Setting Conference for August 26, 2002, and provided Defendants' ample time to reply.   There is good cause for granting such a request since, 1) after time enlargement permitted under the Rules, it was made on the before the expiration of twenty days from the date the Motion to Transfer was filed, and was made well within the thirty day requirement for filing Plaintiffs' Motion to Remand; 2) it was made so that jurisdictional issues pertinent to the Remand Motion could take their logical precedence; 3) it was made in a manner consistent with the Court's Order Setting Conference, and with an orderly administration of the cause.

After requesting such extension, Plaintiffs went ahead, out of an abundance of caution, and filed their Response to the Venue Motion, showing how transferring the cause to the United States District Court, District of South Carolina, Anderson Division, is plain error.   On the face of Defendants' own pleadings, it is obvious that they have judicially admitted that the transferee Court does not have diversity jurisdiction since there is incomplete diversity.

2. **Defendants completely ignore the threshold matter**: it is error to transfer this cause to a court that lacks diversity jurisdiction. Defendants do not substantively respond other than to say "CON-WAY has argued diversity jurisdiction exists in its NOTICE OF REMOVAL..." Yet, Defendants' "argument" stipulates that Defendant's driver is a Georgia resident as are multiple plaintiffs. These fatal jurisdictional facts are conceded by Defendants. There is incomplete diversity and the South Carolina court is not a court where this matter may have been brought. Defendants do not address this issue whatsoever.

3. Defendants misunderstand the remand issue raised in the Venue Motion context. Initially, this Court should decline Defendants' invitation to commit clear error by transferring the cause to a court that lacks diversity jurisdiction. However, should the cause be erroneously transferred to a court lacking diversity jurisdiction, at that point, Plaintiffs would move to remand, since there would be no diversity jurisdiction. In such a scenario, after a transfer of venue, the treatise previously cited requires the remanding court to send the case back to the original state district court. D. HITTNER, <u>Federal Civil Procedure Before Trial</u>, (2000) § 2:1108 at 2D-214. Defendants do not contest this procedural inevitability should the cause be wrongfully transferred to South Carolina. Instead,

4

all Defendants do is confuse the issue by referring to Plaintiffs' pending substantive Motion to Remand on account of improvident and improper removal in the first instance.

4.   The fact that venue is and was proper in Cameron County state district court, stands in stark contrast to the frazzled allegations of forum shopping. Decedent was a Cameron County resident. His widow answered the suit as legal representative, which is permitted under Texas law. Under federal law, she is deemed to be a resident of the same state as decedent. None of this analysis is responded to by Defendants. Likewise, Con-Way Southern Express represents that it is headquartered in Texas. It has multiple holdings in Texas including principal company officials. Plaintiffs have not been permitted any discovery concerning Con-Way's corporate hierarchy in Texas, the presence of potential material witnesses in Texas, the company's policies and procedures formulated and administered in Texas implicated in the hiring and training of the grossly negligent truck driver, who filled out daily log sheets reporting to Fort Worth, Texas. Plaintiffs have fair information and belief of a substantial Texas connection to Defendant Con-Way. Fair and proper discovery should be permitted.

5

**CONCLUSION AND PRAYER**

5. The Motion to Transfer Venue to the specified Federal District Court in South Carolina is fraught with error, and should be denied. Defendants' Motion to Dismiss is premature and should be denied. Plaintiffs' Motion to Remand involving subject matter jurisdiction should be granted. Since this cause was clearly improvidently removed, it is appropriate for this Honorable Court to remand without further delay.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Joseph A. (Tony) Rodriguez
Texas State Bar No. 17146600
S.D. Texas Bar No. 10107
Post Office Box 2155
Brownsville, Texas 78522
Telephone: 956-542-7441
Facsimile: 956-541-2170

**CERTIFICATE OF CONFERENCE**

I certify that a conference with opposing counsel has been attempted, and that court intervention is required.

_____
Joseph A. (Tony) Rodriguez

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to counsel of record in compliance with the federal rules on this 11th day of July, 2002.

_____
Joseph A. (Tony) Rodriguez