IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 1 2 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| NAM THAI, As Next Friend of LOAN THAI, Minor Child of Germanie Thai, Deceased | § § § § | |
| LUZ GLORIA MAHECHA DE BERRETO, As Next Friend of CAMILLA MARIA VANENTINO MEDELLIN, Minor Child of David Luis Felipe Medellin, Deceased, and As Personal Representative of the ESTATE OF DAVID LUIS FELIPE MEDELLIN | § § § § § § § § § | |
| NORRISON FABER ZAPATA, Individually and As Next Friend of STEFANIA ZAPATA and SANTIAGO ZAPATA, Minor Children of Claudia Rodriguez-Marin, Deceased and As Personal Representative of the ESTATE OF CLAUDIA RODRIGUEZ-MARIN **PLAINTIFFS** | § § § § § § § § § § § | CIVIL ACTION  NO. B-02-083 **JURY DEMANDED SUBJECT TO REMAND MOTION** |
| KIEU OANH LAM and THONG LAM, Individually and as Personal Representative of the Estate of SON T. LAM, Deceased, and BOUNMA THAMMA VONG, Individually and As Next Friend of DANNY NGUYEN and ALEX THAMMA VONG, Minor Children of VAHN THAMMA VONG, Deceased and As Personal Representative of the ESTATE OF VAHN THAMMA VONG and NOY KHOUNSAVANH, Individually and As Next Friend of MALDINI KHOUNSAVANH, Minor Children of GERMANIE THAI, Deceased, **INTERVENORS** | § § § § § § § § § § § § § § § § § | |
| VS. | § | |
| ESTATE OF MAURICIO PONCE GUTIERREZ CON-WAY TRANSPORTATION SERVICES, INC. d/b/a CON-WAY SOUTHERN EXPRESS, and KYOTO DERON KEENAN | § § § § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

1.  State where and when the meeting of the parties required by Rule 26 (f) was held, and identify the counsel who attended for each party.

    **A telephonic meeting was held on August 8, 2002 by teleconference.**

    **Appearing for Plaintiffs was Joseph A. ("Tony") Rodriguez, Craig Olivier, Dennis Mundy, B. Allen Clardy, Jr., and Dick James.**

    **Appearing for Defendant, Estate of Mauricio Ponce Gutierrez was Larry Lawrence.**

    **Appearing for Con-Way Transportation Services, Inc. d/b/a Con-Way Southern Express and Kyoto Deron Keenan was Edward F. Valdespino.**

2.  List the cases related to this one that are pending in any state or federal court, with the case number and court.

    **The Removed Cause No. 2001-10-4445-A**

    **Nam Thai a/n/f Loan Thai, et al**
    **Vs.**
    **Con-Way Transportation Services, Inc et al**

    **107th Judicial District Court**
    **Cameron County, Texas**

3.  Specify the allegation of federal jurisdiction.

    **Defendant Con-Way Transportation Services, Inc. d/b/a Con-Way Southern Express, and Kyoto Deron Keenan alleges that the Federal Court has jurisdiction because of diversity purposes. Defendants allege fraudulent joinder.**

4.  Name the parties who disagree and the reasons.

    **Plaintiffs/Intervenors disagree because they have a viable cause of action against the Estate of Mauricio Ponce Gutierrez. Plaintiffs/Intervenors further disagree on the grounds that the Removal was improvident. See Motion to Remand.**

    **Defendant, Estate of Maurcio Ponce Gutierrez disagrees and advises that it did not consent to the Removal.**

5.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

    **None known at this time.**

6. List anticipated interventions.

   **The Plaintiffs anticipate interventions by additional statutory beneficiaries.**

7. Describe class-action issues.

   **None.**

8. State whether each party represents that it has made the initial disclosures required to be made by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   **Disclosures have not been exchanged between the parties, but anticipate that such exchange can be made within thirty (30) days after the Court's jurisdictional determination.**

