United States District Court
Southern District of Texas
ENTERED

AUG 1 9 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NAM THAI, et al., § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | C.A. B-02-083 | |
| § | | |
| ESTATE OF MAURICIO PONCE, et al.,§ | | |
| Defendants. § | | |
| § | | |

## ORDER

BE IT REMEMBERED that on August 16, 2002, the Court considered Defendant Con-Way Transportation Service, Inc.'s Opposed Motion to Transfer Venue or to Dismiss [Dkt. No. 3]; Plaintiff's Motion to Remand [Dkt. No. 7]; Defendant Juan Maria Aguilar Perez's Motion to Remand [Dkt. No 9]; Responses and Replies. The case is hereby **REMANDED** to the 107th Judicial District Court, Cameron County, Texas.

This case arises out of a vehicle collision in Anderson, South Carolina which occurred on or about September 30, 2000, and resulted in several fatalities. Plaintiffs are individuals alleging injury resulting from the accident, Next Friends of minors, and representatives of estates of individuals who were killed allegedly as a result of the collision. Plaintiffs have brought claims against Kyotto Deron Keenan whom Plaintiffs allege was operating a vehicle in the scope of his employment with Con-Way; against Con-Way; and against the Estate of Mauricio Ponce Gutierrez, deceased ("Estate"), another driver allegedly involved. The case was removed from the 107th Judicial District Court, Cameron County, Texas on April 24, 2002 [Dkt. No. 1].

Plaintiffs' Motion to Remand

In their Motion to Remand, Plaintiffs first maintain that Defendant's removal was untimely. Service on the Estate was effected in October 2001, and the case was not removed to this Court until April 24, 2002. Because Defendants failed to remove within the statutory thirty days, Plaintiffs argue, remand is proper. 28 U.S.C. § 1446 (b).

Defendants maintain that removal was timely despite the fact that removal was not effected until several months after the Estate was served.

Removal

The Fifth Circuit has held that a newly added defendant may not remove a case to federal court after the thirty-day period absent evidence that the plaintiff was aware that the new defendant was a proper defendant within the thirty-day removal limit and delayed naming it as a defendant in bad-faith effort to prevent removal. Brown v. Demco, 792 F.2d 478, 482 (5th Cir. 1986); See 14C Wright et al., Federal Practice & Procedure § 3732 (discussing Demco). Defendants Con-Way and Keenan claim that "it is patently obvious that the Plaintiffs/Intervenors delayed serving Con-Way and Keenan for the express purpose of depriving them of the their right to remove." [Dkt No. 12 at 4]. Defendants Con-Way and Keenan argue that the "alleged participants" in the motor vehicle accident were Con-Way and Keenan, and that Defendant Estate is "a defendant lacking any significant assets." Con-Way and Keenan offer as further evidence of bad faith the Estate's Motions to transfer venue in the state court, and the fact that it now objects to removal.

Primary Service on "Incidental" Defendant as Evidence of Bad Faith

Defendants Con-Way and Keenan argue that the Plaintiffs' service on the Estate, whose interest they categorize as minimal, rather than on either of the other two Defendants, evidences Plaintiffs' bad faith delay. Defendants Con-Way and Keenan have not shown that the Estate is an incidental Defendant in this case.[1] The collision involved several vehicles, and Mauricio Ponce Gutierrez was allegedly driving one of them [Dkt. No. 3 at 1]. His Estate was named as a Defendant, and both the Original Petition and the Original Petition in Intervention allege "negligence, negligence per se and or gross negligence" on the part of all Defendants; specifically "operating their vehicle in an unsafe manner." [Dkt. No. 1, Attachments].

---

[1] The legal status of the Estate is discussed in the next section.

The Estate's Inconsistent Motions as Evidence of Bad Faith

Defendants Con-Way and Keenan maintain that "Movant's collusiveness and bad faith is corroborated by the Estate's subsequent actions. Specifically, while the estate made a half-hearted attempt to transfer venue from the State Court of Cameron County . . . it now comes forward objecting to removal." [Dkt. No.12 at 4] (internal record citations omitted). However, Defendants Con-Way and Keenan have not shown how or why the Estate's inconsistent motions are evidence of bad faith. Without more, the Court will not assume bad faith on the part of Defendant Estate, nor on the part of Plaintiffs for the delay in serving Defendants Con-Way and Keenan.

Analysis

It is clear in this circuit that the general rule is that, "in cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served . . ." Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1262-63 (5th Cir. 1988). Therefore, "[i]f the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove . . . due to the rule of unanimity among defendants which is required for removal." Brown v. Demco, 792 F.2d 478, 481-82 (5th Cir. 1986).

Unlike some other circuits, the Fifth Circuit has held firm to its position on this topic. In Demco, the Court of Appeals, while acknowledging criticism of the rule as unfair, held that a newly added defendant could not remove the case to federal court absent evidence that the Plaintiff was aware that the new defendant was a proper defendant within the thirty-day removal limit and delayed naming it as a defendant in bad-faith effort to prevent removal. Id. at 482; See 14C Wright et al., Federal Practice & Procedure § 3732 (discussing Demco). The law in this circuit is clear on this point; there must be evidence, not mere inference, presented to the Court.