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f):

   **Disclosures have not been exchanged between the parties, but anticipate that such exchange can be made within thirty (30) days after the Court's jurisdictional determination**

   B. When and to whom the plaintiff anticipates it may send Interrogatories.

   **Plaintiffs anticipate sending Interrogatories to Defendants within thirty (30) days after the Court's jurisdictional determination.**

   C. When and to whom the defendant anticipates it may send Interrogatories.

   **Defendants anticipate sending Interrogatories to Plaintiffs within thirty (30) days after the Court's jurisdictional determination..**

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

   **Plaintiffs anticipate taking the oral depositions of the officers that investigated the accident, the people that Defendants list as people with knowledge of relevant facts and any experts that are designated by Defendants.**
   **If necessary, Plaintiffs anticipate taking the deposition of representatives of Con-Way to establish the corporate hierarchy and the company's sufficient contacts with Texas. See also Number 9G.**

   E. Of whom and by when the defendant anticipates taking oral depositions.

   **Defendants anticipate taking the depositions of the Plaintiffs, people with knowledge of relevant facts and any experts designated by Plaintiffs.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**Plaintiffs propose that Plaintiffs designate experts and provide expert reports required by Rule 26(a)(2)(B) ninety(90) days before trial with Defendants to designate their experts and provide reports sixty (60) days before trial.**

**Defendant Con-Way Transportation Services proposes that Plaintiffs designate experts and provide expert reports one-hundred and twenty (120) days before trial and that Defendants designate and provide reports sixty (60) days before trial.**

**The Estate of Mauricio Ponce Gutierrez agrees with the proposal made by Plaintiffs**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Plaintiffs propose that all discovery be completed thirty (30) days before trial.**
**Plaintiffs/Intervenors will depose the experts designated by Defendants, those persons referred to in 9D, as well possible damage experts pertaining to individual claimants.**

H. List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendants propose that all discovery be completed thirty (30) days before trial.**
**Defendants will depose the experts designated by Plaintiffs, those persons referred to in 9E, as well as selected experts designated by Defendants and possible rebuttal witnesses and experts, if necessary.**

10. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**The only disagreement regarding the discovery is that the Con-Way Defendants propose that there be a sixty (60) day difference in designating experts and providing reports, and the Plaintiffs and Counsel for the Estate of Mauricio Ponce Gutierrez propose that the Defendants designations be thirty (30) days after Plaintiffs designations.**

11. Specify the discovery beyond initial disclosures that has been undertaken to date.

**None.**

12. State the date the planned discovery can reasonably be completed.

    **Planned discovery can be reasonably completed thirty (30) days prior to trial.**

13. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    **The Plaintiffs and the Con-Way Defendants participated in mediation prior to the case being filed but such mediation was unsuccessful. The Plaintiffs have proposed another mediation and the parties are currently discussing the possibility of planning a second mediation. Counsel for the Estate of Mauricio Ponce Gutierrez agrees to participate in any non-binding type of settlement resolution.**

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

    **Counsel for Plaintiffs and counsel for the Estate of Mauricio Ponce Gutierrez have agreed to mediation and counsel for the Con-Way Defendants advises that there is a possibility of mediation between the next thirty (30) and sixty (60) days.**

15. From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    **All counsel have agreed mediation and/or non-binding settlement resolution techniques may be effective in this case.**

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    **Counsel for Plaintiffs do not oppose trial before a Magistrate. Counsel for The Estate of Mauricio Ponce Gutierrez does not oppose trial before a Magistrate.**
    **Counsel for Defendant Con-Way objects to a trial before a Magistrate.**

17. State whether a jury demand has been made and if it was made on time.

    **Yes.**

18. Specify the number of hours it will take to present the evidence in this case.

    **Between 80 and 100 court hours.**

5

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   **Plaintiffs' Motion to Remand;**