Despite potential unfairness to later-joined defendants, "it is not within the power of this Court to disregard applicable Fifth Circuit precedent. Until the Fifth Circuit holds otherwise, this Court is bound to follow Getty Oil." Castro v. Federal Express, 880 F.

Supp. 497 (S.D. Tex. 1995). This Court finds itself in an identical position. Here, although Defendants Con-Way and Keenan allege a bad-faith effort by Plaintiffs, there is no evidence to that effect. Defendants have presented no evidence showing how the Estate's change of position evidences bad faith, or how Plaintiffs' failure to name all Defendants within the thirty-day period evidences a bad-faith effort to prevent removal.

Legal Status of the Estate

Defendants Con-Way and Keenan next argue that service on the Estate has no bearing on the timing of removal in this case since the Estate has no legal status, and does not exist as an entity. Defendants Con-Way and Keenan claim that the Estate of Mauricio Ponce Gutierrez, which is the Party identified in the Petition as a Defendant, was never created and does not exist [Dkt. No. 12 at 9]. The widow of Mr. Gutierrez is not named in this suit, although she does appear as the representative of the Estate.

The Estate argues that the creation of a formal estate is not necessary under Tex. Probate Code §§ 155 & 160. Those provisions state:

> Administration of Community Property: When a husband or wife dies intestate and the community property passes to the survivor, no administration thereon, community or otherwise, shall be necessary. Tex. Probate §155.
> Powers of Surviving Spouse When No Administration is Pending:
> a) when no one has qualified as executor or administrator of the estate of a deceased spouse, the surviving spouse, when the husband or wife, as the surviving partner of the marital partnership, without qualifying as community administrator as hereinafter provided, has power to sue and be sued for the recovery of community property; to sell, mortgage, lease, and otherwise dispose of community property for the purpose of paying community debts; to collect claims due to the community estate; and has such other powers as shall be necessary to preserve the community property, discharge community obligations, and wind up community affairs.
> Tex. Probate §160 (Vernon's 1998).

Plaintiffs claim that under these statutes, a formal estate need not be created, and the spouse of a deceased Defendant may appear for that decedent, since all community property passes to her under the above statutes. Defendants Con-Way and Keenan argue that this is not a suit for community property, and that therefore the widow had no authority to appear for the Estate without formally petitioning to become the Estate's representative. Therefore, argue Defendants Con-Way and Keenan, service upon the

Estate did not toll the thirty-day removal period since the Estate does not exist. The Court now examines this question.

Under the above statutes, the surviving spouse of a decedent becomes the representative of the community, and has power over community property. Community property is defined as "the property, other than separate property, acquired by either spouse during the marriage." Tex. Family 3.002 (Vernon's 1998). Property possessed by either spouse during the marriage is presumed to be community property. Tex. Family Code § 3.003(a).

Defendants Con-Way and Keenan claim that unless recovery sought is specifically limited to community property, an informal estate or its representative cannot be sued in a case such as this. In Piper v. Thompson's Estate, 546 S.W.2d 341 (Tex. Civ. App. Dallas 1976), the court allowed a case to proceed against a widow where the Plaintiff limited its recovery to an insurance policy, which the Court presumed to be community property. By way of contrast, Defendants Con-Way and Keenan cite Beall v. Cooke, 2001 WL 699915 (Tex. App. -Houston [1st Dist.]), in which a suit which was not a suit for community property against an estate could not proceed because the widow was not entitled to represent it. However, Beall is inapposite here. In that case, a widow whose husband had been killed in a car accident sued her husband's employer for negligent entrustment, and sued herself as representative of the Estate. She then attempted to get a default judgment against herself for failing to answer. The Court held that because the suit was not one for community property, she could not represent the estate without petitioning to become its representative. Beall, 2001 WL 699915 at *2. Although the relief or assets sought in Beall are not clearly identified in the opinion, it is axiomatic that the widow ultimately sought recovery against a third party, her husband's employer, and not against a member of the community. Such is not the case here.

The case before the Court is closer to Piper. The Piper Court assumed that a suit for recovery of the proceeds of an insurance policy was a suit for community property, despite the fact that "no allegation is made that this policy is community property." Piper, 546 S.W.2d 345-46. Likewise, here, no allegation has been made that

5

the "sum" sought from the Estate, i.e., money damages, is community property [See Dkt. No. 1; Complaint and Complaint in Intervention, Attachments]. Proof that an item is not community property must be made by clear and convincing evidence. Tex. Family Code § 3.003(b). Like the insurance policy in Piper, a suit for money damages is presumably a suit for community property. Therefore, a suit for money damages against the Estate is proper.

The Estate having been served in October 2001 and not having removed the case, the Court holds that removal by other Defendants was untimely and **REMANDS** this case to the 107th Judicial District Court, Cameron County, Texas. The Court defers ruling on the Motion to Transfer Venue or Dismiss to the state court.

DONE this ___16___ day of August, 2002, at Brownsville, Texas.

Hilda G. Tagle
United States District Judge