   **Plaintiffs' and Intervenor's Amended Motion for Extension of Time to Reply to Defendant Con-Way's Opposed Motion to Transfer Venue, or to Dismiss Subject to Motion to Remand;**

   **Defendant Con-Way Transportation Service, Inc.'s Opposed Motion for Extension of Time to Respond;**

   **Defendant, Con-Way Transportation Service, Inc.'s Opposed Motion to Transfer Venue or to Dismiss.**

20. List other motions pending.

   **None at this time.**

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

   **None at this time.**

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

   **Joseph A. (Tony) Rodriguez**
   **State Bar No. 17146600**
   **Federal Admissions No. 10107**
   **Rodriguez, Colvin & Chaney, L.L.P.**
   **P. O. Box 2155**
   **Brownsville, Texas 78522**
   **(956) 542-7441**
   **(956) 541-2170 Fax**

   **D. Craig Olivier**
   **Federal Admissions No. 5604**
   **Texas State Bar No. 15268300**
   **Dennis R. Mundy**
   **Texas State Bar No. 14665565**
   **Olivier & Mundy, L.L.P.**
   **1414 W. Clay**
   **Houston, Texas 77019**
   **(713) 751-1818**
   **(713) 751-1817 Fax**

Dick James
Federal Admissions No. 2076
South Carolina Bar No. 008535
B. Allen Clardy, Jr.
S. Carolina Bar No. 008853
Federal Admissions No. 6515
611 North Main Street
Greenville, SC  29601
(800) 988-9898
(864) 298-0057 Fax

William A. Jordan
Federal Admissions No. 2252
South Carolina Bar No. 003226
667 North Academy Street
P.O. Box 1687
Greenville, SC  29602
(864) 235-0147
(864) 467-9349 Fax

Richard P. Verlasky
California Bar No. 048811
3033 Fifth Avenue, Suite 301
San Diego, CA  92103
(800) 801-4878
(619) 299-0086  Fax
Attorneys for Plaintiffs


Larry W. Lawrence, Jr.
Texas State Bar No. 00794195
Lawrence Law Firm
One Park Place, Suite 680
McAllen, Texas  78503
(956) 994-0057
(956) 994-0741  Fax
Counsel for Estate of Mauricio Ponce Gutierrez

Edward F. Valdespino
Texas State Bar No. 20424700
Federal Admissions No. 1926
Strasburger & Price, L.L.P.
300 Convent Street, Suite 900
San Antonio, Texas  78205-3715
(210) 250-6000
(210) 250-6100  Fax
Counsel for Defendants Con-Way Transportation Services, Inc. and Kyotto Deron Keenan

**Ernesto Gamez, Jr.**
**Texas State Bar No. 07606600**
**Federal Admissions No. 8645**
**Law Offices of Ernesto Gamez, Jr., P.C.**
**777 East Harrison**
**Brownsville, Texas 78520**
**(956) 541-3820**
**(956) 541-7694 Fax**
**Attorney Ad Litem**

Respectfully submitted on this the _12th_ day of August, 2002.

_____
Joseph A. (Tony) Rodriguez
State Bar No. 17146600
Federal Admissions No. 10107
Rodriguez, Colvin & Chaney, L.L.P.
P. O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 Fax
Attorneys for Plaintiffs

_____  /permission
Larry W. Lawrence, Jr.
Texas State Bar No. 00794195
Lawrence Law Firm
One Park Place, Suite 680
McAllen, Texas 78503
(956) 994-0057
(956) 994-0741 Fax
Attorneys for the Estate of Mauricio Ponce Gutierrez

_____  /permission
Edward F. Valdespino
Texas State Bar No. 20424700
Federal Admissions No. 1926
Strasburger & Price, L.L.P.
300 Convent Street, Suite 900
San Antonio, Texas 78205-3715
(210) 250-6000
(210) 250-6100 Fax
Attorneys for Defendants Con-Way Transportation Services, Inc. and Kyotto Deron Keenan